# Exhibit A

This e-copy is the official court record (GC68150)

**BLUMENTHAL NORDREHAUG BHOWMIK DE BLOUW LLP**
   Norman B. Blumenthal (State Bar #068687)
   Kyle R. Nordrehaug (State Bar #205975)
   Aparajit Bhowmik (State Bar #248066)
   Nicholas J. De Blouw (State Bar #280922)
2255 Calle Clara
La Jolla, CA 92037
Telephone: (858)551-1223
Facsimile: (858) 551-1232
Website: www.bamlawca.com

ELECTRONICALLY FILED
Merced Superior Court
2/3/2023 9:43 AM
Amanda Toste
Clerk of the Superior Court
By: Brandon Chow, Deputy

Attorneys for Plaintiff

### SUPERIOR COURT OF THE STATE OF CALIFORNIA

### IN AND FOR THE COUNTY OF MERCED

JUAN ROMERO, an individual, on behalf of himself and on behalf of all persons similarly situated,

                    Plaintiff,

vs.

SAPUTO DAIRY FOODS USA, LLC, a Limited Liability Company; and DOES 1 through 50, inclusive,

                    Defendants.

23CV-00403

Case No. _____

**CLASS ACTION COMPLAINT FOR:**

1. UNFAIR COMPETITION IN VIOLATION OF CAL. BUS. & PROF. CODE §§ 17200, *et seq.*;
2. FAILURE TO PAY MINIMUM WAGES IN VIOLATION OF CAL. LAB. CODE §§ 1194, 1197 & 1197.1;
3. FAILURE TO PAY OVERTIME WAGES IN VIOLATION OF CAL. LAB. CODE § 510;
4. FAILURE TO PROVIDE REQUIRED MEAL PERIODS IN VIOLATION OF CAL. LAB. CODE §§ 226.7 & 512 AND THE APPLICABLE IWC WAGE ORDER;
5. FAILURE TO PROVIDE REQUIRED REST PERIODS IN VIOLATION OF CAL. LAB. CODE §§ 226.7 & 512 AND THE APPLICABLE IWC WAGE ORDER;
6. FAILURE TO PROVIDE ACCURATE ITEMIZED STATEMENTS IN VIOLATION OF CAL. LAB. CODE § 226;
7. FAILURE TO REIMBURSE EMPLOYEES FOR REQUIRED EXPENSES IN VIOLATION OF CAL. LAB. CODE § 2802; and,
8. FAILURE TO PAY SICK WAGES IN VIOLATION OF CAL. LAB CODE §§201-204, 233, 246.

**DEMAND FOR A JURY TRIAL**

1

**EXHIBIT A
PAGE 12**

This e-copy is the official court record (GC68150)

Plaintiff Juan Romero ("PLAINTIFF"), an individual, on behalf of himself and all other similarly situated current and former employees alleges on information and belief, except for his own acts and knowledge which are based on personal knowledge, the following:

## THE PARTIES

1.     Defendant Saputo Dairy Foods USA, LLC ("DEFENDANT") is at all relevant times mentioned herein conducted and continues to conduct substantial business in the state of California.

2.     DEFENDANT produces, markets, and distributes a wide array of dairy products.

3.     PLAINTIFF has been employed by DEFENDANT in California since March of 2015 and has been at all times classified by DEFENDANT as a non-exempt employee, paid on an hourly basis, and entitled to the legally required meal and rest periods and payment of minimum and overtime wages due for all time worked.

4.     PLAINTIFF brings this Class Action on behalf of himself and a California class, defined as all individuals who are or previously were employed by DEFENDANT in California, including any employees staffed with DEFENDANT by a third party, and classified as non-exempt employees (the "CALIFORNIA CLASS") at any time during the period beginning four (4) years prior to the filing of this Complaint and ending on the date as determined by the Court (the "CALIFORNIA CLASS PERIOD").  The amount in controversy for the aggregate claim of CALIFORNIA CLASS Members is under five million dollars ($5,000,000.00).

5.     PLAINTIFF brings this Class Action on behalf of himself and a CALIFORNIA CLASS in order to fully compensate the CALIFORNIA CLASS for their losses incurred during the CALIFORNIA CLASS PERIOD caused by DEFENDANT's policy and practice which failed to lawfully compensate these employees. DEFENDANT's policy and practice alleged herein was an unlawful, unfair and deceptive business practice whereby DEFENDANT retained and continues to retain wages due PLAINTIFF and the other members of the CALIFORNIA CLASS. PLAINTIFF and the other members of the CALIFORNIA CLASS seek an injunction enjoining such conduct by DEFENDANT in the future, relief for the named PLAINTIFF and

CLASS ACTION COMPLAINT

This e-copy is the official court record (GC68150)

the other members of the CALIFORNIA CLASS who have been economically injured by DEFENDANT's past and current unlawful conduct, and all other appropriate legal and equitable relief.

6.       The true names and capacities, whether individual, corporate, subsidiary, partnership, associate or otherwise of DEFENDANT, DOES 1 through 50, inclusive, are presently unknown to PLAINTIFF who therefore sues this DEFENDANT by such fictitious names pursuant to Cal. Civ. Proc. Code § 474. PLAINTIFF will seek leave to amend this Complaint to allege the true names and capacities of Does 1 through 50, inclusive, when they are ascertained. PLAINTIFF is informed and believes, and based upon that information and belief alleges, that the DEFENDANT named in this Complaint, including DOES 1 through 50, inclusive, are responsible in some manner for one or more of the events and happenings that proximately caused the injuries and damages hereinafter alleged.

7.       The agents, servants and/or employees of the Defendant and each of them acting on behalf of the Defendant acted within the course and scope of his, her or its authority as the agent, servant and/or employee of the Defendant, and personally participated in the conduct alleged herein on behalf of the Defendant with respect to the conduct alleged herein. Consequently, the acts of each Defendant are legally attributable to the other Defendant and all Defendants are jointly and severally liable to PLAINTIFF and the other members of the CALIFORNIA CLASS, for the loss sustained as a proximate result of the conduct of the Defendant's agents, servants and/or employees.

## THE CONDUCT

8.       Pursuant to the Industrial Welfare Commission Wage Orders, DEFENDANT was required to pay PLAINTIFF and CALIFORNIA CLASS Members for all their time worked, meaning the time during which an employee is subject to the control of an employer, including all the time the employee is suffered or permitted to work. DEFENDANT requires PLAINTIFF and CALIFORNIA CLASS Members to work without paying them for all the time they are under DEFENDANT's control.  Among other things, DEFENDANT requires PLAINTIFF to work while clocked out during what is supposed to be PLAINTIFF's off-duty meal break.

EXHIBIT A
PAGE 14

This e-copy is the official court record (GC68150)

PLAINTIFF was from time to time interrupted by work assignments while clocked out for what should have been PLAINTIFF's off-duty meal break. Additionally, DEFENDANT, as a matter of established company policy and procedure, administers a uniform practice of rounding the actual time worked and recorded by PLAINTIFF and CALIFORNIA CLASS Members, always to the benefit of DEFENDANT, so that during the course of their employment, PLAINTIFF and CALIFORNIA CLASS Members are paid less than they would have been paid had they been paid for actual recorded time rather than "rounded" time. Additionally, DEFENDANT engages in the practice of requiring PLAINTIFF and CALIFORNIA CLASS Members to perform work off the clock in that DEFENDANT, as a condition of employment, required these employees to submit to mandatory temperature checks and symptom questionnaires for COVID-19 screening prior to clocking into DEFENDANT's timekeeping system for the workday. As a result, PLAINTIFF and other CALIFORNIA CLASS Members forfeit minimum wage, overtime wage compensation, and off-duty meal breaks by working without their time being correctly recorded and without compensation at the applicable rates. DEFENDANT's policy and practice not to pay PLAINTIFF and other CALIFORNIA CLASS Members for all time worked, is evidenced by DEFENDANT's business records.

9.     State and federal law provides that employees must be paid overtime and meal and rest break premiums at one-and-one-half times their "regular rate of pay." PLAINTIFF and other CALIFORNIA CLASS Members are compensated at an hourly rate plus incentive pay that is tied to specific elements of an employee's performance.

10.     The second component of PLAINTIFF's and other CALIFORNIA CLASS Members' compensation is DEFENDANT's non-discretionary incentive program that paid PLAINTIFF and other CALIFORNIA CLASS Members incentive wages based on their performance for DEFENDANT. The non-discretionary incentive program provided all employees paid on an hourly basis with incentive compensation when the employees met the various performance goals set by DEFENDANT. However, when calculating the regular rate of pay in order to pay overtime and meal and rest break premiums to PLAINTIFF and other CALIFORNIA CLASS Members, DEFENDANT failed to include the incentive compensation

4

CLASS ACTION COMPLAINT

This e-copy is the official court record (GC68150)

as part of the employees' "regular rate of pay" for purposes of calculating overtime pay and meal and rest break premium pay.  Management and supervisors described the incentive program to potential and new employees as part of the compensation package.  As a matter of law, the incentive compensation received by PLAINTIFF and other CALIFORNIA CLASS Members must be included in the "regular rate of pay."  The failure to do so has resulted in a underpayment of overtime compensation and meal and rest break premiums to PLAINTIFF and other CALIFORNIA CLASS Members by DEFENDANT.

11.     As a result of their rigorous work schedules, PLAINTIFF and other CALIFORNIA CLASS Members are from time to time unable to take thirty (30) minute off duty meal breaks and are not fully relieved of duty for their meal periods.  PLAINTIFF and other CALIFORNIA CLASS Members are required from time to time to perform work as ordered by DEFENDANT for more than five (5) hours during some shifts without receiving a meal break.  Further, DEFENDANT from time to time fails to provide PLAINTIFF and CALIFORNIA CLASS Members with a second off-duty meal period for some workdays in which these employees are required by DEFENDANT to work ten (10) hours of work.  DEFENDANT also engages in the practice of rounding the meal period times to avoid paying penalties to PLAINTIFF and other CALIFORNIA CLASS Members.  PLAINTIFF and other members of the CALIFORNIA CLASS therefore forfeit meal breaks without additional compensation and in accordance with DEFENDANT's corporate policy and practice.

12.     During the CALIFORNIA CLASS PERIOD, PLAINTIFF and other CALIFORNIA CLASS Members are also required from time to time to work in excess of four (4) hours without being provided ten (10) minute rest periods.  Further, these employees are denied their first rest periods of at least ten (10) minutes for some shifts worked of at least two (2) to four (4) hours from time to time, a first and second rest period of at least ten (10) minutes for some shifts worked of between six (6) and eight (8) hours from time to time, and a first, second and third rest period of at least ten (10) minutes for some shifts worked of ten (10) hours or more from time to time.  PLAINTIFF and other CALIFORNIA CLASS Members are also not provided with one hour wages in lieu thereof.  Additionally, the applicable California Wage

This e-copy is the official court record (GC68150)

1  Order requires employers to provide employees with off-duty rest periods, which the California

2  Supreme Court defined as time during which an employee is relieved from all work related

3  duties and free from employer control.  In so doing, the Court held that the requirement under

4  California law that employers authorize and permit all employees to take rest period means that

5  employers must relieve employees of all duties and relinquish control over how employees

6  spend their time which includes control over the locations where employees may take their rest

7  period.  Employers cannot impose controls that prohibit an employee from taking a brief walk -

8  five minutes out, five minutes back.  Here, DEFENDANT's policy restricts PLAINTIFF and

9  other CALIFORNIA CLASS Members from unconstrained walks and is unlawful based on

10  DEFENDANT's rule which states PLAINTIFF and other CALIFORNIA CLASS Members

11  cannot leave the work premises during their rest period.

12  13.  During the CALIFORNIA CLASS PERIOD, DEFENDANT fails to accurately

13  record and pay PLAINTIFF and other CALIFORNIA CLASS Members for the actual amount

14  of time these employees work.  Pursuant to the Industrial Welfare Commission Wage Orders,

15  DEFENDANT is required to pay PLAINTIFF and other CALIFORNIA CLASS Members for

16  all time worked, meaning the time during which an employee was subject to the control of an

17  employer, including all the time the employee was permitted or suffered to permit this work.

18  DEFENDANT requires these employees to work off the clock without paying them for all the

19  time they are under DEFENDANT's control.  As such, DEFENDANT knew or should have

20  known that PLAINTIFF and the other members of the CALIFORNIA CLASS are under

21  compensated for all time worked.  As a result, PLAINTIFF and other CALIFORNIA CLASS

22  Members forfeit time worked by working without their time being accurately recorded and

23  without compensation at the applicable minimum wage and overtime wage rates.  To the extent

24  that the time worked off the clock does not qualify for overtime premium payment,

25  DEFENDANT fails to pay minimum wages for the time worked off-the-clock in violation of

26  Cal. Lab. Code §§ 1194, 1197, and 1197.1.

27  14.  From time to time, DEFENDANT also fails to provide PLAINTIFF and the other

28  members of  the CALIFORNIA CLASS with complete and accurate wage statements which

6
CLASS ACTION COMPLAINT

This e-copy is the official court record (GC68150)

failed to show, among other things, the correct gross and net wages earned.  Cal. Lab. Code §
226 provides that every employer shall furnish each of his or her employees with an accurate
itemized wage statement in writing showing, among other things, gross wages earned and all
applicable hourly rates in effect during the pay period and the corresponding amount of time
worked at each hourly rate. PLAINTIFF and CALIFORNIA CLASS Members were paid on an
hourly basis.  As such, the wage statements should reflect all applicable hourly rates during the
pay period and the total hours worked, and the applicable pay period in which the wages were
earned pursuant to California Labor Code Section 226(a).  The wage statements DEFENDANT
provided to PLAINTIFF and other CALIFORNIA CLASS Members failed to identify such
information. More specifically, the wage statements failed to identify the accurate total hours
worked each pay period.  When the hours shown on the wage statements were added up, they
did not equal the actual total hours worked during the pay period in violation of Cal. Lab. Code
226(a)(2). Additionally, DEFENDANT violates Cal. Lab. Code 226(a)(8) by failing to list the
correct name of the legal entity that employs PLAINTIFF and other CALIFORNIA CLASS
Members.  Aside, from the violations listed above in this paragraph, DEFENDANT fails to
issue to PLAINTIFF an itemized wage statement that lists all the requirements under California
Labor Code 226 *et seq*. As a result, DEFENDANT from time to time provides PLAINTIFF and
the other members of the CALIFORNIA CLASS with wage statements which violated Cal. Lab.
Code § 226.

15.     Cal. Lab. Code § 204(d) provides, the requirements of this section shall be
deemed satisfied by the payment of wages for weekly, biweekly, or semimonthly payroll if
the wages are paid not more than seven calendar days following the close of the payroll
period.  Cal. Lab. Code § 210 provides:

> [I]n addition to, and entirely independent and apart from, any other penalty provided in
> this article, every person who fails to pay the wages of each employee as provided in
> Sections. . . .204. . .shall be subject to a civil penalty as follows: (1) For any initial
> violation, one hundred dollars ($100) for each failure to pay each employee; (2) For
> each subsequent violation, or any willful or intentional violation, two hundred dollars
> ($200) for each failure to pay each employee, plus 25 percent of the amount
> unlawfully withheld.

16.     DEFENDANT from time to time fails to pay PLAINTIFF and members of the

CLASS ACTION COMPLAINT

EXHIBIT A
PAGE 18

This e-copy is the official court record (GC68150)

1   CALIFORNIA LABOR SUB-CLASS Members within seven (7) days of the close of the

2   payroll period in accordance with Cal. Lab. Code § 204(d), including but not limited to the

3   "Other" regular wage payment.

4       17.     DEFENDANT underpays sick pay wages to PLAINTIFF and other

5   CALIFORNIA CLASS Members by failing to pay such wages at the regular rate of pay  in

6   violation of Cal. Lab. Code Section 246.  Specifically, PLAINTIFF and other non-exempt

7   employees earn non-discretionary remuneration, including but not limited to, incentives,

8   shift differential pay, and bonuses.  Rather than pay sick pay at the regular rate of pay,

9   DEFENDANT underpays sick pay to PLAINTIFF and other CALIFORNIA CLASS

10  Members at their base rates of pay.

11      18.     Cal. Lab. Code Section 246(l)(2) requires that paid sick time for nonexempt

12  employees be calculated by dividing the employee's total wages, not including overtime

13  premium pay, by the employee's total hours worked in the full pay periods of the prior 90

14  days of employment.

15      19.     DEFENDANT violated Cal. Lab. Code Section 246 by failing to pay sick pay

16  at the regular rate of pay. PLAINTIFF and CALIFORNIA CLASS Members routinely

17  earned non-discretionary incentive wages which increased their regular rate of pay.

18  However, when sick pay was paid, it was paid at the base rate of pay for PLAINTIFF and

19  members of the CALIFORNIA CLASS, as opposed to the correct, higher regular rate of pay,

20  as required under Cal. Lab. Code Section 246.

21      20.     As a pattern and practice, DEFENDANT regularly failed to pay PLAINTIFF

22  and other members of the CALIFORNIA CLASS their correct wages and accordingly owe

23  waiting time penalties pursuant to Cal. Lab. Code Section 203. Further, PLAINTIFF is

24  informed and believes and based thereon alleges that such failure to pay sick pay at regular

25  rate was willful, such that PLAINTIFF and members of the CALIFORNIA CLASS whose

26  employment has separated are entitled to waiting time penalties pursuant to Cal. Lab. Code

27  Sections 201-203.

28      21.     Pursuant to Cal. Lab. Code Section 221, "It shall be unlawful for any employer

8

CLASS ACTION COMPLAINT

This e-copy is the official court record (GC68150)

to collect or receive from an employee any part of wages theretofore paid by said employer to said employee." DEFENDANT fails to pay all compensation due to PLAINTIFF and other CALIFORNIA LABOR SUB-CLASS Members, makes unlawful deductions from compensation payable to PLAINTIFF and CALIFORNIA LABOR SUB-CLASS Members, fails to disclose all aspects of the deductions from compensation payable to PLAINTIFF and CALIFORNIA LABOR SUB-CLASS Members, and thereby fails to pay these employees all wages due at each applicable pay period and upon termination. PLAINTIFF and members of the CALIFORNIA LABOR SUB-CLASS seek recovery of all illegal deductions from wages according to proof, related penalties, interest, attorney fees and costs.

22.     DEFENDANT intentionally and knowingly fails to reimburse and indemnify PLAINTIFF and the other CALIFORNIA CLASS Members for required business expenses incurred by the PLAINTIFF and other CALIFORNIA CLASS Members in direct consequence of discharging their duties on behalf of DEFENDANT. Under California Labor Code Section 2802, employers are required to indemnify employees for all expenses incurred in the course and scope of their employment. Cal. Lab. Code § 2802 expressly states that "an employer shall indemnify his or her employee for all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of his or her duties, or of his or her obedience to the directions of the employer, even though unlawful, unless the employee, at the time of obeying the directions, believed them to be unlawful."

23.     In the course of their employment PLAINTIFF and other CALIFORNIA CLASS Members as a business expense, are required by DEFENDANT to use their own personal cellular phones as a result of and in furtherance of their job duties as employees for DEFENDANT but are not reimbursed or indemnified by DEFENDANT for the cost associated with the use of their personal cellular phones for DEFENDANT's benefit. Specifically, PLAINTIFF and other CALIFORNIA CLASS Members are required by DEFENDANT to use their personal cellular phones. As a result, in the course of their employment with DEFENDANT, PLAINTIFF and other members of the CALIFORNIA CLASS incurred unreimbursed business expenses which included, but were not limited to,

EXHIBIT A
PAGE 20

This e-copy is the official court record (GC68150)

costs related to the use of their personal cellular phones all on behalf of and for the benefit of DEFENDANT.

24.     Specifically as to PLAINTIFF, DEFENDANT fails to provide all the legally required off-duty meal and rest breaks to PLAINTIFF as required by the applicable Wage Order and Labor Code and failed to pay PLAINTIFF all minimum and overtime wages due to PLAINTIFF.  DEFENDANT does not have a policy or practice which provided timely off-duty meal and rest breaks to PLAINTIFF and also fails to compensate PLAINTIFF for PLAINTIFF's missed meal and rest breaks. The nature of the work performed by the PLAINTIFF does not prevent PLAINTIFF from being relieved of all of his duties for the legally required off-duty meal periods.  As a result, DEFENDANT's failure to provide PLAINTIFF with the legally required meal periods is evidenced by DEFENDANT's business records. The amount in controversy for PLAINTIFF individually does not exceed the sum or value of $75,000.

**JURISDICTION AND VENUE**

25.     This Court has jurisdiction over this Action pursuant to California Code of Civil Procedure, Section 410.10 and California Business & Professions Code, Section 17203.  This action is brought as a Class Action on behalf of PLAINTIFF and similarly situated employees of DEFENDANT pursuant to Cal. Code of Civ. Proc. § 382.

26.     Venue is proper in this Court pursuant to California Code of Civil Procedure, Sections 395 and 395.5, because PLAINTIFF worked in this County for DEFENDANT and DEFENDANT (i) currently maintains and at all relevant times maintained offices and facilities in this County and/or conducts substantial business in this County, and (ii) committed the wrongful conduct herein alleged in this County against members of the CALIFORNIA CLASS.

**THE CALIFORNIA CLASS**

27.     PLAINTIFF brings the First Cause of Action for Unfair, Unlawful and

This e-copy is the official court record (GC68150)

Deceptive Business Practices pursuant to Cal. Bus. & Prof. Code §§ 17200, *et seq*. (the "UCL") as a Class Action, pursuant to Cal. Code of Civ. Proc. § 382, on behalf of a California class, defined as all individuals who are or previously were employed by DEFENDANT in California, including any employees staffed with DEFENDANT by a third party, and classified as non-exempt employees (the "CALIFORNIA CLASS") at any time during the period beginning four (4) years prior to the filing of this Complaint and ending on the date as determined by the Court (the "CALIFORNIA CLASS PERIOD"). The amount in controversy for the aggregate claim of CALIFORNIA CLASS Members is under five million dollars ($5,000,000.00).

28. To the extent equitable tolling operates to toll claims by the CALIFORNIA CLASS against DEFENDANT, the CALIFORNIA CLASS PERIOD should be adjusted accordingly.

29. DEFENDANT, as a matter of company policy, practice and procedure, and in violation of the applicable Labor Code, Industrial Welfare Commission ("IWC") Wage Order requirements, and the applicable provisions of California law, intentionally, knowingly, and wilfully, engaged in a practice whereby DEFENDANT failed to record all meal and rest breaks missed by PLAINTIFF and other CALIFORNIA CLASS Members, even though DEFENDANT enjoyed the benefit of this work, required employees to perform this work and permits or suffers to permit this work.

30. DEFENDANT has the legal burden to establish that each and every CALIFORNIA CLASS Member was paid accurately for all meal and rest breaks missed as required by California laws. The DEFENDANT, however, as a matter of policy and procedure failed to have in place during the CALIFORNIA CLASS PERIOD and still fails to have in place a policy or practice to ensure that each and every CALIFORNIA CLASS Member is paid as required by law. This common business practice is applicable to each and every CALIFORNIA CLASS Member can be adjudicated on a class-wide basis as unlawful, unfair, and/or deceptive under Cal. Business & Professions Code §§ 17200, *et seq*. (the "UCL") as causation, damages, and reliance are not elements of this claim.

11

CLASS ACTION COMPLAINT

This e-copy is the official court record (GC68150)

31.     The CALIFORNIA CLASS, is so numerous that joinder of all CALIFORNIA CLASS Members is impracticable.

32.     DEFENDANT violated the rights of the CALIFORNIA CLASS under California law by:

    (a)     Committing an act of unfair competition in violation of , Cal. Bus. & Prof. Code §§ 17200, *et seq*. (the "UCL"), by unlawfully, unfairly and/or deceptively having in place company policies, practices and procedures that failed to record and pay PLAINTIFF and the other members of the CALIFORNIA CLASS for all time worked, including minimum wages owed and overtime wages owed for work performed by these employees; and,

    (b)     Committing an act of unfair competition in violation of the UCL, by failing to provide the PLAINTIFF and the other members of the CALIFORNIA CLASS with the legally required meal and rest periods.

33.     This Class Action meets the statutory prerequisites for the maintenance of a Class  Action as set forth in Cal. Code of Civ. Proc. § 382, in that:

    (a)     The persons who comprise the CALIFORNIA CLASS are so numerous that the joinder of all such persons is impracticable and the disposition of their claims as a class will benefit the parties and the Court;

    (b)     Nearly all factual, legal, statutory, declaratory and injunctive relief issues that are raised in this Complaint are common to the CALIFORNIA CLASS will apply to every member of the CALIFORNIA CLASS;

    (c)     The claims of the representative PLAINTIFF are typical of the claims of each member of the CALIFORNIA CLASS.  PLAINTIFF, like all the other members of the CALIFORNIA CLASS, was classified as a non-exempt employee paid on an hourly basis who was subjected to the DEFENDANT's deceptive practice and policy which failed to provide

12
CLASS ACTION COMPLAINT

This e-copy is the official court record (GC68150)

the legally required meal and rest periods to the CALIFORNIA CLASS and thereby underpaid compensation to PLAINTIFF and CALIFORNIA CLASS.  PLAINTIFF sustained economic injury as a result of DEFENDANT's employment practices.  PLAINTIFF and the members of the CALIFORNIA CLASS were and are similarly or identically harmed by the same unlawful, deceptive and unfair misconduct engaged in by DEFENDANT; and,

(d)     The representative PLAINTIFF will fairly and adequately represent and protect the interest of the CALIFORNIA CLASS, and has retained counsel who are competent and experienced in Class Action litigation. There are no material conflicts between the claims of the representative PLAINTIFF and the members of the CALIFORNIA CLASS that would make class certification inappropriate.  Counsel for the CALIFORNIA CLASS will vigorously assert the claims of all CALIFORNIA CLASS Members.

34.     In addition to meeting the statutory prerequisites to a Class Action, this action is properly maintained as a Class Action pursuant to Cal. Code of Civ. Proc. § 382, in that:

(a)     Without class certification and determination of declaratory, injunctive, statutory and other legal questions within the class format, prosecution of separate actions by individual members of the CALIFORNIA CLASS will create the risk of:

1)     Inconsistent or varying adjudications with respect to individual members of the CALIFORNIA CLASS which would establish incompatible standards of conduct for the parties opposing the CALIFORNIA CLASS; and/or,

2)     Adjudication with respect to individual members of the CALIFORNIA CLASS which would as a practical matter be dispositive of interests of the other members not party to the

13

CLASS ACTION COMPLAINT

EXHIBIT A
PAGE 24

This e-copy is the official court record (GC68150)

adjudication or substantially impair or impede their ability to protect their interests.

(b)     The parties opposing the CALIFORNIA CLASS have acted or refused to act on grounds generally applicable to the CALIFORNIA CLASS, making appropriate class-wide relief with respect to the CALIFORNIA CLASS as a whole in that DEFENDANT failed to pay all wages due to members of the CALIFORNIA CLASS as required by law;

1)     With respect to the First Cause of Action, the final relief on behalf of the CALIFORNIA CLASS sought does not relate exclusively to restitution because through this claim PLAINTIFF seeks declaratory relief holding that the DEFENDANT's policy and practices constitute unfair competition, along with declaratory relief, injunctive relief, and incidental equitable relief as may be necessary to prevent and remedy the conduct declared to constitute unfair competition;

(c)     Common questions of law and fact exist as to the members of the CALIFORNIA CLASS, with respect to the practices and violations of California law as listed above, and predominate over any question affecting only individual CALIFORNIA CLASS Members, and a Class Action is superior to other available methods for the fair and efficient adjudication of the controversy, including consideration of:

1)     The interests of the members of the CALIFORNIA CLASS in individually controlling the prosecution or defense of separate actions in that the substantial expense of individual actions will be avoided to recover the relatively small amount of economic losses sustained by the individual CALIFORNIA CLASS Members when compared to the substantial expense and burden of individual prosecution of this litigation;

14

CLASS ACTION COMPLAINT

This e-copy is the official court record (GC68150)

2)      Class certification will obviate the need for unduly duplicative litigation that would create the risk of:

A.      Inconsistent or varying adjudications with respect to individual members of the CALIFORNIA CLASS, which would establish incompatible standards of conduct for the DEFENDANT; and/or,

B.      Adjudications with respect to individual members of the CALIFORNIA CLASS would as a practical matter be dispositive of the interests of the other members not parties to the adjudication or substantially impair or impede their ability to protect their interests;

3)      In the context of wage litigation because a substantial number of individual CALIFORNIA CLASS Members will avoid asserting their legal rights out of fear of retaliation by DEFENDANT, which may adversely affect an individual's job with DEFENDANT or with a subsequent employer, the Class Action is the only means to assert their claims through a representative; and,

4)      A class action is superior to other available methods for the fair and efficient adjudication of this litigation because class treatment will obviate the need for unduly and unnecessary duplicative litigation that is likely to result in the absence of certification of this action pursuant to Cal. Code of Civ. Proc. § 382.

35.     This Court should permit this action to be maintained as a Class Action pursuant to Cal. Code of Civ. Proc. § 382 because:

(a)      The questions of law and fact common to the CALIFORNIA CLASS predominate over any question affecting only individual CALIFORNIA

15

CLASS ACTION COMPLAINT

EXHIBIT A
PAGE 26

This e-copy is the official court record (GC68150)

CLASS Members because the DEFENDANT's employment practices are applied with respect to the CALIFORNIA CLASS;

(b)    A Class Action is superior to any other available method for the fair and efficient adjudication of the claims of the members of the CALIFORNIA CLASS because in the context of employment litigation a substantial number of individual CALIFORNIA CLASS Members will avoid asserting their rights individually out of fear of retaliation or adverse impact on their employment;

(c)    The members of the CALIFORNIA CLASS are so numerous that it is impractical to bring all members of the CALIFORNIA CLASS before the Court;

(d)    PLAINTIFF, and the other CALIFORNIA CLASS Members, will not be able to obtain effective and economic legal redress unless the action is maintained as a Class Action;

(e)    There is a community of interest in obtaining appropriate legal and equitable relief for the acts of unfair competition, statutory violations and other improprieties, and in obtaining adequate compensation for the damages and injuries which DEFENDANT's actions have inflicted upon the CALIFORNIA CLASS;

(f)    There is a community of interest in ensuring that the combined assets of DEFENDANT are sufficient to adequately compensate the members of the CALIFORNIA CLASS for the injuries sustained;

(g)    DEFENDANT has acted or refused to act on grounds generally applicable to the CALIFORNIA CLASS, thereby making final class-wide relief appropriate with respect to the CALIFORNIA CLASS as a whole;

(h)    The members of the CALIFORNIA CLASS are readily ascertainable from the business records of DEFENDANT; and,

16

CLASS ACTION COMPLAINT

This e-copy is the official court record (GC68150)

(i)     Class treatment provides manageable judicial treatment calculated to bring a efficient and rapid conclusion to all litigation of all wage and hour related claims arising out of the conduct of DEFENDANT as to the members of the CALIFORNIA CLASS.

36.     DEFENDANT maintains records from which the Court can ascertain and identify by job title each of DEFENDANT's employees who have been intentionally subjected to DEFENDANT's company policy, practices and procedures as herein alleged. PLAINTIFF will seek leave to amend the Complaint to include any additional job titles of similarly situated employees when they have been identified.

## THE CALIFORNIA LABOR SUB-CLASS

37.     PLAINTIFF further brings the Second, Third, Fourth, Fifth, Sixth, Seventh and Eighth causes Action on behalf of a California sub-class, defined as all members of the CALIFORNIA CLASS who are or previously were employed by DEFENDANT in California, including any employees staffed with DEFENDANT by a third party, and classified as non exempt employees (the "CALIFORNIA LABOR SUB-CLASS") at any time during the period three (3) years prior to the filing of the complaint and ending on the date as determined by the Court  (the "CALIFORNIA LABOR SUB-CLASS PERIOD") pursuant to Cal. Code of Civ. Proc. § 382.  The amount in controversy for the aggregate claim of CALIFORNIA LABOR SUB-CLASS Members is under five million dollars ($5,000,000.00).

38.     DEFENDANT, in violation of the applicable Labor Code, Industrial Welfare Commission ("IWC") Wage Order requirements, and the applicable provisions of California law, intentionally, knowingly, and wilfully, engaged in a practice whereby DEFENDANT failed to correctly calculate compensation for the time worked by PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS and reporting time wages owed to these employees, even though DEFENDANT enjoyed the benefit of this work, required employees to perform this work and permitted or suffered to permit this work. DEFENDANT has denied these CALIFORNIA LABOR SUB-CLASS Members wages to

17

This e-copy is the official court record (GC68150)

which these employees are entitled in order to unfairly cheat the competition and unlawfully profit.  To the extent equitable tolling operates to toll claims by the CALIFORNIA LABOR SUB-CLASS against DEFENDANT, the CALIFORNIA LABOR SUB-CLASS PERIOD should be adjusted accordingly.

39.    DEFENDANT maintains records from which the Court can ascertain and identify by name and job title, each of DEFENDANT's employees who have been intentionally subjected to DEFENDANT's company policy, practices and procedures as herein alleged.  PLAINTIFF will seek leave to amend the complaint to include any additional job titles of similarly situated employees when they have been identified.

40.    The CALIFORNIA LABOR SUB-CLASS is so numerous that joinder of all CALIFORNIA LABOR SUB-CLASS Members is impracticable.

41.    Common questions of law and fact exist as to members of the CALIFORNIA LABOR SUB-CLASS, including, but not limited, to the following:

(a)    Whether DEFENDANT unlawfully failed to correctly calculate and pay compensation due to members of the CALIFORNIA LABOR SUB-CLASS for missed meal and rest breaks in violation of the California Labor Code and California regulations and the applicable California Wage Order;

(b)    Whether DEFENDANT failed to provide the PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS with accurate itemized wage statements;

(c)    Whether DEFENDANT has engaged in unfair competition by the above-listed conduct;

(d)    The proper measure of damages and penalties owed to the members of the CALIFORNIA LABOR SUB-CLASS; and,

(e)    Whether DEFENDANT's conduct was willful.

42.    DEFENDANT violated the rights of the CALIFORNIA LABOR SUB-CLASS under California law by:

18

CLASS ACTION COMPLAINT

This e-copy is the official court record (GC68150)

(a)    Violating Cal. Lab. Code § 510, by failing to correctly pay the PLAINTIFF and the members of the CALIFORNIA LABOR SUB-CLASS all wages due for overtime worked, for which DEFENDANT is liable pursuant to Cal. Lab. Code § 1194;

(b)    Violating Cal. Lab. Code §§ 1194, 1197 & 1197.1 *et seq.*, by failing to accurately pay PLAINTIFF and the members of the CALIFORNIA LABOR SUB-CLASS the correct minimum wage pay for which DEFENDANT is liable pursuant to Cal. Lab. Code §§ 1194 and 1197;

(c)    Violating Cal. Lab. Code § 226, by failing to provide PLAINTIFF and the members of the CALIFORNIA LABOR SUB-CLASS with an accurate itemized statement in writing showing the corresponding correct amount of wages earned by the employee;

(d)    Violating Cal. Lab. Code §§ 226.7 and 512, by failing to provide PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS with all legally required off-duty, uninterrupted thirty (30) minute meal breaks and the legally required off-duty rest breaks;

(e)    Violating Cal. Lab. Code §§ 201, 202 and/or 203, which provides that when an employee is discharged or quits from employment, the employer must pay the employee all wages due without abatement, by failing to tender full payment and/or restitution of wages owed or in the manner required by California law to the members of the CALIFORNIA LABOR SUB-CLASS who have terminated their employment; and,

(f)    Violating Cal. Lab. Code § 2802 by failing to reimburse PLAINTIFF and the CALIFORNIA LABOR SUB-CLASS members with necessary expenses incurred in the discharge of their job duties.

43.    This Class Action meets the statutory prerequisites for the maintenance of a Class Action as set forth in Cal. Code of Civ. Proc. § 382, in that:

This e-copy is the official court record (GC68150)

(a)    The persons who comprise the CALIFORNIA LABOR SUB-CLASS are so numerous that the joinder of all CALIFORNIA LABOR SUB-CLASS Members is impracticable and the disposition of their claims as a class will benefit the parties and the Court;

(b)    Nearly all factual, legal, statutory, declaratory and injunctive relief issues that are raised in this Complaint are common to the CALIFORNIA LABOR SUB-CLASS and will apply to every member of the CALIFORNIA LABOR SUB-CLASS;

(c)    The claims of the representative PLAINTIFF are typical of the claims of each member of the CALIFORNIA LABOR SUB-CLASS. PLAINTIFF, like all the other members of the CALIFORNIA LABOR SUB-CLASS, was a non-exempt employee paid on an hourly basis who was subjected to the DEFENDANT's practice and policy which failed to pay the correct amount of wages due to the CALIFORNIA LABOR SUB-CLASS.  PLAINTIFF sustained economic injury as a result of DEFENDANT's employment practices.  PLAINTIFF and the members of the CALIFORNIA LABOR SUB-CLASS were and are similarly or identically harmed by the same unlawful, deceptive, and unfair misconduct engaged in by DEFENDANT; and,

(d)    The representative PLAINTIFF will fairly and adequately represent and protect the interest of the CALIFORNIA LABOR SUB-CLASS, and has retained counsel who are competent and experienced in Class Action litigation.  There are no material conflicts between the claims of the representative PLAINTIFF and the members of the CALIFORNIA LABOR SUB-CLASS that would make class certification inappropriate.  Counsel for the CALIFORNIA LABOR SUB-CLASS will vigorously assert the claims of all CALIFORNIA LABOR SUB-CLASS Members.

20

CLASS ACTION COMPLAINT

This e-copy is the official court record (GC68150)

44.     In addition to meeting the statutory prerequisites to a Class Action, this action is properly maintained as a Class Action pursuant to Cal. Code of Civ. Proc. § 382, in that:

(a)     Without class certification and determination of declaratory, injunctive, statutory and other legal questions within the class format, prosecution of separate actions by individual members of the CALIFORNIA LABOR SUB-CLASS will create the risk of:

1)     Inconsistent or varying adjudications with respect to individual members of the CALIFORNIA LABOR SUB-CLASS which would establish incompatible standards of conduct for the parties opposing the CALIFORNIA LABOR SUB-CLASS; or,

2)     Adjudication with respect to individual members of the CALIFORNIA LABOR SUB-CLASS which would as a practical matter be dispositive of interests of the other members not party to the adjudication or substantially impair or impede their ability to protect their interests.

(b)     The parties opposing the CALIFORNIA LABOR SUB-CLASS have acted or refused to act on grounds generally applicable to the CALIFORNIA LABOR SUB-CLASS, making appropriate class-wide relief with respect to the CALIFORNIA LABOR SUB-CLASS as a whole in that DEFENDANT fails to pay all wages due. Including the correct wages for all time worked by the members of the CALIFORNIA LABOR SUB-CLASS as required by law;

(c)     Common questions of law and fact predominate as to the members of the CALIFORNIA LABOR SUB-CLASS, with respect to the practices and violations of California Law as listed above, and predominate over any question affecting only individual CALIFORNIA LABOR SUB-CLASS Members, and a Class Action is superior to other available methods for the fair and efficient adjudication of the controversy,

21

This e-copy is the official court record (GC68150)

including consideration of:

1)     The interests of the members of the CALIFORNIA LABOR
       SUB-CLASS in individually controlling the prosecution or
       defense of separate actions in that the substantial expense of
       individual actions will be avoided to recover the relatively small
       amount of economic losses sustained by the individual
       CALIFORNIA LABOR SUB-CLASS Members when compared
       to the substantial expense and burden of individual prosecution
       of this litigation;

2)     Class certification will obviate the need for unduly duplicative
       litigation that would create the risk of:

       A.     Inconsistent or varying adjudications with respect to
              individual members of the CALIFORNIA LABOR SUB-
              CLASS, which would establish incompatible standards of
              conduct for the DEFENDANT; and/or,

       B.     Adjudications with respect to individual members of the
              CALIFORNIA LABOR SUB-CLASS would as a
              practical matter be dispositive of the interests of the other
              members not parties to the adjudication or substantially
              impair or impede their ability to protect their interests;

3)     In the context of wage litigation because a substantial number of
       individual CALIFORNIA LABOR SUB-CLASS Members will
       avoid asserting their legal rights out of fear of retaliation by
       DEFENDANT, which may adversely affect an individual's job
       with DEFENDANT or with a subsequent employer, the Class
       Action is the only means to assert their claims through a
       representative; and,

4)     A class action is superior to other available methods for the fair

22

CLASS ACTION COMPLAINT

This e-copy is the official court record (GC68150)

and efficient adjudication of this litigation because class treatment will obviate the need for unduly and unnecessary duplicative litigation that is likely to result in the absence of certification of this action pursuant to Cal. Code of Civ. Proc. § 382.

45.     This Court should permit this action to be maintained as a Class Action pursuant to Cal. Code of Civ. Proc. § 382 because:

(a)     The questions of law and fact common to the CALIFORNIA LABOR SUB-CLASS predominate over any question affecting only individual CALIFORNIA LABOR SUB-CLASS Members;

(b)     A Class Action is superior to any other available method for the fair and efficient adjudication of the claims of the members of the CALIFORNIA LABOR SUB-CLASS because in the context of employment litigation a substantial number of individual CALIFORNIA LABOR SUB-CLASS Members will avoid asserting their rights individually out of fear of retaliation or adverse impact on their employment;

(c)     The members of the CALIFORNIA LABOR SUB-CLASS are so numerous that it is impractical to bring all members of the CALIFORNIA LABOR SUB-CLASS before the Court;

(d)     PLAINTIFF, and the other CALIFORNIA LABOR SUB-CLASS Members, will not be able to obtain effective and economic legal redress unless the action is maintained as a Class Action;

(e)     There is a community of interest in obtaining appropriate legal and equitable relief for the acts of unfair competition, statutory violations and other improprieties, and in obtaining adequate compensation for the damages and injuries which DEFENDANT's actions have inflicted upon the CALIFORNIA LABOR SUB-CLASS;

23

CLASS ACTION COMPLAINT

This e-copy is the official court record (GC68150)

1    (f)    There is a community of interest in ensuring that the combined assets of

2            DEFENDANT are sufficient to adequately compensate the members of

3            the CALIFORNIA LABOR SUB-CLASS for the injuries sustained;

4    (g)    DEFENDANT has acted or refused to act on grounds generally

5            applicable to the CALIFORNIA LABOR SUB-CLASS, thereby

6            making final class-wide relief appropriate with respect to the

7            CALIFORNIA LABOR SUB-CLASS as a whole;

8    (h)    The members of the CALIFORNIA LABOR SUB-CLASS are readily

9            ascertainable from the business records of DEFENDANT.  The

10           CALIFORNIA LABOR SUB-CLASS consists of all CALIFORNIA

11           CLASS Members who worked for DEFENDANT in California at any

12           time during the CALIFORNIA LABOR SUB-CLASS PERIOD; and,

13   (i)    Class treatment provides manageable judicial treatment calculated to

14           bring a efficient and rapid conclusion to all litigation of all wage and

15           hour related claims arising out of the conduct of DEFENDANT as to

16           the members of the CALIFORNIA LABOR SUB-CLASS.

17

18                          **FIRST CAUSE OF ACTION**

19                          **For Unlawful Business Practices**

20                   **[Cal. Bus. And Prof. Code §§  17200, *et seq.*]**

21    **(By PLAINTIFF and the CALIFORNIA CLASS and Against All Defendants)**

22          46.    PLAINTIFF, and the other members of the CALIFORNIA CLASS, reallege

23   and

24   incorporate by this reference, as though fully set forth herein, the prior paragraphs of this

25   Complaint.

26          47.    DEFENDANT is a "person" as that term is defined under Cal. Bus. and Prof.

27   Code § 17021.

28          48.    California Business & Professions Code §§ 17200, *et seq.* (the "UCL")

                                        24
                          CLASS ACTION COMPLAINT

This e-copy is the official court record (GC68150)

defines

unfair competition as any unlawful, unfair, or fraudulent business act or practice.  Section

17203 authorizes injunctive, declaratory, and/or other equitable relief with respect to unfair

competition as follows:

> Any person who engages, has engaged, or proposes to engage in unfair
> competition may be enjoined in any court of competent jurisdiction. The court
> may make such orders or judgments, including the appointment of a receiver,
> as may be necessary to prevent the use or employment by any person of any
> practice which constitutes unfair competition, as defined in this chapter, or as
> may be necessary to restore to any person in interest any money or property,
> real or personal, which may have been acquired by means of such unfair
> competition.

Cal. Bus. & Prof. Code § 17203.

49.     By the conduct alleged herein, DEFENDANT has engaged and continues to

engage in a business practice which violates California law, including but not limited to, the

applicable Industrial Wage Order(s), the California Code of Regulations and the California

Labor Code including Sections 204, 210, 221, 226.7, 246, 510, 512, 1194, 1197, 1197.1,

1198, 2802 and the Fair Labor Standards Act and federal regulations promulgated

thereunder, for which this Court should issue declaratory and other equitable relief pursuant

to Cal. Bus. & Prof. Code § 17203 as may be necessary to prevent and remedy the conduct

held to constitute unfair competition, including restitution of wages wrongfully withheld.

50.     By the conduct alleged herein, DEFENDANT's practices were unlawful and

unfair in that these practices violate public policy, were immoral, unethical, oppressive,

unscrupulous or substantially injurious to employees, and were without valid justification or

utility for which this Court should issue equitable and injunctive relief pursuant to Section

17203 of the California Business & Professions Code, including restitution of wages

wrongfully withheld.

51.     By the conduct alleged herein, DEFENDANT's practices were deceptive and

fraudulent in that DEFENDANT's policy and practice failed to provide the legally mandated

meal and rest periods, the required amount of compensation for missed meal and rest

periods and overtime and minimum wages owed, failed to timely pay wages, and failed to

25

This e-copy is the official court record (GC68150)

1  reimburse all necessary business expenses incurred, and failed to provide Fair Labor

2  Standards Act overtime wages due for overtime worked as a result of failing to include non-

3  discretionary incentive compensation into their regular rates of pay for purposes of

4  computing the proper overtime pay due to a business practice that cannot be justified,

5  pursuant to the applicable Cal. Lab. Code, and Industrial Welfare Commission requirements

6  in violation of Cal. Bus. Code §§ 17200, *et seq.*, and for which this Court should issue

7  injunctive and equitable relief, pursuant to Cal. Bus. & Prof. Code § 17203, including

8  restitution of wages wrongfully withheld.

9      52.    By the conduct alleged herein, DEFENDANT's practices were also unlawful,

10  unfair and deceptive in that DEFENDANT's employment practices caused PLAINTIFF and

11  the other members of the CALIFORNIA CLASS to be underpaid during their employment

12  with DEFENDANT.

13      53.    By the conduct alleged herein, DEFENDANT's practices were also unlawful,

14  unfair and deceptive in that DEFENDANT's policies, practices and procedures failed to

15  provide all legally required meal breaks to PLAINTIFF and the other members of the

16  CALIFORNIA CLASS as required by Cal. Lab. Code §§ 226.7 and 512.

17      54.    Therefore, PLAINTIFF demands on behalf of himself and on behalf of each

18  CALIFORNIA CLASS Member, one (1) hour of pay for each workday in which an off-duty

19  meal period was not timely provided for each five (5) hours of work, and/or one (1) hour of

20  pay for each workday in which a second off-duty meal period was not timely provided for

21  each ten (10) hours of work.

22      55.    PLAINTIFF further demands on behalf of himself and each member of the

23  CALIFORNIA LABOR SUB-CLASS, one (1) hour of pay for each workday in which an off

24  duty paid rest period was not timely provided as required by law.

25      56.    By and through the unlawful and unfair business practices described herein,

26  DEFENDANT has obtained valuable property, money and services from PLAINTIFF and

27  the other members of the CALIFORNIA CLASS, including earned wages for all time

28  worked, and has deprived them of valuable rights and benefits guaranteed by law and

CLASS ACTION COMPLAINT

This e-copy is the official court record (GC68150)

1  contract, all to the detriment of these employees and to the benefit of DEFENDANT so as to

2  allow DEFENDANT to unfairly compete against competitors who comply with the law.

3      57.    All the acts described herein as violations of, among other things, the

4  Industrial Welfare Commission Wage Orders, the California Code of Regulations, and the

5  California Labor Code, were unlawful and in violation of public policy, were immoral,

6  unethical, oppressive and unscrupulous, were deceptive, and thereby constitute unlawful,

7  unfair and deceptive business practices in violation of Cal. Bus. & Prof. Code §§ 17200, *et*

8  *seq*.

9      58.    PLAINTIFF and the other members of the CALIFORNIA CLASS are entitled

10  to, and do, seek such relief as may be necessary to restore to them the money and property

11  which DEFENDANT has acquired, or of which PLAINTIFF and the other members of the

12  CALIFORNIA CLASS have been deprived, by means of the above described unlawful and

13  unfair business practices, including earned but unpaid wages for all time worked.

14      59.    PLAINTIFF and the other members of the CALIFORNIA CLASS are further

15  entitled to, and do, seek a declaration that the described business practices are unlawful,

16  unfair and deceptive, and that injunctive relief should be issued restraining DEFENDANT

17  from engaging in any unlawful and unfair business practices in the future.

18      60.    PLAINTIFF and the other members of the CALIFORNIA CLASS have no

19  plain, speedy and/or adequate remedy at law that will end the unlawful and unfair business

20  practices of DEFENDANT.  Further, the practices herein alleged presently continue to occur

21  unabated.  As a result of the unlawful and unfair business practices described herein,

22  PLAINTIFF and the other members of the CALIFORNIA CLASS have suffered and will

23  continue to suffer irreparable legal and economic harm unless DEFENDANT is restrained

24  from continuing to engage in these unlawful and unfair business practices.

25  ///

26  ///

27  ///

28  ///

EXHIBIT A
PAGE 38

This e-copy is the official court record (GC68150)

**SECOND CAUSE OF ACTION**

**For Failure To Pay Minimum Wages**

**[Cal. Lab. Code §§ 1194, 1197 and 1197.1]**

**(By PLAINTIFF and the CALIFORNIA LABOR SUB-CLASS**

**and Against All Defendants)**

61.     PLAINTIFF, and the other members of the CALIFORNIA LABOR SUB-CLASS, reallege and incorporate by this reference, as though fully set forth herein, the prior paragraphs of this Complaint.

62.     PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS bring a claim for DEFENDANT's willful and intentional violations of the California Labor Code and the Industrial Welfare Commission requirements for DEFENDANT's failure to accurately calculate and pay minimum wages to PLAINTIFF and CALIFORNIA CLASS Members.

63.     Pursuant to Cal. Lab. Code § 204, other applicable laws and regulations, and public policy, an employer must timely pay its employees for all hours worked.

64.     Cal. Lab. Code  § 1197 provides the minimum wage for employees fixed by the commission is the minimum wage to be paid to employees, and the payment of a less wage than the minimum so fixed in unlawful.

65.     Cal. Lab. Code § 1194 establishes an employee's right to recover unpaid wages, including minimum wage compensation and interest thereon, together with the costs of suit.

66.     DEFENDANT maintained a wage practice of paying PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS without regard to the correct amount of time they work.  As set forth herein, DEFENDANT's policy and practice was to unlawfully and intentionally deny timely payment of wages due to PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS.

67.     DEFENDANT's unlawful wage and hour practices manifested, without limitation, applicable to the CALIFORNIA LABOR SUB-CLASS as a whole, as a result of

28

This e-copy is the official court record (GC68150)

1    implementing a policy and practice that denies accurate compensation to PLAINTIFF and

2    the other members of the CALIFORNIA LABOR SUB-CLASS in regards to minimum

3    wage pay.

4         68.    In committing these violations of the California Labor Code, DEFENDANT

5    inaccurately calculated the correct time worked and consequently underpaid the actual time

6    worked by PLAINTIFF and other members of the CALIFORNIA  LABOR SUB-CLASS.

7    DEFENDANT acted in an illegal attempt to avoid the payment of all earned wages, and

8    other benefits in violation of the California Labor Code, the Industrial Welfare Commission

9    requirements and other applicable laws and regulations.

10        69.    As a direct result of DEFENDANT's unlawful wage practices as alleged

11   herein, PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS did

12   not receive the correct minimum wage compensation for their time worked for

13   DEFENDANT.

14        70.    During the CALIFORNIA LABOR SUB-CLASS PERIOD, DEFENDANT

15   required, permitted or suffered PLAINTIFF and CALIFORNIA LABOR SUB-CLASS

16   Members to work without paying them for all the time they were under DEFENDANT's

17   control.  During the CALIFORNIA LABOR SUB-CLASS PERIOD, PLAINTIFF and the

18   other members of the CALIFORNIA LABOR SUB-CLASS were paid less for time worked

19   that they were entitled to, constituting a failure to pay all earned wages.

20        71.    By virtue of DEFENDANT's unlawful failure to accurately pay all earned

21   compensation to PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-

22   CLASS for the true time they worked, PLAINTIFF and the other members of the

23   CALIFORNIA LABOR SUB-CLASS have suffered and will continue to suffer an

24   economic injury in amounts which are presently unknown to them and which will be

25   ascertained according to proof at trial.

26        72.    DEFENDANT knew or should have known that PLAINTIFF and the other

27   members of the CALIFORNIA LABOR SUB-CLASS were under compensated for their

28   time worked.  DEFENDANT elected, either through intentional malfeasance or gross

29

CLASS ACTION COMPLAINT

This e-copy is the official court record (GC68150)

1  nonfeasance, to not pay employees for their labor as a matter of company policy, practice

2  and procedure, and DEFENDANT perpetrated this scheme by refusing to pay PLAINTIFF

3  and the other members of the CALIFORNIA LABOR SUB-CLASS the correct minimum

4  wages for their time worked.

5      73.    In performing the acts and practices herein alleged in violation of California

6  labor laws, and refusing to compensate the members of the CALIFORNIA LABOR SUB-

7  CLASS for all time worked and provide them with the requisite compensation,

8  DEFENDANT acted and continues to act intentionally, oppressively, and maliciously

9  toward PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS

10  with a conscious and utter disregard for their legal rights, or the consequences to them, and

11  with the despicable intent of depriving them of their property and legal rights, and otherwise

12  causing them injury in order to increase company profits at the expense of these employees.

13

14      74.    PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-

15  CLASS therefore request recovery of all unpaid wages, according to proof, interest,

16  statutory costs, as well as the assessment of any statutory penalties against DEFENDANT,

17  in a sum as provided by the California Labor Code and/or other applicable statutes.  To the

18  extent minimum wage compensation is determined to be owed to the CALIFORNIA

19  LABOR SUB-CLASS Members who have terminated their employment, DEFENDANT's

20  conduct also violates Labor Code §§ 201 and/or 202, and therefore these individuals are also

21  be entitled to waiting time penalties under Cal. Lab. Code § 203, which penalties are sought

22  herein on behalf of these CALIFORNIA LABOR SUB-CLASS Members.  DEFENDANT's

23  conduct as alleged herein was willful, intentional and not in good faith.  Further,

24  PLAINTIFF and other CALIFORNIA LABOR SUB-CLASS Members are entitled to seek

25  and recover statutory costs.

26  ///

27  ///

28  ///

This e-copy is the official court record (GC68150)

### THIRD CAUSE OF ACTION

**For Failure To Pay Overtime Compensation**

**[Cal. Lab. Code § 510]**

**(By PLAINTIFF and the CALIFORNIA LABOR SUB-CLASS and Against All Defendants)**

75.    PLAINTIFF, and the other members of the CALIFORNIA LABOR SUB-CLASS, reallege and incorporate by this reference, as though full set forth herein, the prior paragraphs of this Complaint.

76.    PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS bring a claim for DEFENDANT's willful and intentional violations of the California Labor Code and the Industrial Welfare Commission requirements for DEFENDANT's failure to pay these employees for all overtime worked, including, work performed in excess of eight (8) hours in a workday, and/or twelve (12) hours in a workday, and/or forty (40) hours in any workweek.

77.    Pursuant to Cal. Lab. Code § 204, other applicable laws and regulations, and public policy, an employer must timely pay its employees for all hours worked.

78.    Cal. Lab. Code § 510 further provides that employees in California shall not be employed more than eight (8) hours per workday and more than forty (40) hours per workweek  unless they receive additional compensation beyond their regular wages in amounts specified by law.

79.    Cal. Lab. Code § 1194 establishes an employee's right to recover unpaid wages, including minimum wage and overtime compensation and interest thereon, together with the costs of suit.  Cal. Lab. Code § 1198 further states that the employment of an employee for longer hours than those fixed by the Industrial Welfare Commission is unlawful.

80.    During the CALIFORNIA LABOR SUB-CLASS PERIOD, PLAINTIFF and CALIFORNIA LABOR SUB-CLASS Members were required, permitted or suffered by DEFENDANT to work for DEFENDANT and were not paid for all the time they worked,

CLASS ACTION COMPLAINT

EXHIBIT A
PAGE 42

This e-copy is the official court record (GC68150)

including overtime work.

81.     DEFENDANT's unlawful wage and hour practices manifested, without limitation, applicable to the CALIFORNIA LABOR SUB-CLASS as a whole, as a result of implementing a policy and practice that failed to accurately record overtime worked by PLAINTIFF and other CALIFORNIA LABOR SUB-CLASS Members and denied accurate compensation to PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS for overtime worked, including, the overtime work performed in excess of eight (8) hours in a workday, and/or twelve (12) hours in a workday, and/or forty (40) hours in any workweek.

82.     In committing these violations of the California Labor Code, DEFENDANT inaccurately recorded overtime worked and consequently underpaid the overtime worked by PLAINTIFF and other CALIFORNIA LABOR-SUB CLASS Members.  DEFENDANT acted in an illegal attempt to avoid the payment of all earned wages, and other benefits in violation of the California Labor Code, the Industrial Welfare Commission requirements and other applicable laws and regulations.

83.     As a direct result of DEFENDANT's unlawful wage practices as alleged herein, the PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS did not receive full compensation for overtime worked.

84.     Cal. Lab. Code § 515 sets out various categories of employees who are exempt from the overtime requirements of the law.  None of these exemptions are applicable to the PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS.  Further, PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS were not subject to a valid collective bargaining agreement that would preclude the causes of action contained herein this Complaint.  Rather, PLAINTIFF brings this Action on behalf of himself and the CALIFORNIA LABOR SUB-CLASS based on DEFENDANT's violations of non-negotiable, non-waiveable rights provided by the State of California.

85.     During the CALIFORNIA LABOR SUB-CLASS PERIOD,  PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS have been paid less for

32

CLASS ACTION COMPLAINT

This e-copy is the official court record (GC68150)

overtime worked that they are entitled to, constituting a failure to pay all earned wages..

86.     DEFENDANT failed to accurately pay the PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS overtime wages for the time they worked which was in excess of the maximum hours permissible by law as required by Cal. Lab. Code §§ 510, 1194 & 1198, even though PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS were required to work, and did in fact work, overtime as to which DEFENDANT failed to accurately record and pay as evidenced by DEFENDANT's business records and witnessed by employees.

87.     By virtue of DEFENDANT's unlawful failure to accurately pay all earned compensation to PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS for the true amount of time they worked, PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS have suffered and will continue to suffer an economic injury in amounts which are presently unknown to them and which will be ascertained according to proof at trial.

88.     DEFENDANT knew or should have known that PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS were under compensated for all overtime worked.  DEFENDANT elected, either through intentional malfeasance or gross nonfeasance, to not pay employees for their labor as a matter of company policy, practice and procedure, and DEFENDANT perpetrated this scheme by refusing to pay PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS for overtime worked.

89.     In performing the acts and practices herein alleged in violation of California labor laws, and refusing to compensate the members of the CALIFORNIA LABOR SUB-CLASS for all overtime worked and provide them with the requisite overtime compensation, DEFENDANT acted and continues to act intentionally, oppressively, and maliciously toward PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS with a conscious of and utter disregard for their legal rights, or the consequences to them, and with the despicable intent of depriving them of their property and legal rights, and otherwise causing them injury in order to increase company profits at the expense of these

33

This e-copy is the official court record (GC68150)

1   employees.

2        90.    PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-

3   CLASS therefore request recovery of all overtime wages, according to proof, interest,

4   statutory costs, as well as the assessment of any statutory penalties against DEFENDANT,

5   in a sum as provided by the California Labor Code and/or other applicable statutes.  To the

6   extent minimum and/or overtime compensation is determined to be owed to the

7   CALIFORNIA LABOR SUB-CLASS Members who have terminated their employment,

8   DEFENDANT's conduct also violates Labor Code §§ 201 and/or 202, and therefore these

9   individuals are also be entitled to waiting time penalties under Cal. Lab. Code § 203, which

10   penalties are sought herein on behalf of these CALIFORNIA LABOR SUB-CLASS

11   Members.  DEFENDANT's conduct as alleged herein was willful, intentional and not in

12   good faith.  Further, PLAINTIFF and other CALIFORNIA LABOR SUB-CLASS Members

13   are entitled to seek and recover statutory costs.

14

### FOURTH CAUSE OF ACTION

15

**For Failure to Provide Required Meal Periods**

16

**[Cal. Lab. Code §§ 226.7 & 512 ]**

17

**(By PLAINTIFF and the CALIFORNIA LABOR SUB-CLASS and Against All**

18

**Defendants)**

19

20        91.    PLAINTIFF, and the other members of the CALIFORNIA LABOR SUB-

CLASS, reallege and incorporate by this reference, as though fully set forth herein, the prior

21

paragraphs of this Complaint.

22

23        92.    During the CALIFORNIA CLASS PERIOD, DEFENDANT from time to time

failed to provide all the legally required off-duty meal breaks to PLAINTIFF and the other

24

CALIFORNIA LABOR SUB-CLASS Members as required by the applicable Wage Order

25

and Labor Code.  The nature of the work performed by PLAINTIFF and CALIFORNIA

26

LABOR SUB-CLASS MEMBERS did not prevent these employees from being relieved of

27

all of their duties for the legally required off-duty meal periods.  As a result of their rigorous

28

34

This e-copy is the official court record (GC68150)

work schedules, PLAINTIFF and other CALIFORNIA LABOR SUB-CLASS Members were from time to time not fully relieved of duty by DEFENDANT for their meal periods. Additionally, DEFENDANT's failure to provide PLAINTIFF and the CALIFORNIA LABOR SUB-CLASS Members with legally required meal breaks prior to their fifth (5th) hour of work is evidenced by DEFENDANT's business records from time to time.  Further, DEFENDANT failed to provide PLAINTIFF and CALIFORNIA CLASS Members with a second off-duty meal period in some workdays in which these employees were required by DEFENDANT to work ten (10) hours of work from time to time.  As a result, PLAINTIFF and other members of the CALIFORNIA LABOR SUB-CLASS therefore forfeited meal breaks without additional compensation and in accordance with DEFENDANT's strict corporate policy and practice.

93.    DEFENDANT further violates California Labor Code §§ 226.7 and the applicable IWC Wage Order by failing to compensate PLAINTIFF and CALIFORNIA LABOR SUB-CLASS Members who were not provided a meal period, in accordance with the applicable Wage Order, one additional hour of compensation at each employee's regular rate of pay for each workday that a meal period was not provided.

94.    As a proximate result of the aforementioned violations, PLAINTIFF and CALIFORNIA LABOR SUB-CLASS Members have been damaged in an amount according to proof at trial, and seek all wages earned and due, interest, penalties, expenses and costs of suit.

### FIFTH CAUSE OF ACTION

**For Failure to Provide Required Rest Periods**

**[Cal. Lab. Code §§ 226.7 & 512 ]**

**(By PLAINTIFF and the CALIFORNIA LABOR SUB-CLASS and Against All Defendants)**

95.    PLAINTIFF, and the other members of the CALIFORNIA LABOR SUB-CLASS, reallege and incorporate by this reference, as though fully set forth herein, the prior

35

paragraphs of this Complaint.

96.     PLAINTIFF and other CALIFORNIA LABOR SUB-CLASS Members were from time to time required to work in excess of four (4) hours without being provided ten (10) minute rest periods.  Further, these employees from time to time were denied their first rest periods of at least ten (10) minutes for some shifts worked of at least two (2) to four (4) hours, a first and second rest period of at least ten (10) minutes for some shifts worked of between six (6) and eight (8) hours, and a first, second and third rest period of at least ten (10) minutes for some shifts worked of ten (10) hours or more from time to time. PLAINTIFF and other CALIFORNIA LABOR SUB-CLASS Members were also not provided with one hour wages in lieu thereof.  As a result of their rigorous work schedules, PLAINTIFF and other CALIFORNIA LABOR SUB-CLASS Members were periodically denied their proper rest periods by DEFENDANT and DEFENDANT's managers.

97.     DEFENDANT further violated California Labor Code §§ 226.7 and the applicable IWC Wage Order by failing to compensate PLAINTIFF and CALIFORNIA LABOR SUB-CLASS Members who were not provided a rest period, in accordance with the applicable Wage Order, one additional hour of compensation at each employee's regular rate of pay for each workday that rest period was not provided.

98.     As a proximate result of the aforementioned violations, PLAINTIFF and CALIFORNIA LABOR SUB-CLASS Members have been damaged in an amount according to proof at trial, and seek all wages earned and due, interest, penalties, expenses and costs of suit.

## SIXTH CAUSE OF ACTION

### For Failure to Provide Accurate Itemized Statements

### [Cal. Lab. Code § 226]

### (By PLAINTIFF and the CALIFORNIA LABOR SUB-CLASS and Against All Defendants)

99.     PLAINTIFF, and the other members of the CALIFORNIA LABOR SUB-CLASS, reallege and incorporate by this reference, as though fully set forth herein, the prior

36

This e-copy is the official court record (GC68150)

This e-copy is the official court record (GC68150)

paragraphs of this Complaint.

100.    Cal. Labor Code § 226 provides that an employer must furnish employees with an "accurate itemized" statement in writing showing:

> (1) gross wages earned,
> (2) total hours worked by the employee, except for any employee whose compensation is solely based on a salary and who is exempt from payment of overtime under subdivision (a) of Section 515 or any applicable order of the Industrial Welfare Commission,
> (3) the number of piecerate units earned and any applicable piece rate if the employee is paid on a piece-rate basis,
> (4) all deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one item,
> (5) net wages earned,
> (6) the inclusive dates of the period for which the employee is paid,
> (7) the name of the employee and his or her social security number, except that by January 1, 2008, only the last four digits of his or her social security number or an employee identification number other than a social security number may be shown on the itemized statement,
> (8) the name and address of the legal entity that is the employer, and
> (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee.

101.    From time to time, DEFENDANT also fails to provide PLAINTIFF and the other members of  the CALIFORNIA LABOR SUB-CLASS with complete and accurate wage statements which failed to show, among other things, the correct gross and net wages earned.  Cal. Lab. Code § 226 provides that every employer shall furnish each of his or her employees with an accurate itemized wage statement in writing showing, among other things, gross wages earned and all applicable hourly rates in effect during the pay period and the corresponding amount of time worked at each hourly rate. PLAINTIFF and CALIFORNIA LABOR SUB-CLASS Members were paid on an hourly basis.  As such, the wage statements should reflect all applicable hourly rates during the pay period and the total hours worked, and the applicable pay period in which the wages were earned pursuant to California Labor Code Section 226(a).  The wage statements DEFENDANT provided to PLAINTIFF and other CALIFORNIA LABOR SUB-CLASS Members failed to identify such information. More specifically, the wage statements failed to identify the accurate total hours worked each pay period.  When the hours shown on the wage statements were added up, they did not equal the actual total hours worked during the pay period in violation of Cal.

This e-copy is the official court record (GC68150)

Lab. Code 226(a)(2).  Additionally, DEFENDANT violates Cal. Lab. Code 226(a)(8) by failing to list the correct name of the legal entity that employs PLAINTIFF and other CALIFORNIA LABOR SUB-CLASS Members. Aside, from the violations listed above in this paragraph, DEFENDANT fails to issue to PLAINTIFF an itemized wage statement that lists all the requirements under California Labor Code 226 *et seq*. As a result, DEFENDANT from time to time provides PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS with wage statements which violated Cal. Lab. Code § 226.

102.    DEFENDANT knowingly and intentionally failed to comply with Cal. Lab. Code § 226, causing injury and damages to PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS.  These damages include, but are not limited to, costs expended calculating the correct wages for all missed meal and rest breaks and the amount of employment taxes which were not properly paid to state and federal tax authorities. These damages are difficult to estimate.  Therefore, PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS may elect to recover liquidated damages of fifty dollars ($50.00) for the initial pay period in which the violation occurred, and one hundred dollars ($100.00) for each violation in a subsequent pay period pursuant to Cal. Lab. Code § 226, in an amount according to proof at the time of trial (but in no event more than four thousand dollars ($4,000.00) for PLAINTIFF and each respective member of the CALIFORNIA LABOR SUB-CLASS herein).

### SEVENTH CAUSE OF ACTION

**For Failure to Reimburse Employees for Required Expenses**

**[Cal. Lab. Code § 2802]**

**(By PLAINTIFF and the CALIFORNIA LABOR SUB-CLASS and Against All Defendants)**

103.    PLAINTIFF and the other CALIFORNIA LABOR SUB-CLASS members

38

**EXHIBIT A
PAGE 49**

This e-copy is the official court record (GC68150)

reallege and incorporate by this reference, as though fully set forth herein, the prior

paragraphs of this Complaint.

104.   Cal. Lab. Code § 2802 provides, in relevant part, that:

An employer shall indemnify his or her employee for all necessary
expenditures or losses incurred by the employee in direct consequence of the
discharge of his or her duties, or of his or her obedience to the directions of
the employer, even though unlawful, unless the employee, at the time of
obeying the directions, believed them to be unlawful.

105.   At all relevant times herein, DEFENDANT violated Cal. Lab. Code § 2802,

by failing to indemnify and reimburse PLAINTIFF and the CALIFORNIA LABOR SUB-

CLASS members for required expenses incurred in the discharge of their job duties for

DEFENDANT's benefit.  DEFENDANT failed to reimburse PLAINTIFF and the

CALIFORNIA LABOR SUB-CLASS members for expenses which included, but were not

limited to, costs related to using their personal cellular phones on behalf of and for the

benefit of DEFENDANT.  Specifically, PLAINTIFF and other CALIFORNIA LABOR

SUB-CLASS Members were required by DEFENDANT to use their personal cellular

phones in order to perform work related job tasks.  DEFENDANT's policy and practice was

to not reimburse PLAINTIFF and the CALIFORNIA LABOR SUB-CLASS members for

expenses resulting from using their personal cellular phones for DEFENDANT within the

course and scope of their employment for DEFENDANT.  These expenses were necessary

to complete their principal job duties. DEFENDANT is estopped  by DEFENDANT's

conduct to assert any waiver of this expectation.  Although these expenses were necessary

expenses incurred by PLAINTIFF and the CALIFORNIA LABOR SUB-CLASS members,

DEFENDANT failed to indemnify and reimburse PLAINTIFF and the CALIFORNIA

LABOR SUB-CLASS members for these expenses as an employer is required to do under

the laws and regulations of California.

106.   PLAINTIFF therefore demands reimbursement for expenditures or losses

incurred by himself and the CALIFORNIA LABOR SUB-CLASS members in the discharge

of their  job duties for DEFENDANT, or their obedience to the directions of DEFENDANT,

CLASS ACTION COMPLAINT

This e-copy is the official court record (GC68150)

with interest at the statutory rate and costs under Cal. Lab. Code § 2802.

## **EIGHTH CAUSE OF ACTION**

### **For Failure to Pay Sick Pay Wages**

### **[ Cal. Lab. Code §§ 201-204, 210, 233, 246]**

### **(By PLAINTIFF and the CALIFORNIA LABOR SUB-CLASS and Against All Defendants)**

107.   PLAINTIFF, and the other members of the CALIFORNIA LABOR SUB-CLASS, reallege and incorporate by reference, as though fully set forth herein, the prior paragraphs of this Complaint.

108.   Cal Lab. Code § 233 provides that an employer must permit an employee to use accrued sick leave in accordance with Cal Lab. Code § 246.5 at the employee's then current rate of entitlement.  Cal Lab. Code § 246 provides that an employee is entitled to sick pay wages for use of accrued sick leave pursuant to Cal Lab. Code § 246.5. Specifically, once accrued sick leave is used as paid sick time, an employee has a vested right to sick pay wages, which an employer must calculate and compensate based on one of two calculations: (i) "Paid sick time for nonexempt employees shall be calculated in the same manner as the regular rate of pay for the workweek in which the employee uses paid sick time, whether or not the employee actually works overtime in that workweek," or (ii) "Paid sick time for nonexempt employees shall be calculated by dividing the employee's total wages, not including overtime premium pay, by the employee's total hours worked in the full pay periods of the prior 90 days of employment." Under Cal Lab. Code §§ 218 and 233, employees may sue to recover underpaid sick pay wages as damages.

109.   As a matter of policy and practice, DEFENDANT pays sick pay wages to PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS at the incorrect rate of pay.  PLAINTIFF and the other members of the CALIFORNIA LABOR-SUB-CLASS regularly use accrued sick leave in the workweeks in which they also earn non-hourly remuneration.  As a matter of policy and practice, DEFENDANT pays sick pay wages to PLAINTIFF and the other members of the CALIFORNIA LABOR-SUB-CLASS

This e-copy is the official court record (GC68150)

at the base hourly pay, as opposed to the regular rate of pay, which would consider all non-hourly remuneration in addition to base hourly wages, or the rate resulting from dividing the employee's total wages, not including overtime premium pay, by the employee's total hours worked in the full pay periods of the prior 90 days of employment.  As a result, DEFENDANT underpaid sick pay wages to PLAINTIFF and the other members of the CALIFORNIA LABOR-SUB-CLASS.

110.    Cal. Lab. Code § 204 provides that wages generally are due and payable twice during each calendar month and are to be paid no later than the payday for the next regular payroll period.  Consistent with Cal. Lab. Code § 204, Cal. Lab. Code § 246 specifically requires that, upon use of accrued sick leave, vested sick pay wages are due and to be paid no later than the payday for the next regular payroll period after accrued sick leave is used as paid sick time.  Similarly, Cal. Lab. Code § 201 provides that if an employer discharges an employee, wages earned and unpaid at the time of discharge are due and payable immediately. Cal. Lab. Code § 202 provides that an employee is entitled to receive all unpaid wages no later than 72 hours after an employee quits his or her employment, unless the employee has given 72-hour notice of his or her intention to quit, in which case the employee is entitled to his or her wages at the time of quitting.  The Labor Code penalizes untimely payments.  For example, Cal. Lab. Code § 203 provides that if an employer willfully fails to pay wages owed in accordance with Cal. Lab. Code §§ 201-202, then the wages of the employee shall continue as a penalty from the due date, and at the same rate until paid, but the wages shall not continue for more than thirty (30) days. Likewise, Cal. Lab. Code § 210 provides penalties for violations of Cal. Lab. Code § 204 and untimely payments during employment.  Under Cal. Lab. Code §§ 203, 210 and 218, employees may sue to recover applicable penalties.

111.    As alleged herein and as a matter of policy and practice, DEFENDANT routinely underpays sick pay wages and thus did not timely pay PLAINTIFF and the other members of the CALIFORNIA LABOR-SUB-CLASS all owing and underpaid sick pay wages.  As a result, DEFENDANT violates Cal. Lab. Code §§ 201-204, 210, 233, and 246,

41

This e-copy is the official court record (GC68150)

1    among other Labor Code provisions.  PLAINTIFF is informed and believes that

2    DEFENDANT was advised by skilled lawyers and knew, or should have known, of the

3    mandates of the Labor Code as it relates to PLAINTIFF's allegations, especially since the

4    California Supreme Court has explained that "[c]ourts have recoginzed that 'wages' also

5    include those benefits to which an employee is entitled as a part of his or her compensation,

6    including money, room, board, clothing, vacation pay, *and sick pay*." *Murphy v. Kenneth*

7    *Cole Prods., Inc.*, 40 Cal. 4th 1094, 1103 (2007)(emphasis added). Because DEFENDANT

8    willfully fails to timely pay PLAINTIFF and the other members of the CALIFORNIA

9    LABOR-SUB-CLASS all sick pay wages due, DEFENDANT is subject to applicable

10   penalties.

11        112.    Such a pattern, practice, and uniform administration of corporate policy is

12   unlawful and entitles PLAINTIFF and the other members of the CALIFORNIA LABOR-

13   SUB-CLASS to underpaid sick pay wages, including interest thereon, applicable penalties,

14   attorney's fees, and costs of suit.

15                          **PRAYER FOR RELIEF**

16        WHEREFORE, PLAINTIFF prays for judgment against each Defendant, jointly and

17   severally, as follows:

18   1.    On behalf of the CALIFORNIA CLASS:

19        A)    That the Court certify the First Cause of Action asserted by the CALIFORNIA

20              CLASS as a class action pursuant to Cal. Code of Civ. Proc. § 382;

21        B)    An order temporarily, preliminarily and permanently enjoining and restraining

22              DEFENDANT from engaging in similar unlawful conduct as set forth herein;

23        C)    An order requiring DEFENDANT to pay all wages and all sums unlawfully

24              withheld from compensation due to PLAINTIFF and the other members of the

25              CALIFORNIA CLASS; and,

26        D)    Restitutionary disgorgement of DEFENDANT's ill-gotten gains into a fluid fund

27              for restitution of the sums incidental to DEFENDANT's violations due to

28              PLAINTIFF and to the other members of the CALIFORNIA CLASS.

CLASS ACTION COMPLAINT

This e-copy is the official court record (GC68150)

2.  On behalf of the CALIFORNIA LABOR SUB-CLASS:

 A) That the Court certify the Second, Third, Fourth, Fifth, Sixth, Seventh and Eighth Causes of Action asserted by the CALIFORNIA LABOR SUB-CLASS as a class action pursuant to Cal. Code of Civ. Proc. § 382;

 B) Compensatory damages, according to proof at trial, including compensatory damages for minimum, overtime and sick pay compensation due PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS, during the applicable CALIFORNIA LABOR SUB-CLASS PERIOD plus interest thereon at the statutory rate;

 C) The greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) per each member of the CALIFORNIA LABOR SUB-CLASS for each violation in a subsequent pay period, not exceeding an aggregate penalty of four thousand dollars ($4,000), and an award of costs for violation of Cal. Lab. Code § 226;

 D) Meal and rest period compensation pursuant to Cal. Lab. Code §§ 226.7, 512 and the applicable IWC Wage Order;

 E) For liquidated damages pursuant to California Labor Code Sections 1194.2 and 1197; and,

 F) The amount of the expenses PLAINTIFF and each member of the CALIFORNIA LABOR SUBCLASS incurred in the course of their job duties, plus interest, and costs of suit.

3.  On all claims:

 A) An award of interest, including prejudgment interest at the legal rate;

 B) Such other and further relief as the Court deems just and equitable; and,

 C) An award of penalties, attorneys' fees and cost of suit, as allowable under the law, including, but not limited to, pursuant to Labor Code §221, §226, §1194,

///

///

CLASS ACTION COMPLAINT

EXHIBIT A
PAGE 54

This e-copy is the official court record (GC68150)

1  and/or §2802.

2  Dated: February 3, 2023          BLUMENTHAL NORDREHAUG BHOWMIK DE BLOUW LLP

3

4

5                                    By:    /s/ Nicholas De Blouw

6                                          Norman B. Blumenthal
                                           Kyle R. Nordrehaug
                                           Nicholas J. De Blouw

7

8                                          *Attorneys for Plaintiff*

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

44

CLASS ACTION COMPLAINT

This e-copy is the official court record (GC68150)

1

## **DEMAND FOR A JURY TRIAL**

2       PLAINTIFF demands a jury trial on issues triable to a jury.

3

4    Dated: February 3, 2023        BLUMENTHAL NORDREHAUG BHOWMIK DE BLOUW LLP

5

6                                    By:    /s/ Nicholas De Blouw

7                                           Norman B. Blumenthal
                                            Kyle R. Nordrehaug
                                            Nicholas J. De Blouw
8
                                            *Attorneys for Plaintiff*
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

45

CLASS ACTION COMPLAINT

CM-010

| | |
|---|---|
| **ATTORNEY OR PARTY WITHOUT ATTORNEY** *(Name, State Bar number, and address):*<br>Norman B. Blumenthal   (Bar # 68687)<br>Kyle Nordrehaug   (Bar # 205975)<br>Blumenthal Nordrehaug Bhowmik De Blouw LLP<br>2255 Calle Clara, La Jolla, CA 92037<br>TELEPHONE NO.: (858) 551-1223   FAX NO.: (858) 551-1232<br>ATTORNEY FOR *(Name):* Plaintiff Juan Romero | **FOR COURT USE ONLY**<br><br>**ELECTRONICALLY FILED**<br>Merced Superior Court<br>2/3/2023 9:43 AM<br>Amanda Toste<br>Clerk of the Superior Court<br>By: Brandon Chow, Deputy |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF MERCED
STREET ADDRESS: 627 W. 21ST STREET
MAILING ADDRESS: 627 W. 21ST STREET
CITY AND ZIP CODE: MERCED 95340
BRANCH NAME: OLD MERCED COURTHOUSE

CASE NAME:
JUAN ROMERO v. SAPUTO DAIRY FOODS USA, LLC

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: 23CV-00403 |
|---|---|---|---|---|
| [X] Unlimited (Amount demanded exceeds $25,000) | [ ] Limited (Amount demanded is $25,000 or less) | [ ] Counter  [ ] Joinder<br>Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | | JUDGE:<br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)
**Employment**
[ ] Wrongful termination (36)
[X] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)
**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)
**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)
**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
[ ] Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint *(not specified above)* (42)
**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

2. This case [X] is [ ] is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties   d. [X] Large number of witnesses
   b. [X] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   c. [X] Substantial amount of documentary evidence   f. [ ] Substantial postjudgment judicial supervision
3. Remedies sought *(check all that apply):* a.[X] monetary   b.[X] nonmonetary; declaratory or injunctive relief   c.[ ] punitive
4. Number of causes of action *(specify):* EIGHT (8)
5. This case [X] is [ ] is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: February 3, 2023

Nicholas J. De Blouw                                    ▶ /s/ Nicholas De Blouw
(TYPE OR PRINT NAME)                                     (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov

*LexisNexis® Automated California Judicial Council Forms*

**EXHIBIT A
PAGE 57**

(Sidebar, left margin) This e-copy is the official court record (GC68150)

CM-010

This e-copy is the official court record (GC68150)

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property
Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
Asbestos Property Damage
Asbestos Personal Injury/
Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
Medical Malpractice–
Physicians & Surgeons
Other Professional Health Care
Malpractice
Other PI/PD/WD (23)
Premises Liability (e.g., slip and fall)
Intentional Bodily Injury/PD/WD
(e.g., assault, vandalism)
Intentional Infliction of
Emotional Distress
Negligent Infliction of
Emotional Distress
Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business
Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
Legal Malpractice
Other Professional Malpractice
*(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
Breach of Rental/Lease
Contract *(not unlawful detainer or wrongful eviction)*
Contract/Warranty Breach–Seller
Plaintiff *(not fraud or negligence)*
Negligent Breach of Contract/
Warranty
Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
Collection Case–Seller Plaintiff
Other Promissory Note/Collections
Case
Insurance Coverage *(not provisionally complex)* (18)
Auto Subrogation
Other Coverage
Other Contract (37)
Contractual Fraud
Other Contract Dispute

**Real Property**
Eminent Domain/Inverse
Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
Writ of Possession of Real Property
Mortgage Foreclosure
Quiet Title
Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
Writ–Administrative Mandamus
Writ–Mandamus on Limited Court
Case Matter
Writ–Other Limited Court Case
Review
Other Judicial Review (39)
Review of Health Officer Order
Notice of Appeal–Labor
Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
Abstract of Judgment (Out of County)
Confession of Judgment *(non-domestic relations)*
Sister State Judgment
Administrative Agency Award *(not unpaid taxes)*
Petition/Certification of Entry of
Judgment on Unpaid Taxes
Other Enforcement of Judgment
Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
Declaratory Relief Only
Injunctive Relief Only *(non-harassment)*
Mechanics Lien
Other Commercial Complaint
Case *(non-tort/non-complex)*
Other Civil Complaint
*(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate
Governance (21)
Other Petition *(not specified above)* (43)
Civil Harassment
Workplace Violence
Elder/Dependent Adult
Abuse
Election Contest
Petition for Name Change
Petition for Relief From Late
Claim
Other Civil Petition

CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

*LexisNexis® Automated California Judicial Council Forms*

**EXHIBIT A
PAGE 58**

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

*This e-copy is the official court record (GC68150)*

**FOR COURT USE ONLY**
*(SOLO PARA USO DE LA CORTE)*

ELECTRONICALLY FILED
Merced Superior Court
2/3/2023 9:43 AM
Amanda Toste
Clerk of the Superior Court
By: Brandon Chow, Deputy

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
SAPUTO DAIRY FOODS USA, LLC, a Limited Liability Company; and
DOES 1 through 50, inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
JUAN ROMERO, an individual, on behalf of himself and on behalf of all
persons similarly situated,

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):*
SUPERIOR COURT OF CALIFORNIA, COUNTY OF MERCED
Old Merced Courthouse
627 W. 21st Street, Merced, CA 95340

**CASE NUMBER:**
*(Número del Caso):* 23CV-00403

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Norman B. Blumenthal   (Bar # 68687)
Blumenthal Nordrehaug Bhowmik De Blouw, 2255 Calle Clara, La Jolla, CA 92037
Fax No.: (858) 551-1232
Phone No.: (858) 551-1223

DATE: 2/3/2023 9:43 AM          Amanda Toste          Clerk, by _____, Deputy
*(Fecha)*                                              *(Secretario)*                *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☒ on behalf of *(specify):*   SAPUTO DAIRY FOODS USA, LLC

   under: ☒ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]
**SUMMONS**
Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov
*LexisNexis® Automated California Judicial Council Forms*

**EXHIBIT A**
**PAGE 59**

**This e-copy is the official court record (GC68150).**

| SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF MERCED<br>627 W. 21st Street<br>Merced CA  95340<br>209-725-4100 | *Reserved for Clerk's File Stamp*<br><br>FILED<br>MERCED COUNTY<br>2023 FEB -8  AM 9: 34<br>CLERK OF THE SUPERIOR COURT<br>BY_____<br>DEPUTY |
|---|---|
| Juan Romero<br>vs<br>Saputo Dairy Foods USA, LLC | |
| **NOTICE OF CASE MANAGEMENT CONFERENCE**<br>**NOTICE OF INCLUSION IN DELAY REDUCTION PROGRAM** | Case No. 23CV-00403 |

**To All Parties and their Attorneys of Record:**

Please take notice that the above-entitled action has been included in this Court's Delay Reduction Program.  Local Rule 4 will hereafter apply to this action.   You are required to comply with the guidelines for program cases as set forth in the above referenced Local Rule and the applicable California Rules of Court (CRC), including Rules 3.714(b)(1), 3.720-3.735.

*Please note:  Local Rules and ADR Packet may be reviewed on-line at www.merced.courts.ca.gov.*

You are further advised that a Case Management Conference (CMC) in the above action has been scheduled, per Local Rule 4(B)(1)(a), for:

**July 10, 2023 at 10:00 AM in Courtroom 8**

**Located at 627 West 21st Street Merced, CA 95340**

**Honorable Judge Brian McCabe, presiding.**

**Plaintiff must serve this Notice on all Parties to this action at the same time the Complaint is served. Failure to do so may cause unnecessary delay to this action.**

Parties desiring to appear telephonically at the CMC shall comply with CRC, Rule 3.670 and Local Rule 4, and are responsible for making timely arrangements with CourtCall, LLC.  CourtCall, LLC may be reached at (888) 882-6878.  Notices of Telephonic Appearance may be placed on the CMC Statement or may be filed independently with the Court NOT LESS THAN THREE (3) COURT DAYS prior to the CMC.  A Notice of Telephonic Appearance is deemed valid on any subsequent, continued CMCs.

**PURSUANT TO CRC, RULE 3.724, THE PARTIES MUST MEET AND CONFER NO LATER THAN 30 DAYS PRIOR TO THE CMC.**

A **CMC Statement** shall be filed with the Court no later than **15 days** prior to the date set for the **CMC**. Parties shall use **Judicial Council form CM-110** (CRC 3.725).  This form is available at the Court Clerks Office or on-line at www.courtinfo.ca.gov.

If you have any further questions regarding this Notice, please contact the undersigned at the number indicated above.

Norman B. Blumenthal
2255 Calle Clara
La Jolla CA  92037
 Date: 2/8/2023                                    Amanda Toste, Court Executive Officer

Brandon Chow                          By:_____
Printed Name                                            Deputy Clerk

This e-copy is the official court record (GC68150).

FILED
MERCED COUNTY

2023 FEB 15  PM 2: 13

CLERK OF THE SUPERIOR COURT

BY _____
DEPUTY

SUPERIOR COURT OF CALIFORNIA

COUNTY OF MERCED

JUAN ROMERO                                    )    Case No.: 23CV-00403
                                               )
                          PLAINTIFF            )         ORDER:
                                               )    ASSIGNMENT FOR ALL PURPOSES
AND                                            )
                                               )
                                               )
SAPUTO DAIRY FOODS USA, LLC                    )
                                               )
                          DEFENDANTS           )
                                               )
                                               )

    The court hereby assigns the within matter to the Honorable Brian McCabe for all purposes.

The clerk of the court is ordered to tag the file to reflect this order


DATED: February 15, 2023


_____
MARK V. BACCIARINI
JUDGE OF THE SUPERIOR COURT

- 1 -
ORDER:
ASSIGNMENT FOR ALL PURPOSES

## PROOF OF SERVICE BY MAIL
### (1013a, 2015.5 C.C.P)

STATE OF CALIFORNIA      )
                              )
COUNTY OF MERCED        )     **Case No. 23CV-00403**

       I am a resident of the United States; I am over the age of eighteen years and not a party to the within entitled action; my business address is Merced County Superior Court, 627 West 21st Street, Merced, California 95340.

       On **February 15, 2023**, I served the within **ORDER ASSIGNMENT FOR ALL PURPOSES**, on the person(s) named below and then placing a true copy thereof in an envelope and then placing in the Merced County Superior Court/Clerk's outgoing mail addressed as follows:

Norman B. Blumenthal
**Blumenthal Nordrehaug**
**Bhowmik De Blouw LLP**
2255 Calle Clara
La Jolla, CA 92037

       I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

       Executed on **February 15, 2023**, at Merced, California.

                                 Parvir Singh, Declarant

POS-010

| | |
|---|---|
| **ATTORNEY OR PARTY WITHOUT ATTORNEY** *(Name, State Bar number, and address):*<br>Ricardo R. Ehmann (SBN 320117)<br>BLUMENTHAL NORDREHAUG BHOWMIK DE BLOUW LLP<br>2255 Calle Clara<br>La Jolla, CA 92037<br>TELEPHONE NO.: (858) 551-1223    FAX NO. *(Optional):* (858) 551-1232<br>E-MAIL ADDRESS *(Optional):* rico@bamlawca.com<br>ATTORNEY FOR *(Name):* Juan Romero | **FOR COURT USE ONLY**<br><br>ELECTRONICALLY FILED<br>Merced Superior Court<br>3/15/2023 4:37 PM<br>Amanda Toste<br>Clerk of the Superior Court<br>By: Alicia Torres, Deputy |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF MERCED
STREET ADDRESS: 627 W. 21st Street
MAILING ADDRESS: 627 W. 21st Street
CITY AND ZIP CODE: Merced 95340
BRANCH NAME: Old Merced Courthouse

PLAINTIFF/PETITIONER: JUAN ROMERO

DEFENDANT/RESPONDENT: SAPUTO DAIRY FOODS USA, LLC

| | |
|---|---|
| **PROOF OF SERVICE OF SUMMONS** | CASE NUMBER:<br>23CV-00403<br><br>Ref. No. or File No.: |

*(Separate proof of service is required for each party served.)*

1. At the time of service I was at least 18 years of age and not a party to this action.
2. I served copies of:
   a. ☑ summons
   b. ☑ complaint
   c. ☑ Alternative Dispute Resolution (ADR) package
   d. ☑ Civil Case Cover Sheet *(served in complex cases only)*
   e. ☐ cross-complaint
   f. ☑ other *(specify documents):* Notice of CMC, CMC Policy & Information, Order of Assignment
3. a. Party served *(specify name of party as shown on documents served):*
      SAPUTO DAIRY FOODS USA, LLC, a Limited Liability Company
   b. ☑ Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under item 5b on whom substituted service was made) *(specify name and relationship to the party named in item 3a):*
      Koree B. Wooley (counsel for Defendant)
4. Address where the party was served:
   4655 Executive Drive, Suite 1500 | San Diego, CA 92121
5. I served the party *(check proper box)*
   a. ☐ **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on *(date):*    (2) at *(time):*
   b. ☐ **by substituted service.** On *(date):*    at *(time):*    I left the documents listed in item 2 with or in the presence of *(name and title or relationship to person indicated in item 3):*
      (1) ☐ **(business)** a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served. I informed him or her of the general nature of the papers.
      (2) ☐ **(home)** a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party. I informed him or her of the general nature of the papers.
      (3) ☐ **(physical address unknown)** a person at least 18 years of age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post office box. I informed him or her of the general nature of the papers.
      (4) ☐ I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Civ. Proc., § 415.20). I mailed the documents on *(date):*    from *(city):*    **or** ☐ a declaration of mailing is attached.
      (5) ☐ I attach a **declaration of diligence** stating actions taken first to attempt personal service.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
POS-010 [Rev. January 1, 2007]

**PROOF OF SERVICE OF SUMMONS**

Code of Civil Procedure, § 417.10

EXHIBIT A
PAGE 63

This e-copy is the official court record (GC68150)

| PLAINTIFF/PETITIONER: JUAN ROMERO | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: SAPUTO DAIRY FOODS USA, LLC | 23CV-00403 |

This e-copy is the official court record (GC68150)

5.  c. ☑ **by mail and acknowledgment of receipt of service.** I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,

   (1) on *(date):* February 24, 2023        (2) from *(city):* La Jolla

   (3) ☑  with two copies of the *Notice and Acknowledgment of Receipt* and a postage-paid return envelope addressed to me.  *(Attach completed* Notice and Acknowledgment of Receipt.*)* (Code Civ. Proc., § 415.30.)

   (4) ☐  to an address outside California with return receipt requested.  (Code Civ. Proc., § 415.40.)

   d. ☐  **by other means** *(specify means of service and authorizing code section):*

   ☐  Additional page describing service is attached.

6.  The "Notice to the Person Served" (on the summons) was completed as follows:
    a. ☐  as an individual defendant.
    b. ☐  as the person sued under the fictitious name of *(specify):*
    c. ☐  as occupant.
    d. ☑  On behalf of *(specify):*  SAPUTO DAIRY FOODS USA, LLC, a Limited Liability Company
       under the following Code of Civil Procedure section:

    ☑ 416.10 (corporation)                    ☐ 415.95 (business organization, form unknown)
    ☐ 416.20 (defunct corporation)            ☐ 416.60 (minor)
    ☐ 416.30 (joint stock company/association) ☐ 416.70 (ward or conservatee)
    ☐ 416.40 (association or partnership)      ☐ 416.90 (authorized person)
    ☐ 416.50 (public entity)                   ☐ 415.46 (occupant)
                                               ☐ other:

7.  **Person who served papers**
    a. Name: Ricardo R. Ehmann
    b. Address: 2255 Calle Clara, La Jolla, CA 92037
    c. Telephone number: (858) 551-1223
    d. **The fee** for service was:  $ 0
    e. I am:
       (1) ☑  not a registered California process server.
       (2) ☐  exempt from registration under Business and Professions Code section 22350(b).
       (3) ☐  a registered California process server:
           (i) ☐ owner  ☐ employee  ☐ independent contractor.
           (ii)  Registration No.:
           (iii) County:

8.  ☑  **I declare** under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

    or

9.  ☐  **I am a California sheriff or marshal and** I certify that the foregoing is true and correct.

Date: March 15, 2023

Ricardo Ehmann
_____
(NAME OF PERSON WHO SERVED PAPERS/SHERIFF OR MARSHAL)

▶   *Ricardo E_____*
_____
(SIGNATURE )

EXHIBIT A
PAGE 64

POS-015

This e-copy is the official court record (GC68150)

| ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NO: 320117 | FOR COURT USE ONLY |
|---|---|---|
| NAME: Ricardo Ehmann | | |
| FIRM NAME: BLUMENTHAL NORDREHAUG BHOWMIK DE BLOUW LLP | | |
| STREET ADDRESS: 2255 Calle Clara | | |
| CITY: La Jolla   STATE: CA   ZIP CODE: 92037 | | |
| TELEPHONE NO: (858) 551-1223   FAX NO: (858) 551-1232 | | |
| E-MAIL ADDRESS: rico@bamlawca.com | | |
| ATTORNEY FOR (Name): Juan Romero | | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF MERCED**
STREET ADDRESS: 627 W. 21st Street
MAILING ADDRESS: 627 W. 21st Street
CITY AND ZIP CODE: Merced 95340
BRANCH NAME: Old Merced Courthouse

Plaintiff/Petitioner: JUAN ROMERO
Defendant/Respondent: SAPUTO DAIRY FOODS USA, LLC

| NOTICE AND ACKNOWLEDGMENT OF RECEIPT—CIVIL | CASE NUMBER: 23CV-00403 |
|---|---|

TO (insert name of party being served): SAPUTO DAIRY FOODS USA, LLC, a Limited Liablity Company

**NOTICE**

The summons and other documents identified below are being served pursuant to section 415.30 of the California Code of Civil Procedure. Your failure to complete this form and return it within 20 days from the date of mailing shown below may subject you (or the party on whose behalf you are being served) to liability for the payment of any expenses incurred in serving a summons on you in any other manner permitted by law.

If you are being served on behalf of a corporation, an unincorporated association (including a partnership), or other entity, this form must be signed by you in the name of such entity or by a person authorized to receive service of process on behalf of such entity. In all other cases, this form must be signed by you personally or by a person authorized by you to acknowledge receipt of summons. If you return this form to the sender, service of a summons is deemed complete on the day you sign the acknowledgment of receipt below.

Date of mailing: February 24, 2023

Ricardo R. Ehmann
(TYPE OR PRINT NAME)                                     ▶         (SIGNATURE OF SENDER—MUST NOT BE A PARTY IN THIS CASE)

**ACKNOWLEDGMENT OF RECEIPT**

This acknowledges receipt of (to be completed by sender before mailing):

1. [X] A copy of the summons and of the complaint.
2. [X] Other (specify):
   NOTICE OF CASE MANAGEMENT CONFERENCE, CIVIL CASE COVER SHEET, CMC POLICY & INFORMATION, ADR INFORMATION GUIDE, ADR STIPULATION FORM, ORDER OF ASSIGNMENT FOR ALL PURPOSES

(To be completed by recipient):

Date this form is signed: 3/15/2023

Koree B. Woolly for Saputo Dairy Foods USA, LLC
(TYPE OR PRINT YOUR NAME AND NAME OF ENTITY, IF ANY,        ▶     (SIGNATURE OF PERSON ACKNOWLEDGING RECEIPT, WITH TITLE IF
ON WHOSE BEHALF THIS FORM IS SIGNED)                            ACKNOWLEDGMENT IS MADE ON BEHALF OF ANOTHER PERSON OR ENTITY)

Page 1 of 1

| Form Adopted for Mandatory Use | NOTICE AND ACKNOWLEDGMENT OF RECEIPT — CIVIL | Code of Civil Procedure, |
|---|---|---|
| Judicial Council of California | | §§ 415.30, 417.10 |
| POS-015 [Rev. January 1, 2005] | | www.courtinfo.ca.gov |

**For your protection and privacy, please press the Clear This Form button after you have printed the form.**
[Print this form] [Save this form]                                    [Clear this form]

**EXHIBIT A**
**PAGE 65**

# BLUMENTHAL NORDREHAUG BHOWMIK DE BLOUW LLP

**2255 CALLE CLARA**
**LA JOLLA,  CALIFORNIA 92037**
**Web Site: www.bamlawca.com**

San Diego | San Francisco | Sacramento | Los Angeles | Riverside | Santa Clara | Orange | Chicago

Phone: (858) 551-1223
Fax: (858) 551-1232

WRITERS E-MAIL:                                                                                                      WRITERS EXT:
**Nick@bamlawca.com**                                                                                                      **1004**

January 24, 2023
CA2859

## VIA ONLINE FILING TO LWDA AND CERTIFIED MAIL TO DEFENDANT

Labor and Workforce Development Agency           Saputo Dairy Foods USA, LLC
Online Filing                                    Certified Mail #70222410002477761106
                                                 C T Corporation System
                                                 Amanda Garcia
                                                 330 North Brand Blvd., Suite 700
                                                 Glendale, CA 91203

> Re:      Notice Of Violations Of California Labor Code Sections §§ 201, 202, 203, 204 *et seq.*, 210, 221, 226(a), 226.7, 227.3, 246 et seq., 510, 512, 558(a)(1)(2), 1194, 1197, 1197.1, 1198, 2802, California Code of Regulations, Title 8, Section 11040, Subdivision 5(A)-(B), California Code of Regulations, Title 8, Section 1 1070(14) (Failure to Provide Seating), Violation of Applicable Industrial Welfare Commission Wage Order(s), and <u>Pursuant To California Labor Code Section 2699.5</u>.

Dear Sir/Madam:

"Aggrieved Employees" refers to all individuals who are or previously were employed by Saputo Dairy Foods USA, LLC in California, including any employees staffed with Saputo Dairy Foods USA, LLC by a third party, and classified as non-exempt employees during the time period of January 24, 2022 until a date as determined by the Court.  Our offices represent Plaintiff Juan Romero ("Plaintiff") and other Aggrieved Employees in a lawsuit against Saputo Dairy Foods USA, LLC ("Defendant").  Plaintiff has been employed by Defendant in California as a non-exempt employee since March of 2015 and entitled to the legally required meal and rest breaks and payment for all time worked under Defendant's control.  Defendant, however, unlawfully failed to record and pay Plaintiff and other Aggrieved Employees for, including but not limited to, all of their time worked, including minimum and overtime wages, for all of their missed meal and rest breaks, and for all of their time spent working off the clock. Moreover, when Defendant required Plaintiff and Aggrieved Employees to report for work, but "furnished less than half said employee's usual or scheduled day's work," Defendant violated Cal. Code Regs., tit. 8 § 11040, subd. 5(A) by failing to pay Plaintiff and Aggrieved Employees for at least two (2) hours' worth of work at their regular rate of pay. In addition, when Defendant required Plaintiff and Aggrieved Employees to respond to and engage in additional work, this  resulted in a second reporting for work in a single workday, and Defendant failed to pay these employees reporting time pay as required by Cal. Code Regs., tit. 8, § 11040, subd. 5(B). Further, Defendant failed to advise Plaintiff and the other Aggrieved Employees of their right to take separately and hourly paid duty-free ten (10) minute rest periods. *See Vaquero v. Stoneledge Furniture, LLC,*

9 Cal. App. 5th 98, 110 (2017). Additionally, pursuant to Labor Code § 204 *et seq.*, Defendant failed to timely provide Plaintiff and other Aggrieved Employees with their wages. Plaintiff further contends that Defendant failed to provide accurate wage statements to her, and other Aggrieved Employees, in violation of California Labor Code section 226(a). Specifically, PLAINTIFF and the AGGRIEVED EMPLOYEES were paid on an hourly basis. As such, the wage statements should reflect all applicable hourly rates during the pay period and the total hours worked, and the applicable pay period in which the wages were earned pursuant to California Labor Code Section 226(a). The wage statements Defendant provided to PLAINTIFF and the AGGRIEVED EMPLOYEES failed to identify such information. More specifically, the wage statements failed to identify the accurate total hours worked each pay period in violation of Cal. Lab. Code Section 226(a)(2). Additionally, Plaintiff contends that Defendant failed to comply with Industrial Wage Order 7(A)(3) in that Defendant failed to keep time records showing when Plaintiff began and ended each shift and meal period. Plaintiff and other Aggrieved Employees perform tasks that reasonably permit sitting, and a seat would not interfere with their performance of any of their tasks that may require them to stand. Defendant failed to provide Plaintiff and other Aggrieved Employees with suitable seats. Said conduct, in addition to the foregoing, as well as the conduct alleged in the incorporated Complaint, violates Labor Code §§ 201, 202, 203, 204 *et seq.*, 210, 221, 226(a), 226.7, 227.3, 246, 510, 512, 558(a)(1)(2), 1194, 1197, 1197.1, 1198, 2802, California Code of Regulations, Title 8, Section 11040, Subdivision 5(A)-(B), California Code of Regulations, Title 8, Section 1 1070(14) (Failure to Provide Seating), Violation of the applicable Industrial Welfare Commission Wage Order(s), and is therefore actionable under California Labor Code section 2699.3.

A true and correct copy of the Complaint by Plaintiff against Defendant, which (i) identifies the alleged violations, (ii) details the facts and theories which support the alleged violations, (iii) details the specific work performed by Plaintiff, (iii) sets forth the people/entities, dates, classifications, violations, events, and actions which are at issue to the extent known to Plaintiff, and (iv) sets forth the illegal practices used by Defendant, is attached hereto. This information provides notice to the Labor and Workforce Development Agency of the facts and theories supporting the alleged violations for the agency's reference. Plaintiff therefore incorporates the allegations of the attached Complaint into this letter as if fully set forth herein. If the agency needs any further information, please do not hesitate to ask.

This notice is provided to enable Plaintiff to proceed with the Complaint against Defendant as authorized by California Labor Code section 2699, *et seq*. The lawsuit consists of other Aggrieved Employees. As counsel, our intention is to vigorously prosecute the claims as alleged in the Complaint, and to procure civil penalties as provided by the Private Attorney General Statue of 2004 on behalf of Plaintiff and all Aggrieved Employees.

Your earliest response to this notice is appreciated. If you have any questions of concerns, please do not hesitate to contact me at the above number and address.

Respectfully,

/s/ *Nicholas J. De Blouw*

Nicholas J. De Blouw, Esq.

**BLUMENTHAL NORDREHAUG BHOWMIK DE BLOUW LLP**
Norman B. Blumenthal (State Bar #068687)
Kyle R. Nordrehaug (State Bar #205975)
Aparajit Bhowmik (State Bar #248066)
Nicholas J. De Blouw (State Bar #280922)
2255 Calle Clara
La Jolla, CA 92037
Telephone: (858)551-1223
Facsimile: (858) 551-1232
Website: www.bamlawca.com

Attorneys for Plaintiff

### SUPERIOR COURT OF THE STATE OF CALIFORNIA

### IN AND FOR THE COUNTY OF MERCED

| | |
|---|---|
| JUAN ROMERO, an individual, on behalf of himself and on behalf of all persons similarly situated, | Case No. _____ |
| | **CLASS ACTION COMPLAINT FOR:** |
| Plaintiff, | 1. UNFAIR COMPETITION IN VIOLATION OF CAL. BUS. & PROF. CODE §§ 17200, *et seq.*; |
| vs. | 2. FAILURE TO PAY MINIMUM WAGES IN VIOLATION OF CAL. LAB. CODE §§ 1194, 1197 & 1197.1; |
| SAPUTO DAIRY FOODS USA, LLC, a Limited Liability Company; and DOES 1 through 50, inclusive, | 3. FAILURE TO PAY OVERTIME WAGES IN VIOLATION OF CAL. LAB. CODE § 510; |
| | 4. FAILURE TO PROVIDE REQUIRED MEAL PERIODS IN VIOLATION OF CAL. LAB. CODE §§ 226.7 & 512 AND THE APPLICABLE IWC WAGE ORDER; |
| Defendants. | 5. FAILURE TO PROVIDE REQUIRED REST PERIODS IN VIOLATION OF CAL. LAB. CODE §§ 226.7 & 512 AND THE APPLICABLE IWC WAGE ORDER; |
| | 6. FAILURE TO PROVIDE ACCURATE ITEMIZED STATEMENTS IN VIOLATION OF CAL. LAB. CODE § 226; |
| | 7. FAILURE TO REIMBURSE EMPLOYEES FOR REQUIRED EXPENSES IN VIOLATION OF CAL. LAB. CODE § 2802; and, |
| | 8. FAILURE TO PAY SICK WAGES IN VIOLATION OF CAL. LAB CODE §§201-204, 233, 246. |
| | **DEMAND FOR A JURY TRIAL** |

1

CLASS ACTION COMPLAINT

**EXHIBIT A
PAGE 68**

1    Plaintiff Juan Romero ("PLAINTIFF"), an individual, on behalf of himself and all other

2   similarly situated current and former employees alleges on information and belief, except for

3   his own acts and knowledge which are based on personal knowledge, the following:

4

5                                    **THE PARTIES**

6    1.    Defendant Saputo Dairy Foods USA, LLC ("DEFENDANT") is at all relevant

7   times mentioned herein conducted and continues to conduct substantial business in the state of

8   California.

9    2.    DEFENDANT produces, markets, and distributes a wide array of dairy products.

10    3.    PLAINTIFF has been employed by DEFENDANT in California since March of

11  2015 and has been at all times classified by DEFENDANT as a non-exempt employee, paid on

12  an hourly basis, and entitled to the legally required meal and rest periods and payment of

13  minimum and overtime wages due for all time worked.

14    4.    PLAINTIFF brings this Class Action on behalf of himself and a California class,

15  defined as all individuals who are or previously were employed by DEFENDANT in California,

16  including any employees staffed with DEFENDANT by a third party, and classified as non-

17  exempt employees (the "CALIFORNIA CLASS") at any time during the period beginning four

18  (4) years prior to the filing of this Complaint and ending on the date as determined by the Court

19  (the "CALIFORNIA CLASS PERIOD"). The amount in controversy for the aggregate claim

20  of CALIFORNIA CLASS Members is under five million dollars ($5,000,000.00).

21    5.    PLAINTIFF brings this Class Action on behalf of himself and a CALIFORNIA

22  CLASS in order to fully compensate the CALIFORNIA CLASS for their losses incurred during

23  the CALIFORNIA CLASS PERIOD caused by DEFENDANT's policy and practice which

24  failed to lawfully compensate these employees. DEFENDANT's policy and practice alleged

25  herein was an unlawful, unfair and deceptive business practice whereby DEFENDANT retained

26  and continues to retain wages due PLAINTIFF and the other members of the CALIFORNIA

27  CLASS. PLAINTIFF and the other members of the CALIFORNIA CLASS seek an injunction

28  enjoining such conduct by DEFENDANT in the future, relief for the named PLAINTIFF and

                                          2
                                 CLASS ACTION COMPLAINT

1   the other members of the CALIFORNIA CLASS who have been economically injured by

2   DEFENDANT's past and current unlawful conduct, and all other appropriate legal and

3   equitable relief.

4           6.      The true names and capacities, whether individual, corporate, subsidiary,

5   partnership, associate or otherwise of DEFENDANT, DOES 1 through 50, inclusive, are

6   presently unknown to PLAINTIFF who therefore sues this DEFENDANT by such fictitious

7   names pursuant to Cal. Civ. Proc. Code § 474. PLAINTIFF will seek leave to amend this

8   Complaint to allege the true names and capacities of Does 1 through 50, inclusive, when they

9   are ascertained. PLAINTIFF is informed and believes, and based upon that information and

10  belief alleges, that the DEFENDANT named in this Complaint, including DOES 1 through 50,

11  inclusive, are responsible in some manner for one or more of the events and happenings that

12  proximately caused the injuries and damages hereinafter alleged.

13          7.      The agents, servants and/or employees of the Defendant and each of them acting

14  on behalf of the Defendant acted within the course and scope of his, her or its authority as the

15  agent, servant and/or employee of the Defendant, and personally participated in the conduct

16  alleged herein on behalf of the Defendant with respect to the conduct alleged herein.

17  Consequently, the acts of each Defendant are legally attributable to the other Defendant and all

18  Defendants are jointly and severally liable to PLAINTIFF and the other members of the

19  CALIFORNIA CLASS, for the loss sustained as a proximate result of the conduct of the

20  Defendant's agents, servants and/or employees.

21                                  **THE CONDUCT**

22          8.      Pursuant to the Industrial Welfare Commission Wage Orders, DEFENDANT was

23  required to pay PLAINTIFF and CALIFORNIA CLASS Members for all their time worked,

24  meaning the time during which an employee is subject to the control of an employer, including

25  all the time the employee is suffered or permitted to work. DEFENDANT requires PLAINTIFF

26  and CALIFORNIA CLASS Members to work without paying them for all the time they are

27  under DEFENDANT's control.  Among other things, DEFENDANT requires PLAINTIFF to

28  work while clocked out during what is supposed to be PLAINTIFF's off-duty meal break.

CLASS ACTION COMPLAINT

1  PLAINTIFF was from time to time interrupted by work assignments while clocked out for what
2  should have been PLAINTIFF's off-duty meal break. PLAINTIFF and CALIFORNIA CLASS
3  Members worked off the clock with respect to time spent undergoing mandatory drug testing
4  or any other testing and/or examination required as a condition of employment. Additionally,
5  DEFENDANT, as a matter of established company policy and procedure, administers a uniform
6  practice of rounding the actual time worked and recorded by PLAINTIFF and CALIFORNIA
7  CLASS Members, always to the benefit of DEFENDANT, so that during the course of their
8  employment, PLAINTIFF and CALIFORNIA CLASS Members are paid less than they would
9  have been paid had they been paid for actual recorded time rather than "rounded" time.
10  Additionally, DEFENDANT engages in the practice of requiring PLAINTIFF and
11  CALIFORNIA CLASS Members to perform work off the clock in that DEFENDANT, as a
12  condition of employment, required these employees to submit to mandatory temperature checks
13  and symptom questionnaires for COVID-19 screening prior to clocking into DEFENDANT's
14  timekeeping system for the workday. As a result, PLAINTIFF and other CALIFORNIA CLASS
15  Members forfeit minimum wage, overtime wage compensation, and off-duty meal breaks by
16  working without their time being correctly recorded and without compensation at the applicable
17  rates.  DEFENDANT's policy and practice not to pay PLAINTIFF and other CALIFORNIA
18  CLASS Members for all time worked, is evidenced by DEFENDANT's business records.

19      9.    State and federal law provides that employees must be paid overtime and meal and
20  rest break premiums at one-and-one-half times their "regular rate of pay."  PLAINTIFF and
21  other CALIFORNIA CLASS Members are compensated at an hourly rate plus incentive pay
22  that is tied to specific elements of an employee's performance.

23      10.   The second component of PLAINTIFF's and other CALIFORNIA CLASS
24  Members' compensation is DEFENDANT's non-discretionary incentive program that paid
25  PLAINTIFF and other CALIFORNIA CLASS Members incentive wages based on their
26  performance for DEFENDANT.   The non-discretionary incentive program provided all
27  employees paid on an hourly basis with incentive compensation when the employees met the
28  various performance goals set by DEFENDANT.  However, when calculating the regular rate

4
CLASS ACTION COMPLAINT

1  of pay in order to pay overtime and meal and rest break premiums to PLAINTIFF and other

2  CALIFORNIA CLASS Members, DEFENDANT failed to include the incentive compensation

3  as part of the employees' "regular rate of pay" for purposes of calculating overtime pay and

4  meal and rest break premium pay.  Management and supervisors described the incentive

5  program to potential and new employees as part of the compensation package.  As a matter of

6  law, the incentive compensation received by PLAINTIFF and other CALIFORNIA CLASS

7  Members must be included in the "regular rate of pay."  The failure to do so has resulted in a

8  underpayment of overtime compensation and meal and rest break premiums to PLAINTIFF and

9  other CALIFORNIA CLASS Members by DEFENDANT.

10      11.    As a result of their rigorous work schedules, PLAINTIFF and other

11  CALIFORNIA CLASS Members are from time to time unable to take thirty (30) minute off

12  duty meal breaks and are not fully relieved of duty for their meal periods.  PLAINTIFF and

13  other CALIFORNIA CLASS Members are required from time to time to perform work as

14  ordered by DEFENDANT for more than five (5) hours during some shifts without receiving a

15  meal break.  Further, DEFENDANT from time to time fails to provide PLAINTIFF and

16  CALIFORNIA CLASS Members with a second off-duty meal period for some workdays in

17  which these employees are required by DEFENDANT to work ten (10) hours of work.

18  DEFENDANT also engages in the practice of rounding the meal period times to avoid paying

19  penalties to PLAINTIFF and other CALIFORNIA CLASS Members.  PLAINTIFF and other

20  members of the CALIFORNIA CLASS therefore forfeit meal breaks without additional

21  compensation and in accordance with DEFENDANT's corporate policy and practice.

22      12.    During the CALIFORNIA CLASS PERIOD, PLAINTIFF and other

23  CALIFORNIA CLASS Members are also required from time to time to work in excess of four

24  (4) hours without being provided ten (10) minute rest periods.  Further, these employees are

25  denied their first rest periods of at least ten (10) minutes for some shifts worked of at least two

26  (2) to four (4) hours from time to time, a first and second rest period of at least ten (10) minutes

27  for some shifts worked of between six (6) and eight (8) hours from time to time, and a first,

28  second and third rest period of at least ten (10) minutes for some shifts worked of ten (10) hours

or more from time to time.  PLAINTIFF and other CALIFORNIA CLASS Members are also not provided with one hour wages in lieu thereof.  Additionally, the applicable California Wage Order requires employers to provide employees with off-duty rest periods, which the California Supreme Court defined as time during which an employee is relieved from all work related duties and free from employer control.  In so doing, the Court held that the requirement under California law that employers authorize and permit all employees to take rest period means that employers must relieve employees of all duties and relinquish control over how employees spend their time which includes control over the locations where employees may take their rest period.  Employers cannot impose controls that prohibit an employee from taking a brief walk - five minutes out, five minutes back.  Here, DEFENDANT's policy restricts PLAINTIFF and other CALIFORNIA CLASS Members from unconstrained walks and is unlawful based on DEFENDANT's rule which states PLAINTIFF and other CALIFORNIA CLASS Members cannot leave the work premises during their rest period.

13.    During the CALIFORNIA CLASS PERIOD, DEFENDANT fails to accurately record and pay PLAINTIFF and other CALIFORNIA CLASS Members for the actual amount of time these employees work.  Pursuant to the Industrial Welfare Commission Wage Orders, DEFENDANT is required to pay PLAINTIFF and other CALIFORNIA CLASS Members for all time worked, meaning the time during which an employee was subject to the control of an employer, including all the time the employee was permitted or suffered to permit this work. DEFENDANT requires these employees to work off the clock without paying them for all the time they are under DEFENDANT's control.  As such, DEFENDANT knew or should have known that PLAINTIFF and the other members of the CALIFORNIA CLASS are under compensated for all time worked.  As a result, PLAINTIFF and other CALIFORNIA CLASS Members forfeit time worked by working without their time being accurately recorded and without compensation at the applicable minimum wage and overtime wage rates.  To the extent that the time worked off the clock does not qualify for overtime premium payment, DEFENDANT fails to pay minimum wages for the time worked off-the-clock in violation of Cal. Lab. Code §§ 1194, 1197, and 1197.1.

14.     From time to time, DEFENDANT also fails to provide PLAINTIFF and the other members of  the CALIFORNIA CLASS with complete and accurate wage statements which failed to show, among other things, the correct gross and net wages earned.  Cal. Lab. Code § 226 provides that every employer shall furnish each of his or her employees with an accurate itemized wage statement in writing showing, among other things, gross wages earned and all applicable hourly rates in effect during the pay period and the corresponding amount of time worked at each hourly rate. PLAINTIFF and CALIFORNIA CLASS Members were paid on an hourly basis.  As such, the wage statements should reflect all applicable hourly rates during the pay period and the total hours worked, and the applicable pay period in which the wages were earned pursuant to California Labor Code Section 226(a).  The wage statements DEFENDANT provided to PLAINTIFF and other CALIFORNIA CLASS Members failed to identify such information. More specifically, the wage statements failed to identify the accurate total hours worked each pay period.  When the hours shown on the wage statements were added up, they did not equal the actual total hours worked during the pay period in violation of Cal. Lab. Code 226(a)(2).  Additionally, DEFENDANT violated Cal. Lab. Code Section 226(a)(9) by failing to list the hours worked and the hourly rates for, including but not limited to, the "Other" wage payments.  Aside, from the violations listed above in this paragraph, DEFENDANT fails to issue to PLAINTIFF an itemized wage statement that lists all the requirements under California Labor Code 226 *et seq*. As a result, DEFENDANT from time to time provides PLAINTIFF and the other members of the CALIFORNIA CLASS with wage statements which violated Cal. Lab. Code § 226.

15.     Cal. Lab. Code § 204(d) provides, the requirements of this section shall be deemed satisfied by the payment of wages for weekly, biweekly, or semimonthly payroll if the wages are paid not more than seven calendar days following the close of the payroll period. Cal. Lab. Code § 210 provides:

> [I]n addition to, and entirely independent and apart from, any other penalty provided in this article, every person who fails to pay the wages of each employee as provided in Sections. . . .204. . .shall be subject to a civil penalty as follows: (1) For any initial violation, one hundred dollars ($100) for each failure to pay each employee; (2) For each subsequent violation, or any willful or intentional violation, two hundred dollars ($200)

7

**EXHIBIT A
PAGE 74**

1    for each failure to pay each employee, plus 25 percent of the amount unlawfully
     withheld.

2    16.    DEFENDANT from time to time fails to pay PLAINTIFF and members of the

3    CALIFORNIA LABOR SUB-CLASS Members within seven (7) days of the close of the

4    payroll period in accordance with Cal. Lab. Code § 204(d), including but not limited to the

5    "Other" regular wage payment.

6    17.    DEFENDANT underpays sick pay wages to PLAINTIFF and other

7    CALIFORNIA CLASS Members by failing to pay such wages at the regular rate of pay  in

8    violation of Cal. Lab. Code Section 246.  Specifically, PLAINTIFF and other non-exempt

9    employees earn non-discretionary remuneration, including but not limited to, incentives, shift

10   differential pay, and bonuses.   Rather than pay sick pay at the regular rate of pay,

11   DEFENDANT underpays sick pay to PLAINTIFF and other CALIFORNIA CLASS Members

12   at their base rates of pay.

13   18.    Cal. Lab. Code Section 246(l)(2) requires that paid sick time for nonexempt

14   employees be calculated by dividing the employee's total wages, not including overtime

15   premium pay, by the employee's total hours worked in the full pay periods of the prior 90 days

16   of employment.

17   19.    DEFENDANT violated Cal. Lab. Code Section 246 by failing to pay sick pay at

18   the regular rate of pay. PLAINTIFF and CALIFORNIA CLASS Members routinely earned non-

19   discretionary incentive wages which increased their regular rate of pay. However, when sick

20   pay was paid, it was paid at the base rate of pay for PLAINTIFF and members of the

21   CALIFORNIA CLASS, as opposed to the correct, higher regular rate of pay, as required under

22   Cal. Lab. Code Section 246.

23   20.    As a pattern and practice, DEFENDANT regularly failed to pay PLAINTIFF and

24   other members of the CALIFORNIA CLASS their correct wages and accordingly owe waiting

25   time penalties pursuant to Cal. Lab. Code Section 203. Further, PLAINTIFF is informed and

26   believes and based thereon alleges that such failure to pay sick pay at regular rate was willful,

27   such that PLAINTIFF and members of the CALIFORNIA CLASS whose employment has

28

separated are entitled to waiting time penalties pursuant to Cal. Lab. Code Sections 201-203.

21.     Pursuant to Cal. Lab. Code Section 221, "It shall be unlawful for any employer to collect or receive from an employee any part of wages theretofore paid by said employer to said employee."  DEFENDANT fails to pay all compensation due to PLAINTIFF and other CALIFORNIA LABOR SUB-CLASS Members, makes unlawful deductions from compensation payable to PLAINTIFF and CALIFORNIA LABOR SUB-CLASS Members, fails to disclose all aspects of the deductions from compensation payable to PLAINTIFF and CALIFORNIA LABOR SUB-CLASS Members, and thereby fails to pay these employees all wages due at each applicable pay period and upon termination.  PLAINTIFF and members of the CALIFORNIA LABOR SUB-CLASS seek recovery of all illegal deductions from wages according to proof, related penalties, interest, attorney fees and costs.

22.     DEFENDANT intentionally and knowingly fails to reimburse and indemnify PLAINTIFF and the other CALIFORNIA CLASS Members for required business expenses incurred by the PLAINTIFF and other CALIFORNIA CLASS Members in direct consequence of discharging their duties on behalf of DEFENDANT.  Under California Labor Code Section 2802, employers are required to indemnify employees for all expenses incurred in the course and scope of their employment.  Cal. Lab. Code § 2802 expressly states that "an employer shall indemnify his or her employee for all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of his or her duties, or of his or her obedience to the directions of the employer, even though unlawful, unless the employee, at the time of obeying the directions, believed them to be unlawful."

23.     In the course of their employment PLAINTIFF and other CALIFORNIA CLASS Members as a business expense, are required by DEFENDANT to use their own personal cellular phones as a result of and in furtherance of their job duties as employees for DEFENDANT but are not reimbursed or indemnified by DEFENDANT for the cost associated with the use of their personal cellular phones for DEFENDANT's benefit.  Specifically, PLAINTIFF and other CALIFORNIA CLASS Members are required by DEFENDANT to use their personal cellular phones.  As a result, in the course of their employment with

EXHIBIT A
PAGE 76

1  DEFENDANT, PLAINTIFF and other members of the CALIFORNIA CLASS incurred
2  unreimbursed business expenses which included, but were not limited to, costs related to the use
3  of their personal cellular phones all on behalf of and for the benefit of DEFENDANT.

4       24.    Specifically as to PLAINTIFF, DEFENDANT fails to provide all the legally
5  required off-duty meal and rest breaks to PLAINTIFF as required by the applicable Wage Order
6  and Labor Code and failed to pay PLAINTIFF all minimum and overtime wages due to
7  PLAINTIFF. DEFENDANT does not have a policy or practice which provided timely off-duty
8  meal and rest breaks to PLAINTIFF and also fails to compensate PLAINTIFF for PLAINTIFF's
9  missed meal and rest breaks. The nature of the work performed by the PLAINTIFF does not
10 prevent PLAINTIFF from being relieved of all of his duties for the legally required off-duty
11 meal periods. As a result, DEFENDANT's failure to provide PLAINTIFF with the legally
12 required meal periods is evidenced by DEFENDANT's business records. The amount in
13 controversy for PLAINTIFF individually does not exceed the sum or value of $75,000.

14
15                          **JURISDICTION AND VENUE**

16      25.    This Court has jurisdiction over this Action pursuant to California Code of Civil
17 Procedure, Section 410.10 and California Business & Professions Code, Section 17203. This
18 action is brought as a Class Action on behalf of PLAINTIFF and similarly situated employees
19 of DEFENDANT pursuant to Cal. Code of Civ. Proc. § 382.

20      26.    Venue is proper in this Court pursuant to California Code of Civil Procedure,
21 Sections 395 and 395.5, because PLAINTIFF worked in this County for DEFENDANT and
22 DEFENDANT (i) currently maintains and at all relevant times maintained offices and facilities
23 in this County and/or conducts substantial business in this County, and (ii) committed the
24 wrongful conduct herein alleged in this County against members of the CALIFORNIA CLASS.

25
26                          **THE CALIFORNIA CLASS**

27      27.    PLAINTIFF brings the First Cause of Action for Unfair, Unlawful and Deceptive
28 Business Practices pursuant to Cal. Bus. & Prof. Code §§ 17200, *et seq*. (the "UCL") as a Class

Action, pursuant to Cal. Code of Civ. Proc. § 382, on behalf of a California class, defined as all individuals who are or previously were employed by DEFENDANT in California, including any employees staffed with DEFENDANT by a third party, and classified as non-exempt employees (the "CALIFORNIA CLASS") at any time during the period beginning four (4) years prior to the filing of this Complaint and ending on the date as determined by the Court (the "CALIFORNIA CLASS PERIOD"). The amount in controversy for the aggregate claim of CALIFORNIA CLASS Members is under five million dollars ($5,000,000.00).

28.     To the extent equitable tolling operates to toll claims by the CALIFORNIA CLASS against DEFENDANT, the CALIFORNIA CLASS PERIOD should be adjusted accordingly.

29.     DEFENDANT, as a matter of company policy, practice and procedure, and in violation of the applicable Labor Code, Industrial Welfare Commission ("IWC") Wage Order requirements, and the applicable provisions of California law, intentionally, knowingly, and wilfully, engaged in a practice whereby DEFENDANT failed to record all meal and rest breaks missed by PLAINTIFF and other CALIFORNIA CLASS Members, even though DEFENDANT enjoyed the benefit of this work, required employees to perform this work and permits or suffers to permit this work.

30.     DEFENDANT has the legal burden to establish that each and every CALIFORNIA CLASS Member was paid accurately for all meal and rest breaks missed as required by California laws. The DEFENDANT, however, as a matter of policy and procedure failed to have in place during the CALIFORNIA CLASS PERIOD and still fails to have in place a policy or practice to ensure that each and every CALIFORNIA CLASS Member is paid as required by law. This common business practice is applicable to each and every CALIFORNIA CLASS Member can be adjudicated on a class-wide basis as unlawful, unfair, and/or deceptive under Cal. Business & Professions Code §§ 17200, *et seq.* (the "UCL") as causation, damages, and reliance are not elements of this claim.

31.     The CALIFORNIA CLASS, is so numerous that joinder of all CALIFORNIA CLASS Members is impracticable.

11

CLASS ACTION COMPLAINT

32.     DEFENDANT violated the rights of the CALIFORNIA CLASS under California law by:

(a)     Committing an act of unfair competition in violation of , Cal. Bus. & Prof. Code §§ 17200, *et seq.* (the "UCL"), by unlawfully, unfairly and/or deceptively having in place company policies, practices and procedures that failed to record and pay PLAINTIFF and the other members of the CALIFORNIA CLASS for all time worked, including minimum wages owed and overtime wages owed for work performed by these employees; and,

(b)     Committing an act of unfair competition in violation of the UCL, by failing to provide the PLAINTIFF and the other members of the CALIFORNIA CLASS with the legally required meal and rest periods.

33.     This Class Action meets the statutory prerequisites for the maintenance of a Class Action as set forth in Cal. Code of Civ. Proc. § 382, in that:

(a)     The persons who comprise the CALIFORNIA CLASS are so numerous that the joinder of all such persons is impracticable and the disposition of their claims as a class will benefit the parties and the Court;

(b)     Nearly all factual, legal, statutory, declaratory and injunctive relief issues that are raised in this Complaint are common to the CALIFORNIA CLASS will apply to every member of the CALIFORNIA CLASS;

(c)     The claims of the representative PLAINTIFF are typical of the claims of each member of the CALIFORNIA CLASS.  PLAINTIFF, like all the other members of the CALIFORNIA CLASS, was classified as a non-exempt employee paid on an hourly basis who was subjected to the DEFENDANT's deceptive practice and policy which failed to provide the legally required meal and rest periods to the CALIFORNIA CLASS and thereby underpaid compensation to PLAINTIFF and CALIFORNIA CLASS.   PLAINTIFF sustained economic injury as a result of

12
CLASS ACTION COMPLAINT

DEFENDANT's employment practices.  PLAINTIFF and the members of the CALIFORNIA CLASS were and are similarly or identically harmed by the same unlawful, deceptive and unfair misconduct engaged in by DEFENDANT; and,

(d)   The representative PLAINTIFF will fairly and adequately represent and protect the interest of the CALIFORNIA CLASS, and has retained counsel who are competent and experienced in Class Action litigation. There are no material conflicts between the claims of the representative PLAINTIFF and the members of the CALIFORNIA CLASS that would make class certification inappropriate.  Counsel for the CALIFORNIA CLASS will vigorously assert the claims of all CALIFORNIA CLASS Members.

34.   In addition to meeting the statutory prerequisites to a Class Action, this action is properly maintained as a Class Action pursuant to Cal. Code of Civ. Proc. § 382, in that:

(a)   Without class certification and determination of declaratory, injunctive, statutory and other legal questions within the class format, prosecution of separate actions by individual members of the CALIFORNIA CLASS will create the risk of:

1)   Inconsistent or varying adjudications with respect to individual members of the CALIFORNIA CLASS which would establish incompatible standards of conduct for the parties opposing the CALIFORNIA CLASS; and/or,

2)   Adjudication with respect to individual members of the CALIFORNIA CLASS which would as a practical matter be dispositive of interests of the other members not party to the adjudication or substantially impair or impede their ability to protect their interests.

(b)   The parties opposing the CALIFORNIA CLASS have acted or refused to

13

act on grounds generally applicable to the CALIFORNIA CLASS, making appropriate class-wide relief with respect to the CALIFORNIA CLASS as a whole in that DEFENDANT failed to pay all wages due to members of the CALIFORNIA CLASS as required by law;

1) With respect to the First Cause of Action, the final relief on behalf of the CALIFORNIA CLASS sought does not relate exclusively to restitution because through this claim PLAINTIFF seeks declaratory relief holding that the DEFENDANT's policy and practices constitute unfair competition, along with declaratory relief, injunctive relief, and incidental equitable relief as may be necessary to prevent and remedy the conduct declared to constitute unfair competition;

(c) Common questions of law and fact exist as to the members of the CALIFORNIA CLASS, with respect to the practices and violations of California law as listed above, and predominate over any question affecting only individual CALIFORNIA CLASS Members, and a Class Action is superior to other available methods for the fair and efficient adjudication of the controversy, including consideration of:

1) The interests of the members of the CALIFORNIA CLASS in individually controlling the prosecution or defense of separate actions in that the substantial expense of individual actions will be avoided to recover the relatively small amount of economic losses sustained by the individual CALIFORNIA CLASS Members when compared to the substantial expense and burden of individual prosecution of this litigation;

2) Class certification will obviate the need for unduly duplicative litigation that would create the risk of:

A. Inconsistent or varying adjudications with respect to

14

individual members of the CALIFORNIA CLASS, which would establish incompatible standards of conduct for the DEFENDANT; and/or,

B.   Adjudications with respect to individual members of the CALIFORNIA CLASS would as a practical matter be dispositive of the interests of the other members not parties to the adjudication or substantially impair or impede their ability to protect their interests;

3)   In the context of wage litigation because a substantial number of individual CALIFORNIA CLASS Members will avoid asserting their legal rights out of fear of retaliation by DEFENDANT, which may adversely affect an individual's job with DEFENDANT or with a subsequent employer, the Class Action is the only means to assert their claims through a representative; and,

4)   A class action is superior to other available methods for the fair and efficient adjudication of this litigation because class treatment will obviate the need for unduly and unnecessary duplicative litigation that is likely to result in the absence of certification of this action pursuant to Cal. Code of Civ. Proc. § 382.

35.   This Court should permit this action to be maintained as a Class Action pursuant to Cal. Code of Civ. Proc. § 382 because:

(a)   The questions of law and fact common to the CALIFORNIA CLASS predominate over any question affecting only individual CALIFORNIA CLASS Members because the DEFENDANT's employment practices are applied with respect to the CALIFORNIA CLASS;

(b)   A Class Action is superior to any other available method for the fair and efficient adjudication of the claims of the members of the CALIFORNIA CLASS because in the context of employment litigation a substantial

15

EXHIBIT A
PAGE 82

number of individual CALIFORNIA CLASS Members will avoid asserting their rights individually out of fear of retaliation or adverse impact on their employment;

(c)   The members of the CALIFORNIA CLASS are so numerous that it is impractical to bring all members of the CALIFORNIA CLASS before the Court;

(d)   PLAINTIFF, and the other CALIFORNIA CLASS Members, will not be able to obtain effective and economic legal redress unless the action is maintained as a Class Action;

(e)   There is a community of interest in obtaining appropriate legal and equitable relief for the acts of unfair competition, statutory violations and other improprieties, and in obtaining adequate compensation for the damages and injuries which DEFENDANT's actions have inflicted upon the CALIFORNIA CLASS;

(f)   There is a community of interest in ensuring that the combined assets of DEFENDANT are sufficient to adequately compensate the members of the CALIFORNIA CLASS for the injuries sustained;

(g)   DEFENDANT has acted or refused to act on grounds generally applicable to the CALIFORNIA CLASS, thereby making final class-wide relief appropriate with respect to the CALIFORNIA CLASS as a whole;

(h)   The members of the CALIFORNIA CLASS are readily ascertainable from the business records of DEFENDANT; and,

(i)   Class treatment provides manageable judicial treatment calculated to bring a efficient and rapid conclusion to all litigation of all wage and hour related claims arising out of the conduct of DEFENDANT as to the members of the CALIFORNIA CLASS.

36.   DEFENDANT maintains records from which the Court can ascertain and identify by job title each of DEFENDANT's employees who have been intentionally subjected to

16

1   DEFENDANT's company policy, practices and procedures as herein alleged.  PLAINTIFF will
2   seek leave to amend the Complaint to include any additional job titles of similarly situated
3   employees when they have been identified.

4                    **THE CALIFORNIA LABOR SUB-CLASS**

5          37.     PLAINTIFF further brings the Second, Third, Fourth, Fifth, Sixth, Seventh and
6   Eighth causes Action on behalf of a California sub-class, defined as all members of the
7   CALIFORNIA CLASS who are or previously were employed by DEFENDANT in California,
8   including any employees staffed with DEFENDANT by a third party, and classified as non
9   exempt employees (the "CALIFORNIA LABOR SUB-CLASS") at any time during the period
10  three (3) years prior to the filing of the complaint and ending on the date as determined by the
11  Court  (the "CALIFORNIA LABOR SUB-CLASS PERIOD") pursuant to Cal. Code of Civ.
12  Proc. § 382.  The amount in controversy for the aggregate claim of CALIFORNIA LABOR
13  SUB-CLASS Members is under five million dollars ($5,000,000.00).

14         38.     DEFENDANT, in violation of the applicable Labor Code, Industrial Welfare
15  Commission ("IWC") Wage Order requirements, and the applicable provisions of California
16  law, intentionally, knowingly, and wilfully, engaged in a practice whereby DEFENDANT failed
17  to correctly calculate compensation for the time worked by PLAINTIFF and the other members
18  of the CALIFORNIA LABOR SUB-CLASS and reporting time wages owed to these
19  employees, even though DEFENDANT enjoyed the benefit of this work, required employees
20  to perform this work and permitted or suffered to permit this work.  DEFENDANT has denied
21  these CALIFORNIA LABOR SUB-CLASS Members wages to which these employees are
22  entitled in order to unfairly cheat the competition and unlawfully profit.  To the extent equitable
23  tolling operates to toll claims by the CALIFORNIA LABOR SUB-CLASS against
24  DEFENDANT, the CALIFORNIA LABOR SUB-CLASS PERIOD should be adjusted
25  accordingly.

26         39.     DEFENDANT maintains records from which the Court can ascertain and identify
27  by name and job title, each of DEFENDANT's employees who have been intentionally
28  subjected to DEFENDANT's company policy, practices and procedures as herein alleged.

**EXHIBIT A
PAGE 84**

PLAINTIFF will seek leave to amend the complaint to include any additional job titles of similarly situated employees when they have been identified.

40.     The CALIFORNIA LABOR SUB-CLASS is so numerous that joinder of all CALIFORNIA LABOR SUB-CLASS Members is impracticable.

41.     Common questions of law and fact exist as to members of the CALIFORNIA LABOR SUB-CLASS, including, but not limited, to the following:

(a)     Whether DEFENDANT unlawfully failed to correctly calculate and pay compensation due to members of the CALIFORNIA LABOR SUB-CLASS for missed meal and rest breaks in violation of the California Labor Code and California regulations and the applicable California Wage Order;

(b)     Whether DEFENDANT failed to provide the PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS with accurate itemized wage statements;

(c)     Whether DEFENDANT has engaged in unfair competition by the above-listed conduct;

(d)     The proper measure of damages and penalties owed to the members of the CALIFORNIA LABOR SUB-CLASS; and,

(e)     Whether DEFENDANT's conduct was willful.

42.     DEFENDANT violated the rights of the CALIFORNIA LABOR SUB-CLASS under California law by:

(a)     Violating Cal. Lab. Code § 510, by failing to correctly pay the PLAINTIFF and the members of the CALIFORNIA LABOR SUB-CLASS all wages due for overtime worked, for which DEFENDANT is liable pursuant to Cal. Lab. Code § 1194;

(b)     Violating Cal. Lab. Code §§ 1194, 1197 & 1197.1 *et seq*., by failing to accurately pay PLAINTIFF and the members of the CALIFORNIA LABOR SUB-CLASS the correct minimum wage pay for which

18

EXHIBIT A
PAGE 85

1        DEFENDANT is liable pursuant to Cal. Lab. Code §§ 1194 and 1197;

2    (c)   Violating Cal. Lab. Code § 226, by failing to provide PLAINTIFF and the

3        members of the CALIFORNIA LABOR SUB-CLASS with an accurate

4        itemized statement in writing showing the corresponding correct amount

5        of wages earned by the employee;

6    (d)   Violating Cal. Lab. Code §§ 226.7 and 512, by failing to provide

7        PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-

8        CLASS with all legally required off-duty, uninterrupted thirty (30) minute

9        meal breaks and the legally required off-duty rest breaks;

10   (e)   Violating Cal. Lab. Code §§ 201, 202 and/or 203, which provides that

11       when an employee is discharged or quits from employment, the employer

12       must pay the employee all wages due without abatement, by failing to

13       tender full payment and/or restitution of wages owed or in the manner

14       required by California law to the members of the CALIFORNIA LABOR

15       SUB-CLASS who have terminated their employment; and,

16   (f)   Violating Cal. Lab. Code § 2802 by failing to reimburse PLAINTIFF and

17       the CALIFORNIA LABOR SUB-CLASS members with necessary

18       expenses incurred in the discharge of their job duties.

19   43.   This Class Action meets the statutory prerequisites for the maintenance of a Class

20   Action as set forth in Cal. Code of Civ. Proc. § 382, in that:

21   (a)   The persons who comprise the CALIFORNIA LABOR SUB-CLASS are

22       so numerous that the joinder of all CALIFORNIA LABOR SUB-CLASS

23       Members is impracticable and the disposition of their claims as a class

24       will benefit the parties and the Court;

25   (b)   Nearly all factual, legal, statutory, declaratory and injunctive relief issues

26       that are raised in this Complaint are common to the CALIFORNIA

27       LABOR SUB-CLASS and will apply to every member of the

28       CALIFORNIA LABOR SUB-CLASS;

19

CLASS ACTION COMPLAINT

1       (c)     The claims of the representative PLAINTIFF are typical of the claims of

2             each member of the CALIFORNIA LABOR SUB-CLASS. PLAINTIFF,

3             like all the other members of the CALIFORNIA LABOR SUB-CLASS,

4             was a non-exempt employee paid on an hourly basis who was subjected

5             to the DEFENDANT's practice and policy which failed to pay the correct

6             amount of wages due to the CALIFORNIA LABOR SUB-CLASS.

7             PLAINTIFF sustained economic injury as a result of DEFENDANT's

8             employment practices.   PLAINTIFF and the members of the

9             CALIFORNIA LABOR SUB-CLASS were and are similarly or

10            identically harmed by the same unlawful, deceptive, and unfair

11            misconduct engaged in by DEFENDANT; and,

12       (d)     The representative PLAINTIFF will fairly and adequately represent and

13            protect the interest of the CALIFORNIA LABOR SUB-CLASS, and has

14            retained counsel who are competent and experienced in Class Action

15            litigation.   There are no material conflicts between the claims of the

16            representative PLAINTIFF and the members of the CALIFORNIA

17            LABOR SUB-CLASS that would make class certification inappropriate.

18            Counsel for the CALIFORNIA LABOR SUB-CLASS will vigorously

19            assert the claims of all CALIFORNIA LABOR SUB-CLASS Members.

20    44.    In addition to meeting the statutory prerequisites to a Class Action, this action is

21  properly maintained as a Class Action pursuant to Cal. Code of Civ. Proc. § 382, in that:

22       (a)     Without class certification and determination of declaratory, injunctive,

23            statutory and other legal questions within the class format, prosecution of

24            separate actions by individual members of the CALIFORNIA LABOR

25            SUB-CLASS will create the risk of:

26          1)     Inconsistent or varying adjudications with respect to individual

27                members of the CALIFORNIA LABOR SUB-CLASS which

28                would establish incompatible standards of conduct for the parties

20

CLASS ACTION COMPLAINT

1    opposing the CALIFORNIA LABOR SUB-CLASS; or,

2  2)    Adjudication with respect to individual members of the

3    CALIFORNIA LABOR SUB-CLASS which would as a practical

4    matter be dispositive of interests of the other members not party to

5    the adjudication or substantially impair or impede their ability to

6    protect their interests.

7  (b)    The parties opposing the CALIFORNIA LABOR SUB-CLASS have acted

8    or refused to act on grounds generally applicable to the CALIFORNIA

9    LABOR SUB-CLASS, making appropriate class-wide relief with respect

10    to the CALIFORNIA LABOR SUB-CLASS as a whole in that

11    DEFENDANT fails to pay all wages due. Including the correct wages for

12    all time worked by the members of the CALIFORNIA LABOR SUB-

13    CLASS as required by law;

14  (c)    Common questions of law and fact predominate as to the members of the

15    CALIFORNIA LABOR SUB-CLASS, with respect to the practices and

16    violations of California Law as listed above, and predominate over any

17    question affecting only individual CALIFORNIA LABOR SUB-CLASS

18    Members, and a Class Action is superior to other available methods for

19    the fair and efficient adjudication of the controversy, including

20    consideration of:

21  1)    The interests of the members of the CALIFORNIA LABOR SUB-

22    CLASS in individually controlling the prosecution or defense of

23    separate actions in that the substantial expense of individual

24    actions will be avoided to recover the relatively small amount of

25    economic losses sustained by the individual CALIFORNIA

26    LABOR SUB-CLASS Members when compared to the substantial

27    expense and burden of individual prosecution of this litigation;

28  2)    Class certification will obviate the need for unduly duplicative

21

CLASS ACTION COMPLAINT

1    litigation that would create the risk of:

2         A.    Inconsistent or varying adjudications with respect to

3    individual members of the CALIFORNIA LABOR SUB-

4    CLASS, which would establish incompatible standards of

5    conduct for the DEFENDANT; and/or,

6         B.    Adjudications with respect to individual members of the

7    CALIFORNIA LABOR SUB-CLASS would as a practical

8    matter be dispositive of the interests of the other members

9    not parties to the adjudication or substantially impair or

10   impede their ability to protect their interests;

11   3)   In the context of wage litigation because a substantial number of

12   individual CALIFORNIA LABOR SUB-CLASS Members will

13   avoid asserting their legal rights out of fear of retaliation by

14   DEFENDANT, which may adversely affect an individual's job

15   with DEFENDANT or with a subsequent employer, the Class

16   Action is the only means to assert their claims through a

17   representative; and,

18   4)   A class action is superior to other available methods for the fair

19   and efficient adjudication of this litigation because class treatment

20   will obviate the need for unduly and unnecessary duplicative

21   litigation that is likely to result in the absence of certification of

22   this action pursuant to Cal. Code of Civ. Proc. § 382.

23   45.   This Court should permit this action to be maintained as a Class Action pursuant

24   to Cal. Code of Civ. Proc. § 382 because:

25   (a)   The questions of law and fact common to the CALIFORNIA LABOR

26   SUB-CLASS predominate over any question affecting only individual

27   CALIFORNIA LABOR SUB-CLASS Members;

28   (b)   A Class Action is superior to any other available method for the fair and

22

CLASS ACTION COMPLAINT

1    efficient adjudication of the claims of the members of the CALIFORNIA

2    LABOR SUB-CLASS because in the context of employment litigation a

3    substantial number of individual CALIFORNIA LABOR SUB-CLASS

4    Members will avoid asserting their rights individually out of fear of

5    retaliation or adverse impact on their employment;

6    (c)    The members of the CALIFORNIA LABOR SUB-CLASS are so

7    numerous that it is impractical to bring all members of the CALIFORNIA

8    LABOR SUB-CLASS before the Court;

9    (d)    PLAINTIFF, and the other CALIFORNIA LABOR SUB-CLASS

10    Members, will not be able to obtain effective and economic legal redress

11    unless the action is maintained as a Class Action;

12    (e)    There is a community of interest in obtaining appropriate legal and

13    equitable relief for the acts of unfair competition, statutory violations and

14    other improprieties, and in obtaining adequate compensation for the

15    damages and injuries which DEFENDANT's actions have inflicted upon

16    the CALIFORNIA LABOR SUB-CLASS;

17    (f)    There is a community of interest in ensuring that the combined assets of

18    DEFENDANT are sufficient to adequately compensate the members of

19    the CALIFORNIA LABOR SUB-CLASS for the injuries sustained;

20    (g)    DEFENDANT has acted or refused to act on grounds generally applicable

21    to the CALIFORNIA LABOR SUB-CLASS, thereby making final class-

22    wide relief appropriate with respect to the CALIFORNIA LABOR SUB-

23    CLASS as a whole;

24    (h)    The members of the CALIFORNIA LABOR SUB-CLASS are readily

25    ascertainable from the business records of DEFENDANT.    The

26    CALIFORNIA LABOR SUB-CLASS consists of all CALIFORNIA

27    CLASS Members who worked for DEFENDANT in California at any

28    time during the CALIFORNIA LABOR SUB-CLASS PERIOD; and,

23

CLASS ACTION COMPLAINT

1       (i)     Class treatment provides manageable judicial treatment calculated to bring

2                  a efficient and rapid conclusion to all litigation of all wage and hour

3                  related claims arising out of the conduct of DEFENDANT as to the

4                  members of the CALIFORNIA LABOR SUB-CLASS.

5

6                              **FIRST CAUSE OF ACTION**

7                             **For Unlawful Business Practices**

8                **[Cal. Bus. And Prof. Code §§ 17200, *et seq*.]**

9       **(By PLAINTIFF and the CALIFORNIA CLASS and Against All Defendants)**

10       46.     PLAINTIFF, and the other members of the CALIFORNIA CLASS, reallege and

11  incorporate by this reference, as though fully set forth herein, the prior paragraphs of this

12  Complaint.

13       47.     DEFENDANT is a "person" as that term is defined under Cal. Bus. and Prof.

14  Code § 17021.

15       48.     California Business & Professions Code §§ 17200, *et seq.* (the "UCL") defines

16  unfair competition as any unlawful, unfair, or fraudulent business act or practice.  Section

17  17203 authorizes injunctive, declaratory, and/or other equitable relief with respect to unfair

18  competition as follows:

19         Any person who engages, has engaged, or proposes to engage in unfair
competition may be enjoined in any court of competent jurisdiction. The court

20         may make such orders or judgments, including the appointment of a receiver, as
may be necessary to prevent the use or employment by any person of any practice

21         which constitutes unfair competition, as defined in this chapter, or as may be
necessary to restore to any person in interest any money or property, real or

22         personal, which may have been acquired by means of such unfair competition.

23  Cal. Bus. & Prof. Code § 17203.

24       49.     By the conduct alleged herein, DEFENDANT has engaged and continues to

25  engage in a business practice which violates California law, including but not limited to, the

26  applicable Industrial Wage Order(s), the California Code of Regulations and the California

27  Labor Code including Sections 204, 210, 221, 226.7, 246, 510, 512, 1194, 1197, 1197.1, 1198,

28  2802 and the Fair Labor Standards Act and federal regulations promulgated thereunder, for

24

**EXHIBIT A**
**PAGE 91**

1   which this Court should issue declaratory and other equitable relief pursuant to Cal. Bus. &
2   Prof. Code § 17203 as may be necessary to prevent and remedy the conduct held to constitute
3   unfair competition, including restitution of wages wrongfully withheld.

4       50.   By the conduct alleged herein, DEFENDANT's practices were unlawful and
5   unfair in that these practices violate public policy, were immoral, unethical, oppressive,
6   unscrupulous or substantially injurious to employees, and were without valid justification or
7   utility for which this Court should issue equitable and injunctive relief pursuant to Section
8   17203 of the California Business & Professions Code, including restitution of wages wrongfully
9   withheld.

10      51.   By the conduct alleged herein, DEFENDANT's practices were deceptive and
11  fraudulent in that DEFENDANT's policy and practice failed to provide the legally mandated
12  meal and rest periods, the required amount of compensation for missed meal and rest periods
13  and overtime and minimum wages owed, failed to timely pay wages, and failed to reimburse
14  al necessary business expenses incurred, and failed to provide Fair Labor Standards Act
15  overtime wages due for overtime worked as a result of failing to include non-discretionary
16  incentive compensation into their regular rates of pay for purposes of computing the proper
17  overtime pay due to a business practice that cannot be justified, pursuant to the applicable Cal.
18  Lab. Code, and Industrial Welfare Commission requirements in violation of Cal. Bus. Code §§
19  17200, *et seq.*, and for which this Court should issue injunctive and equitable relief, pursuant
20  to Cal. Bus. & Prof. Code § 17203, including restitution of wages wrongfully withheld.

21      52.   By the conduct alleged herein, DEFENDANT's practices were also unlawful,
22  unfair and deceptive in that DEFENDANT's employment practices caused PLAINTIFF and the
23  other members of the CALIFORNIA CLASS to be underpaid during their employment with
24  DEFENDANT.

25      53.   By the conduct alleged herein, DEFENDANT's practices were also unlawful,
26  unfair and deceptive in that DEFENDANT's policies, practices and procedures failed to provide
27  all legally required meal breaks to PLAINTIFF and the other members of the CALIFORNIA
28  CLASS as required by Cal. Lab. Code §§ 226.7 and 512.

CLASS ACTION COMPLAINT

54.     Therefore, PLAINTIFF demands on behalf of himself and on behalf of each CALIFORNIA CLASS Member, one (1) hour of pay for each workday in which an off-duty meal period was not timely provided for each five (5) hours of work, and/or one (1) hour of pay for each workday in which a second off-duty meal period was not timely provided for each ten (10) hours of work.

55.     PLAINTIFF further demands on behalf of himself and each member of the CALIFORNIA LABOR SUB-CLASS, one (1) hour of pay for each workday in which an off duty paid rest period was not timely provided as required by law.

56.     By and through the unlawful and unfair business practices described herein, DEFENDANT has obtained valuable property, money and services from PLAINTIFF and the other members of the CALIFORNIA CLASS, including earned wages for all time worked, and has deprived them of valuable rights and benefits guaranteed by law and contract, all to the detriment of these employees and to the benefit of DEFENDANT so as to allow DEFENDANT to unfairly compete against competitors who comply with the law.

57.     All the acts described herein as violations of, among other things, the Industrial Welfare Commission Wage Orders, the California Code of Regulations, and the California Labor Code, were unlawful and in violation of public policy, were immoral, unethical, oppressive and unscrupulous, were deceptive, and thereby constitute unlawful, unfair and deceptive business practices in violation of Cal. Bus. & Prof. Code §§ 17200, *et seq*.

58.     PLAINTIFF and the other members of the CALIFORNIA CLASS are entitled to, and do, seek such relief as may be necessary to restore to them the money and property which DEFENDANT has acquired, or of which PLAINTIFF and the other members of the CALIFORNIA CLASS have been deprived, by means of the above described unlawful and unfair business practices, including earned but unpaid wages for all time worked.

59.     PLAINTIFF and the other members of the CALIFORNIA CLASS are further entitled to, and do, seek a declaration that the described business practices are unlawful, unfair and deceptive, and that injunctive relief should be issued restraining DEFENDANT from engaging in any unlawful and unfair business practices in the future.

CLASS ACTION COMPLAINT

1    60.    PLAINTIFF and the other members of the CALIFORNIA CLASS have no plain,

2    speedy and/or adequate remedy at law that will end the unlawful and unfair business practices

3    of DEFENDANT.  Further, the practices herein alleged presently continue to occur unabated.

4    As a result of the unlawful and unfair business practices described herein, PLAINTIFF and the

5    other members of the CALIFORNIA CLASS have suffered and will continue to suffer

6    irreparable legal and economic harm unless DEFENDANT is restrained from continuing to

7    engage in these unlawful and unfair business practices.

8

9                          **SECOND CAUSE OF ACTION**

10                       **For Failure To Pay Minimum Wages**

11                    **[Cal. Lab. Code §§ 1194, 1197 and 1197.1]**

12              **(By PLAINTIFF and the CALIFORNIA LABOR SUB-CLASS**

13                          **and Against All Defendants)**

14    61.    PLAINTIFF, and the other members of the CALIFORNIA LABOR SUB-

15    CLASS, reallege and incorporate by this reference, as though fully set forth herein, the prior

16    paragraphs of this Complaint.

17    62.    PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS

18    bring a claim for DEFENDANT's willful and intentional violations of the California Labor

19    Code and the Industrial Welfare Commission requirements for DEFENDANT's failure to

20    accurately calculate and pay minimum wages to PLAINTIFF and CALIFORNIA CLASS

21    Members.

22    63.    Pursuant to Cal. Lab. Code § 204, other applicable laws and regulations, and

23    public policy, an employer must timely pay its employees for all hours worked.

24    64.    Cal. Lab. Code  § 1197 provides the minimum wage for employees fixed by the

25    commission is the minimum wage to be paid to employees, and the payment of a less wage than

26    the minimum so fixed in unlawful.

27    65.    Cal. Lab. Code § 1194 establishes an employee's right to recover unpaid wages,

28    including minimum wage compensation and interest thereon, together with the costs of suit.

                                  27
                         CLASS ACTION COMPLAINT

66.     DEFENDANT maintained a wage practice of paying PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS without regard to the correct amount of time they work. As set forth herein, DEFENDANT's policy and practice was to unlawfully and intentionally deny timely payment of wages due to PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS.

67.     DEFENDANT's unlawful wage and hour practices manifested, without limitation, applicable to the CALIFORNIA LABOR SUB-CLASS as a whole, as a result of implementing a policy and practice that denies accurate compensation to PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS in regards to minimum wage pay.

68.     In committing these violations of the California Labor Code, DEFENDANT inaccurately calculated the correct time worked and consequently underpaid the actual time worked by PLAINTIFF and other members of the CALIFORNIA  LABOR SUB-CLASS. DEFENDANT acted in an illegal attempt to avoid the payment of all earned wages, and other benefits in violation of the California Labor Code, the Industrial Welfare Commission requirements and other applicable laws and regulations.

69.     As a direct result of DEFENDANT's unlawful wage practices as alleged herein, PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS did not receive the correct minimum wage compensation for their time worked for DEFENDANT.

70.     During the CALIFORNIA LABOR SUB-CLASS PERIOD, DEFENDANT required, permitted or suffered PLAINTIFF and CALIFORNIA LABOR SUB-CLASS Members to work without paying them for all the time they were under DEFENDANT's control. During the CALIFORNIA LABOR SUB-CLASS PERIOD, PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS were paid less for time worked that they were entitled to, constituting a failure to pay all earned wages.

71.     By virtue of DEFENDANT's unlawful failure to accurately pay all earned compensation to PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS for the true time they worked, PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS have suffered and will continue to suffer an economic

1   injury in amounts which are presently unknown to them and which will be ascertained

2   according to proof at trial.

3        72.    DEFENDANT knew or should have known that PLAINTIFF and the other

4   members of the CALIFORNIA LABOR SUB-CLASS were under compensated for their time

5   worked.  DEFENDANT elected, either through intentional malfeasance or gross nonfeasance,

6   to not pay employees for their labor as a matter of company policy, practice and procedure, and

7   DEFENDANT perpetrated this scheme by refusing to pay PLAINTIFF and the other members

8   of the CALIFORNIA LABOR SUB-CLASS the correct minimum wages for their time worked.

9        73.    In performing the acts and practices herein alleged in violation of California labor

10  laws, and refusing to compensate the members of the CALIFORNIA LABOR SUB-CLASS for

11  all time worked and provide them with the requisite compensation, DEFENDANT acted and

12  continues to act intentionally, oppressively, and maliciously toward PLAINTIFF and the other

13  members of the CALIFORNIA LABOR SUB-CLASS with a conscious and utter disregard for

14  their legal rights, or the consequences to them, and with the despicable intent of depriving them

15  of their property and legal rights, and otherwise causing them injury in order to increase

16  company profits at the expense of these employees.

17       74.    PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS

18  therefore request recovery of all unpaid wages, according to proof, interest, statutory costs, as

19  well as the assessment of any statutory penalties against DEFENDANT, in a sum as provided

20  by the California Labor Code and/or other applicable statutes.  To the extent minimum wage

21  compensation is determined to be owed to the CALIFORNIA LABOR SUB-CLASS Members

22  who have terminated their employment, DEFENDANT's conduct also violates Labor Code §§

23  201 and/or 202, and therefore these individuals are also be entitled to waiting time penalties

24  under Cal. Lab. Code § 203, which penalties are sought herein on behalf of these

25  CALIFORNIA LABOR SUB-CLASS Members.  DEFENDANT's conduct as alleged herein

26  was willful, intentional and not in good faith.  Further, PLAINTIFF and other CALIFORNIA

27  LABOR SUB-CLASS Members are entitled to seek and recover statutory costs.

28  ///

29

CLASS ACTION COMPLAINT

**THIRD CAUSE OF ACTION**

**For Failure To Pay Overtime Compensation**

**[Cal. Lab. Code § 510]**

**(By PLAINTIFF and the CALIFORNIA LABOR SUB-CLASS and Against All**

**Defendants)**

75.     PLAINTIFF, and the other members of the CALIFORNIA LABOR SUB-CLASS, reallege and incorporate by this reference, as though full set forth herein, the prior paragraphs of this Complaint.

76.     PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS bring a claim for DEFENDANT's willful and intentional violations of the California Labor Code and the Industrial Welfare Commission requirements for DEFENDANT's failure to pay these employees for all overtime worked, including, work performed in excess of eight (8) hours in a workday, and/or twelve (12) hours in a workday, and/or forty (40) hours in any workweek.

77.     Pursuant to Cal. Lab. Code § 204, other applicable laws and regulations, and public policy, an employer must timely pay its employees for all hours worked.

78.     Cal. Lab. Code § 510 further provides that employees in California shall not be employed more than eight (8) hours per workday and more than forty (40) hours per workweek unless they receive additional compensation beyond their regular wages in amounts specified by law.

79.     Cal. Lab. Code § 1194 establishes an employee's right to recover unpaid wages, including minimum wage and overtime compensation and interest thereon, together with the costs of suit.  Cal. Lab. Code § 1198 further states that the employment of an employee for longer hours than those fixed by the Industrial Welfare Commission is unlawful.

80.     During the CALIFORNIA LABOR SUB-CLASS PERIOD, PLAINTIFF and CALIFORNIA LABOR SUB-CLASS Members were required, permitted or suffered by DEFENDANT to work for DEFENDANT and were not paid for all the time they worked, including overtime work.

CLASS ACTION COMPLAINT

81.    DEFENDANT's unlawful wage and hour practices manifested, without limitation, applicable to the CALIFORNIA LABOR SUB-CLASS as a whole, as a result of implementing a policy and practice that failed to accurately record overtime worked by PLAINTIFF and other CALIFORNIA LABOR SUB-CLASS Members and denied accurate compensation to PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS for overtime worked, including, the overtime work performed in excess of eight (8) hours in a workday, and/or twelve (12) hours in a workday, and/or forty (40) hours in any workweek.

82.    In committing these violations of the California Labor Code, DEFENDANT inaccurately recorded overtime worked and consequently underpaid the overtime worked by PLAINTIFF and other CALIFORNIA LABOR-SUB CLASS Members.  DEFENDANT acted in an illegal attempt to avoid the payment of all earned wages, and other benefits in violation of the California Labor Code, the Industrial Welfare Commission requirements and other applicable laws and regulations.

83.    As a direct result of DEFENDANT's unlawful wage practices as alleged herein, the PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS did not receive full compensation for overtime worked.

84.    Cal. Lab. Code § 515 sets out various categories of employees who are exempt from the overtime requirements of the law.  None of these exemptions are applicable to the PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS.  Further, PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS were not subject to a valid collective bargaining agreement that would preclude the causes of action contained herein this Complaint.  Rather, PLAINTIFF brings this Action on behalf of himself and the CALIFORNIA LABOR SUB-CLASS based on DEFENDANT's violations of non-negotiable, non-waiveable rights provided by the State of California.

85.    During the CALIFORNIA LABOR SUB-CLASS PERIOD, PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS have been paid less for overtime worked that they are entitled to, constituting a failure to pay all earned wages..

86.    DEFENDANT failed to accurately pay the PLAINTIFF and the other members

1   of the CALIFORNIA LABOR SUB-CLASS overtime wages for the time they worked which

2   was in excess of the maximum hours permissible by law as required by Cal. Lab. Code §§ 510,

3   1194 & 1198, even though PLAINTIFF and the other members of the CALIFORNIA LABOR

4   SUB-CLASS were required to work, and did in fact work, overtime as to which DEFENDANT

5   failed to accurately record and pay as evidenced by DEFENDANT's business records and

6   witnessed by employees.

7        87.   By virtue of DEFENDANT's unlawful failure to accurately pay all earned

8   compensation to PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-

9   CLASS for the true amount of time they worked, PLAINTIFF and the other members of the

10  CALIFORNIA LABOR SUB-CLASS have suffered and will continue to suffer an economic

11  injury in amounts which are presently unknown to them and which will be ascertained

12  according to proof at trial.

13       88.   DEFENDANT knew or should have known that PLAINTIFF and the other

14  members of the CALIFORNIA LABOR SUB-CLASS were under compensated for all overtime

15  worked.  DEFENDANT elected, either through intentional malfeasance or gross nonfeasance,

16  to not pay employees for their labor as a matter of company policy, practice and procedure, and

17  DEFENDANT perpetrated this scheme by refusing to pay PLAINTIFF and the other members

18  of the CALIFORNIA LABOR SUB-CLASS for overtime worked.

19       89.   In performing the acts and practices herein alleged in violation of California labor

20  laws, and refusing to compensate the members of the CALIFORNIA LABOR SUB-CLASS for

21  all overtime worked and provide them with the requisite overtime compensation, DEFENDANT

22  acted and continues to act intentionally, oppressively, and maliciously toward PLAINTIFF and

23  the other members of the CALIFORNIA LABOR SUB-CLASS with a conscious of and utter

24  disregard for their legal rights, or the consequences to them, and with the despicable intent of

25  depriving them of their property and legal rights, and otherwise causing them injury in order

26  to increase company profits at the expense of these employees.

27       90.   PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS

28  therefore request recovery of all overtime wages, according to proof, interest, statutory costs,

CLASS ACTION COMPLAINT

1   as well as the assessment of any statutory penalties against DEFENDANT, in a sum as provided

2   by the California Labor Code and/or other applicable statutes.  To the extent minimum and/or

3   overtime compensation is determined to be owed to the CALIFORNIA LABOR SUB-CLASS

4   Members who have terminated their employment, DEFENDANT's conduct also violates Labor

5   Code §§ 201 and/or 202, and therefore these individuals are also be entitled to waiting time

6   penalties under Cal. Lab. Code § 203, which penalties are sought herein on behalf of these

7   CALIFORNIA LABOR SUB-CLASS Members.  DEFENDANT's conduct as alleged herein

8   was willful, intentional and not in good faith.  Further, PLAINTIFF and other CALIFORNIA

9   LABOR SUB-CLASS Members are entitled to seek and recover statutory costs.

10
              **FOURTH CAUSE OF ACTION**
11
           **For Failure to Provide Required Meal Periods**
12
              **[Cal. Lab. Code §§ 226.7 & 512 ]**
13
      **(By PLAINTIFF and the CALIFORNIA LABOR SUB-CLASS and Against All**
14
                    **Defendants)**
15
16          91.    PLAINTIFF, and the other members of the CALIFORNIA LABOR SUB-CLASS,

17   reallege and incorporate by this reference, as though fully set forth herein, the prior paragraphs

     of this Complaint.
18
19          92.    During the CALIFORNIA CLASS PERIOD, DEFENDANT from time to time

20   failed to provide all the legally required off-duty meal breaks to PLAINTIFF and the other

21   CALIFORNIA LABOR SUB-CLASS Members as required by the applicable Wage Order and

22   Labor Code.  The nature of the work performed by PLAINTIFF and CALIFORNIA LABOR

23   SUB-CLASS MEMBERS did not prevent these employees from being relieved of all of their

24   duties for the legally required off-duty meal periods.  As a result of their rigorous work

25   schedules, PLAINTIFF and other CALIFORNIA LABOR SUB-CLASS Members were from

26   time to time not fully relieved of duty by DEFENDANT for their meal periods.  Additionally,

27   DEFENDANT's failure to provide PLAINTIFF and the CALIFORNIA LABOR SUB-CLASS

28   Members with legally required meal breaks prior to their fifth (5th) hour of work is evidenced

EXHIBIT A
PAGE 100

1   by DEFENDANT's business records from time to time.  Further, DEFENDANT failed to

2   provide PLAINTIFF and CALIFORNIA CLASS Members with a second off-duty meal period

3   in some workdays in which these employees were required by DEFENDANT to work ten (10)

4   hours of work from time to time.  As a result, PLAINTIFF and other members of the

5   CALIFORNIA LABOR SUB-CLASS therefore forfeited meal breaks without additional

6   compensation and in accordance with DEFENDANT's strict corporate policy and practice.

7        93.    DEFENDANT further violates California Labor Code §§ 226.7 and the applicable

8   IWC Wage Order by failing to compensate PLAINTIFF and CALIFORNIA LABOR SUB-

9   CLASS Members who were not provided a meal period, in accordance with the applicable

10  Wage Order, one additional hour of compensation at each employee's regular rate of pay for

11  each workday that a meal period was not provided.

12       94.    As a proximate result of the aforementioned violations, PLAINTIFF and

13  CALIFORNIA LABOR SUB-CLASS Members have been damaged in an amount according

14  to proof at trial, and seek all wages earned and due, interest, penalties, expenses and costs of

15  suit.

16

17                        **FIFTH CAUSE OF ACTION**

18                 **For Failure to Provide Required Rest Periods**

19                      **[Cal. Lab. Code §§ 226.7 & 512 ]**

20        **(By PLAINTIFF and the CALIFORNIA LABOR SUB-CLASS and Against All**

21                              **Defendants)**

22       95.    PLAINTIFF, and the other members of the CALIFORNIA LABOR SUB-CLASS,

23  reallege and incorporate by this reference, as though fully set forth herein, the prior paragraphs

24  of this Complaint.

25       96.    PLAINTIFF and other CALIFORNIA LABOR SUB-CLASS Members were from

26  time to time required to work in excess of four (4) hours without being provided ten (10) minute

27  rest periods.  Further, these employees from time to time were denied their first rest periods of

28  at least ten (10) minutes for some shifts worked of at least two (2) to four (4) hours, a first and

                                    34

**EXHIBIT A**
**PAGE 101**

second rest period of at least ten (10) minutes for some shifts worked of between six (6) and eight (8) hours, and a first, second and third rest period of at least ten (10) minutes for some shifts worked of ten (10) hours or more from time to time. PLAINTIFF and other CALIFORNIA LABOR SUB-CLASS Members were also not provided with one hour wages in lieu thereof.  As a result of their rigorous work schedules, PLAINTIFF and other CALIFORNIA LABOR SUB-CLASS Members were periodically denied their proper rest periods by DEFENDANT and DEFENDANT's managers.

97.     DEFENDANT further violated California Labor Code §§ 226.7 and the applicable IWC Wage Order by failing to compensate PLAINTIFF and CALIFORNIA LABOR SUB-CLASS Members who were not provided a rest period, in accordance with the applicable Wage Order, one additional hour of compensation at each employee's regular rate of pay for each workday that rest period was not provided.

98.     As a proximate result of the aforementioned violations, PLAINTIFF and CALIFORNIA LABOR SUB-CLASS Members have been damaged in an amount according to proof at trial, and seek all wages earned and due, interest, penalties, expenses and costs of suit.

## SIXTH CAUSE OF ACTION

### For Failure to Provide Accurate Itemized Statements

### [Cal. Lab. Code § 226]

### (By PLAINTIFF and the CALIFORNIA LABOR SUB-CLASS and Against All Defendants)

99.     PLAINTIFF, and the other members of the CALIFORNIA LABOR SUB-CLASS, reallege and incorporate by this reference, as though fully set forth herein, the prior paragraphs of this Complaint.

100.    Cal. Labor Code § 226 provides that an employer must furnish employees with

an "accurate itemized" statement in writing showing:

(1) gross wages earned,

35

(2) total hours worked by the employee, except for any employee whose compensation is solely based on a salary and who is exempt from payment of overtime under subdivision (a) of Section 515 or any applicable order of the Industrial Welfare Commission,
(3) the number of piecerate units earned and any applicable piece rate if the employee is paid on a piece-rate basis,
(4) all deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one item,
(5) net wages earned,
(6) the inclusive dates of the period for which the employee is paid,
(7) the name of the employee and his or her social security number, except that by January 1, 2008, only the last four digits of his or her social security number or an employee identification number other than a social security number may be shown on the itemized statement,
(8) the name and address of the legal entity that is the employer, and
(9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee.

101.    From time to time, DEFENDANT also fails to provide PLAINTIFF and the other members of  the CALIFORNIA LABOR SUB-CLASS with complete and accurate wage statements which failed to show, among other things, the correct gross and net wages earned.  Cal. Lab. Code § 226 provides that every employer shall furnish each of his or her employees with an accurate itemized wage statement in writing showing, among other things, gross wages earned and all applicable hourly rates in effect during the pay period and the corresponding amount of time worked at each hourly rate.  Additionally, DEFENDANT violates Cal. Lab. Code 226(a)(8) by failing to list the correct name of the legal entity that employs PLAINTIFF and other CALIFORNIA LABOR SUB-CLASS Members. Aside, from the violations listed above in this paragraph, DEFENDANT fails to issue to PLAINTIFF an itemized wage statement that lists all the requirements under California Labor Code 226 *et seq*. As a result, DEFENDANT from time to time provides PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS with wage statements which violated Cal. Lab. Code § 226.

102.    DEFENDANT knowingly and intentionally failed to comply with Cal. Lab. Code § 226, causing injury and damages to PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS.  These damages include, but are not limited to, costs expended calculating the correct wages for all missed meal and rest breaks and the amount of employment taxes which were not properly paid to state and federal tax authorities.

CLASS ACTION COMPLAINT

1  These damages are difficult to estimate.  Therefore, PLAINTIFF and the other members of

2  the CALIFORNIA LABOR SUB-CLASS may elect to recover liquidated damages of fifty

3  dollars ($50.00) for the initial pay period in which the violation occurred, and one hundred

4  dollars ($100.00) for each violation in a subsequent pay period pursuant to Cal. Lab. Code §

5  226, in an amount according to proof at the time of trial (but in no event more than four

6  thousand dollars ($4,000.00) for PLAINTIFF and each respective member of the

7  CALIFORNIA LABOR SUB-CLASS herein).

8

9                    **SEVENTH CAUSE OF ACTION**

10          **For Failure to Reimburse Employees for Required Expenses**

11                         **[Cal. Lab. Code § 2802]**

12      **(By PLAINTIFF and the CALIFORNIA LABOR SUB-CLASS and Against All**

13                                **Defendants)**

14          103.    PLAINTIFF and the other CALIFORNIA LABOR SUB-CLASS members

15  reallege and incorporate by this reference, as though fully set forth herein, the prior

16  paragraphs of this Complaint.

17          104.    Cal. Lab. Code § 2802 provides, in relevant part, that:

18      An employer shall indemnify his or her employee for all necessary
        expenditures or losses incurred by the employee in direct consequence of the
19      discharge of his or her duties, or of his or her obedience to the directions of the
        employer, even though unlawful, unless the employee, at the time of obeying
20      the directions, believed them to be unlawful.

21          105.    At all relevant times herein, DEFENDANT violated Cal. Lab. Code § 2802,

22  by failing to indemnify and reimburse PLAINTIFF and the CALIFORNIA LABOR SUB-

23  CLASS members for required expenses incurred in the discharge of their job duties for

24  DEFENDANT's benefit.  DEFENDANT failed to reimburse PLAINTIFF and the

25  CALIFORNIA LABOR SUB-CLASS members for expenses which included, but were not

26  limited to, costs related to using their personal cellular phones on behalf of and for the

27  benefit of DEFENDANT.  Specifically, PLAINTIFF and other CALIFORNIA LABOR

28

**EXHIBIT A
PAGE 104**

1   SUB-CLASS Members were required by DEFENDANT to use their personal cellular

2   phones in order to perform work related job tasks.  DEFENDANT's policy and practice was

3   to not reimburse PLAINTIFF and the CALIFORNIA LABOR SUB-CLASS members for

4   expenses resulting from using their personal cellular phones for DEFENDANT within the

5   course and scope of their employment for DEFENDANT.  These expenses were necessary

6   to complete their principal job duties. DEFENDANT is estopped  by DEFENDANT's

7   conduct to assert any waiver of this expectation.  Although these expenses were necessary

8   expenses incurred by PLAINTIFF and the CALIFORNIA LABOR SUB-CLASS members,

9   DEFENDANT failed to indemnify and reimburse PLAINTIFF and the CALIFORNIA

10   LABOR SUB-CLASS members for these expenses as an employer is required to do under

11   the laws and regulations of California.

12        106.    PLAINTIFF therefore demands reimbursement for expenditures or losses

13   incurred by himself and the CALIFORNIA LABOR SUB-CLASS members in the discharge

14   of their  job duties for DEFENDANT, or their obedience to the directions of DEFENDANT,

15   with interest at the statutory rate and costs under Cal. Lab. Code § 2802.

16   **EIGHTH CAUSE OF ACTION**

17   **For Failure to Pay Sick Pay Wages**

18   **[ Cal. Lab. Code §§ 201-204, 210, 233, 246]**

19   **(By PLAINTIFF and the CALIFORNIA LABOR SUB-CLASS**

20   **and Against All Defendants)**

21        107.    PLAINTIFF, and the other members of the CALIFORNIA LABOR SUB-

22   CLASS, reallege and incorporate by reference, as though fully set forth herein, the prior

23   paragraphs of this Complaint.

24        108.    Cal Lab. Code § 233 provides that an employer must permit an employee to

25   use accrued sick leave in accordance with Cal Lab. Code § 246.5 at the employee's then

26   current rate of entitlement.  Cal Lab. Code § 246 provides that an employee is entitled to

27   sick pay wages for use of accrued sick leave pursuant to Cal Lab. Code § 246.5.

28   Specifically, once accrued sick leave is used as paid sick time, an employee has a vested

right to sick pay wages, which an employer must calculate and compensate based on one of two calculations: (i) "Paid sick time for nonexempt employees shall be calculated in the same manner as the regular rate of pay for the workweek in which the employee uses paid sick time, whether or not the employee actually works overtime in that workweek," or (ii) "Paid sick time for nonexempt employees shall be calculated by dividing the employee's total wages, not including overtime premium pay, by the employee's total hours worked in the full pay periods of the prior 90 days of employment." Under Cal Lab. Code §§ 218 and 233, employees may sue to recover underpaid sick pay wages as damages.

109.    As a matter of policy and practice, DEFENDANT pays sick pay wages to PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS at the incorrect rate of pay.  PLAINTIFF and the other members of the CALIFORNIA LABOR-SUB-CLASS regularly use accrued sick leave in the workweeks in which they also earn non-hourly remuneration.  As a matter of policy and practice, DEFENDANT pays sick pay wages to PLAINTIFF and the other members of the CALIFORNIA LABOR-SUB-CLASS at the base hourly pay, as opposed to the regular rate of pay, which would consider all non-hourly remuneration in addition to base hourly wages, or the rate resulting from dividing the employee's total wages, not including overtime premium pay, by the employee's total hours worked in the full pay periods of the prior 90 days of employment.  As a result, DEFENDANT underpaid sick pay wages to PLAINTIFF and the other members of the CALIFORNIA LABOR-SUB-CLASS.

110.    Cal. Lab. Code § 204 provides that wages generally are due and payable twice during each calendar month and are to be paid no later than the payday for the next regular payroll period.  Consistent with Cal. Lab. Code § 204, Cal. Lab. Code § 246 specifically requires that, upon use of accrued sick leave, vested sick pay wages are due and to be paid no later than the payday for the next regular payroll period after accrued sick leave is used as paid sick time.  Similarly, Cal. Lab. Code § 201 provides that if an employer discharges an employee, wages earned and unpaid at the time of discharge are due and payable immediately. Cal. Lab. Code § 202 provides that an employee is entitled to receive all

39

EXHIBIT A
PAGE 106

1  unpaid wages no later than 72 hours after an employee quits his or her employment, unless

2  the employee has given 72-hour notice of his or her intention to quit, in which case the

3  employee is entitled to his or her wages at the time of quitting.  The Labor Code penalizes

4  untimely payments.  For example, Cal. Lab. Code § 203 provides that if an employer

5  willfully fails to pay wages owed in accordance with Cal. Lab. Code §§ 201-202, then the

6  wages of the employee shall continue as a penalty from the due date, and at the same rate

7  until paid, but the wages shall not continue for more than thirty (30) days. Likewise, Cal.

8  Lab. Code § 210 provides penalties for violations of Cal. Lab. Code § 204 and untimely

9  payments during employment.  Under Cal. Lab. Code §§ 203, 210 and 218, employees may

10  sue to recover applicable penalties.

11       111.    As alleged herein and as a matter of policy and practice, DEFENDANT

12  routinely underpays sick pay wages and thus did not timely pay PLAINTIFF and the other

13  members of the CALIFORNIA LABOR-SUB-CLASS all owing and underpaid sick pay

14  wages.  As a result, DEFENDANT violates Cal. Lab. Code §§ 201-204, 210, 233, and 246,

15  among other Labor Code provisions.  PLAINTIFF is informed and believes that

16  DEFENDANT was advised by skilled lawyers and knew, or should have known, of the

17  mandates of the Labor Code as it relates to PLAINTIFF's allegations, especially since the

18  California Supreme Court has explained that "[c]ourts have recoginzed that 'wages' also

19  include those benefits to which an employee is entitled as a part of his or her compensation,

20  including money, room, board, clothing, vacation pay, *and sick pay*." *Murphy v. Kenneth

21  Cole Prods., Inc*., 40 Cal. 4th 1094, 1103 (2007)(emphasis added). Because DEFENDANT

22  willfully fails to timely pay PLAINTIFF and the other members of the CALIFORNIA

23  LABOR-SUB-CLASS all sick pay wages due, DEFENDANT is subject to applicable

24  penalties.

25       112.    Such a pattern, practice, and uniform administration of corporate policy is

26  unlawful and entitles PLAINTIFF and the other members of the CALIFORNIA LABOR-

27  SUB-CLASS to underpaid sick pay wages, including interest thereon, applicable penalties,

28  attorney's fees, and costs of suit.

40

CLASS ACTION COMPLAINT

**PRAYER FOR RELIEF**

WHEREFORE, PLAINTIFF prays for judgment against each Defendant, jointly and severally, as follows:

1. On behalf of the CALIFORNIA CLASS:

    A) That the Court certify the First Cause of Action asserted by the CALIFORNIA CLASS as a class action pursuant to Cal. Code of Civ. Proc. § 382;

    B) An order temporarily, preliminarily and permanently enjoining and restraining DEFENDANT from engaging in similar unlawful conduct as set forth herein;

    C) An order requiring DEFENDANT to pay all wages and all sums unlawfuly withheld from compensation due to PLAINTIFF and the other members of the CALIFORNIA CLASS; and,

    D) Restitutionary disgorgement of DEFENDANT's ill-gotten gains into a fluid fund for restitution of the sums incidental to DEFENDANT's violations due to PLAINTIFF and to the other members of the CALIFORNIA CLASS.

2. On behalf of the CALIFORNIA LABOR SUB-CLASS:

    A) That the Court certify the Second, Third, Fourth, Fifth, Sixth, Seventh and Eighth Causes of Action asserted by the CALIFORNIA LABOR SUB-CLASS as a class action pursuant to Cal. Code of Civ. Proc. § 382;

    B) Compensatory damages, according to proof at trial, including compensatory damages for minimum, overtime and sick pay compensation due PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS, during the applicable CALIFORNIA LABOR SUB-CLASS PERIOD plus interest thereon at the statutory rate;

    C) The greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) per each member of the CALIFORNIA LABOR SUB-CLASS for each violation in a subsequent pay period, not exceeding an aggregate penalty of four thousand dollars ($4,000), and

EXHIBIT A
PAGE 108

1                  an award of costs for violation of Cal. Lab. Code § 226;

2      D)     Meal and rest period compensation pursuant to Cal. Lab. Code §§ 226.7, 512 and

3              the applicable IWC Wage Order;

4      E)     For liquidated damages pursuant to California Labor Code Sections 1194.2 and

5              1197; and,

6      F)     The amount of the expenses PLAINTIFF and each member of the CALIFORNIA

7              LABOR SUBCLASS incurred in the course of their job duties, plus interest, and

8              costs of suit.

9   3.     On all claims:

10      A)     An award of interest, including prejudgment interest at the legal rate;

11      B)     Such other and further relief as the Court deems just and equitable; and,

12      C)     An award of penalties, attorneys' fees and cost of suit, as allowable under the

13              law, including, but not limited to, pursuant to Labor Code §221, §226, §1194,

14              and/or §2802.

15   Dated: January 18, 2023         BLUMENTHAL NORDREHAUG BHOWMIK DE BLOUW LLP

16

17

18                       By: _____

19                            Norman B. Blumenthal
                           Kyle R. Nordrehaug

20                            Nicholas J. De Blouw

21                            *Attorneys for Plaintiff*

22

23

24

25

26

27

28

42

**EXHIBIT A
PAGE 109**

1

## **DEMAND FOR A JURY TRIAL**

2     PLAINTIFF demands a jury trial on issues triable to a jury.

3

4     Dated: January 18, 2023          BLUMENTHAL NORDREHAUG BHOWMIK DE BLOUW LLP

5

6                          By: _____

7                               Norman B. Blumenthal
                                Kyle R. Nordrehaug
8                               Nicholas J. De Blouw

9                               *Attorneys for Plaintiff*

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

43

CLASS ACTION COMPLAINT

# CASE MANAGEMENT CONFERENCE
# POLICY & INFORMATION

**I.      INTRODUCTION**

Welcome to Merced Superior Court's Case Management Conference (or "CMC") Program. CMCs are public hearings between the parties and the Court, usually taken in an office setting, designed to monitor the status of a case in order to ensure adequate progress is being made by all parties.  Generally, parties at CMCs report on whether all Complaints and Answers have been filed, the status of discovery including written discovery requests and depositions, and the possibility of the parties engaging in Alternative Dispute Resolution ("ADR") procedures such as arbitration, mediation or neutral case evaluation.  The final purpose of a CMC is to determine the parties' readiness for trial and to assign reasonable mandatory settlement conference and trial dates.  After each CMC hearing, the Court issues and serves on all parties a CMC Findings & Order ("CMC F&O") reflecting the findings made at the CMC and any instructions on how the parties are to proceed.

The information being provided here is designed to take you through the CMC process and answer most commonly asked questions.  This information is broken down into logical steps, namely, what you generally need to know and do (1) before the CMC, (2) at the CMC, and (3) after you achieve resolution of your case.

Additional information is available from the Court's website (www.merced.courts.ca.org), the California Rules of Court (http://www.courtinfo.ca.gov/rules), the California Code of Civil Procedure (http://www.leginfo.ca.gov/calaw.html), and the Court's Local Rules (http://www.merced.courts.ca.org).

**II.      BEFORE THE CMC**

Plaintiff is to serve the Complaint within 60 days per California Rules of Court, Rule 3.110, and bring the case at issue (Complaint answered) thereafter, absent the filing of a Demurrer. Extensions to respond to the Complaint may only extend 15 days beyond the 30 days allotted without leave of Court; **open-ended extensions are not valid**.

Before the first CMC, Parties are obliged to Meet and Confer, file and serve a CMC Statement, and participate in the Court's Early Mediation Program.

### *Early Mediation Program*

All Unlimited Civil cases are assigned to the Court's Early Mediation Program ("EMP").  As part of their duties to meet and confer, parties are to review the Court's Alternative Dispute Resolution ("ADR") Information Guide (available at www.merced.courts.ca.org) and discuss what types of ADR procedures, in addition to or in place of Early Mediation, appear beneficial to achieving resolution.  To that end, attorneys are to obtain their client's consent to any ADR procedures contemplated **before the hearing on the CMC.**  Where a case appears amenable to Judicial Arbitration and the parties: (1) opt out of Early Mediation, and (2) do not stipulate to another form of ADR, the case will generally be ordered to Judicial Arbitration within 60 days (or within 90 days, if good cause is shown).  Parties are to comply with all assigned and/or stipulated ADR completion dates.

When a case is to undertake Early Mediation, Plaintiff collects the $300 EMP fee, submits it to the Civil Clerk's Office, and the parties then select a Mediator from the Court's ADR Neutral Panel, available on the Court's website ***www.merced.courts.ca.gov***.  **Early Mediation must be completed before the first CMC**, unless an Opt-Out Form is filed within the first 120 days the Complaint has been pending.  Further details on the Court's EMP may be found in the ADR Guide, also available on the Court's website.

### Parties' Meet and Confer

At least 30 days prior to the CMC, parties are to meet and confer per Cal. Rules of Court, Rule 3.724, and discuss:

- Discovery disputes/schedules
- Facts and issues that are uncontested and those in dispute
- Motions pending or anticipated
- Settlement of the case
- Trial scheduling

### CMC Statement

No later than 15 days before the CMC, parties are to COMPLETELY fill out and file a CMC Statement (Form CM-110) available on-line at www.courtinfo.ca.gov.  The CMC Statement must also be served on all parties.

### Case Designation and Status

Commensurate with the Trial Court Delay Reduction Act, cases are automatically presumed to be Category I type cases (12 month duration).  Upon an appropriate showing at the CMC Hearing, cases may be designated Category II (18 month duration) or Category III (24 month duration). Trial dates will be set accordingly absent any stays or other constraints.

**PARTIES ARE TO TAKE EVERY REASONABLE EFFORT TO ENSURE THEIR CASE IS "AT ISSUE" BY THE FIRST CMC HEARING, WHICH IS SET APPROXIMATELY 150 DAYS FROM THE FILING OF THE ORIGINAL COMPLAINT.  "AT ISSUE" MEANS THAT THE COMPLAINT HAS BEEN PROPERLY SERVED ON ALL DEFENDANTS, ALL PROOFS OF SERVICE HAVE BEEN FILED WITH THE COURT, AND EACH DEFENDANT HAS FILED A RESPONSIVE PLEADING (*e.g.* AN ANSWER OR DEMURRER).  FAILURE TO BRING A CASE AT ISSUE BY THE FIRST CMC MAY RESULT IN THE CASE BEING REFERRED FOR AN ORDER TO SHOW CAUSE ("OSC") RE DISMISSAL AS TO ANY UNSERVED PARTIES.**

### III.   APPEARING AT THE CMC

All Parties must appear at scheduled CMC hearings (either telephonically or in person).  Only trial counsel or counsel thoroughly prepared to discuss the case and authorized to commit to discovery, ADR and trial issues should appear at CMC hearings.  FAILURE TO APPEAR AT A SCHEDULED CMC HEARING MAY RESULT IN WAIVER OF A PARTY'S RIGHTS (such as the right to a jury trial), SANCTIONS, AND POSSIBLE DISMISSAL OF THE ENTIRE ACTION.

### Appearing in Person

Parties may appear in person for Case Management Conferences by reporting to Courtroom 8 at 627 W. 21st Street, Merced, CA 95340.  All CMC's are scheduled on Thursdays at 9:30am.

### Appearing by Telephone

Parties are also welcome to appear telephonically by complying with Cal. Rules of Court, Rule 3.670, Merced Superior Court Local Rules, Rule 4, and by making timely arrangements with CourtCall, LLC.  CourtCall, LLC may be reached at: (888) 882-6878.  Parties may give notice of their intent to appear by telephone by indicating "TELEPHONIC APPEARANCE REQUESTED" on their CMC Statements filed at least 15 days before the CMC, or by independently filing with the Court a Request for Telephonic Appearance, NOT LESS THAN THREE (3) COURT DAYS, prior to the Case Management Conference.  The initial Notice of Telephonic Appearance will be deemed valid as to any continued CMC Hearings scheduled thereafter.  Parties are to inform CourtCall of the specific Judge, Commissioner or Temporary Judge assigned to hear the CMCs in your case. All parties dialing into courtcall will be placed on hold and connected to the courtroom once the case is called for hearing.

*Consolidated Matters*

Once a case **is ordered** consolidated by the trial court, Parties are relieved from appearing at scheduled CMC hearings in **non-lead matters**.  All further CMCs in non-lead matters are taken off calendar automatically by the Court.

*Assignment of Temporary Judge*

CMCs are typically heard by Temporary Judges whom are qualified members of the California State Bar.  Pursuant to Cal. Rules of Court, Rule 2.816, all parties have the right to have their CMCs heard by a Judge or Commissioner, if requested.  Unless one or more of the parties make their request for a Judge or Commissioner known at the time of the hearing or before, **THE CMC WILL LIKELY BE HEARD BY A TEMPORARY JUDGE**.

## IV.    RESCHEDULING A CMC

Rescheduling CMCs is generally disfavored because:

- Parties and Counsel may conveniently appear telephonically and make any needed request at that time;
- Continued CMCs are generally scheduled with the Party's and Counsel's availability in mind; and
- Rescheduling a CMC may benefit one party, but can be detrimental to other parties, and therefore requires proper notice and/or a stipulation.

**In no case** will CMCs be rescheduled based on the written or telephonic request from a single party.  PARTIES ARE NOT TO MAKE SUCH *EX PARTE* REQUESTS.  Parties desiring to reschedule a CMC, notwithstanding the above, are to either:
1) File and serve a stipulation executed by all parties and appear *ex parte* in the trial court; or
2) File a fully-noticed motion with the trial court requesting the CMC be rescheduled.

## V.    REPORTING SETTLEMENT

A continued CMC will be ordered up and until a matter is finally disposed of by dismissal of the **entire action** or by entry of final judgment **as to all parties** (including Doe Defendants).  Even where cases are near resolution, a further, continued CMC is generally ordered to make certain final disposition of the matter is properly undertaken.  Appearing at the continued CMC is important because, (1) initial settlement accords do not always result in final disposition of the matter, and (2) after achieving resolution, the parties may fail to file the required papers to confirm final disposition of the matter.   Accordingly, the mere reporting of a settlement is not sufficient to take a CMC off calendar.

However, where the Parties, at least five (5) Court days before a scheduled CMC, file an **Unconditional Notice of Settlement** per Cal. Rules of Court, Rule 3.1385 requiring dismissal of the entire action within 45 days, the Court will automatically continue the CMC on its own motion, without the need for the Parties to appear, to a date after the 45-day period.  Failure to have disposed of the entire matter by the time required will result in the matter being set for an Order to Show Cause re Dismissal given the mandatory language of Cal. Rules of Court, Rule 3.1385.  Any other filing indicating settlement requires the appearance of the Parties at any previously scheduled CMC.

# SUPERIOR COURT OF CALIFORNIA COUNTY OF MERCED

## Alternative Dispute Resolution (ADR) Information Guide

Adapted by permission from the
Administrative Office of the Courts' publication:
**"Alternative Dispute Resolution, *Options for Resolving Your Dispute*"**

# ADR INFORMATION GUIDE

## There are Alternatives to Going to Trial

Did you know that most of all civil cases filed in court are resolved without going to trial? Many people use processes other than trial to resolve their disputes. These alternative processes, known as Alternative Dispute Resolution or ADR, are typically less formal and adversarial than trial, and many use a problem-solving approach to help the parties reach agreement.  Because of these potential advantages, it is worth considering using ADR early in a lawsuit, **or even before you file a lawsuit.**

## Potential Advantages of ADR

Here are some potential advantages of using ADR:

❖ **Saves Time and Money:** A dispute often can be settled or resolved much sooner with ADR, allowing parties to save money on attorney fees, court costs, and experts' fees.  An ADR fee of $300 to be shared by the Parties is charged by the Court for its Judicial Arbitration and Early Mediation Programs – this fee is not waived in cases involving successful Fee Waiver Applications.

❖ **Increases Control Over the Process and the Outcome**: In ADR, parties typically play a greater role in shaping both the process and its outcome. In ADR, parties have the opportunity to tell their side of the story just as they do at trial. Some ADR processes, such as mediation, allow the parties to fashion creative resolutions that may not be available in a trial. Other ADR processes, such as arbitration, allow the parties to choose a qualified person or expert in a particular field to decide the dispute.

❖ **Preserves Ongoing Relationships:** ADR can be a less adversarial way to resolve a dispute. For example, an experienced mediator can help the parties effectively communicate their needs and point of view to the other side. This can be an important advantage where the parties have a relationship to preserve.  For example, in cases involving business partners, family members or customer-vendor relationships.

❖ **Increases Satisfaction:** In a trial, there is typically a winner and a loser.  ADR can help the parties find win-win solutions and achieve their respective goals. This, along with other potential advantages of ADR, may increase the parties' overall satisfaction with both the dispute resolution process and the outcome.

❖ **Fosters Attorney-Client Relationships:** Parties and Attorneys may also benefit from ADR by exploring their roles as problem-solvers and counselors rather than merely acting as adversaries. Quick, cost-effective, and satisfying resolutions are likely to produce happier parties and stronger relationships with their attorneys.

# What are the ADR Options?

The most commonly used ADR processes are Mediation, Arbitration, Neutral Case Evaluation, and Settlement Conferences.

### ♦ Private Mediation

In mediation, an impartial person called a "mediator" helps the parties try to reach a mutually acceptable resolution of the dispute. The mediator does not decide the dispute but remains helps the parties communicate so they can settle the dispute themselves.  Mediation leaves control of the outcome with the parties.

Cases for Which Mediation May Be Appropriate: Mediation may be particularly useful when parties have a relationship they want to preserve. So when family members, neighbors, or business partners have a dispute, mediation may be the ADR process to use.  Mediation is also effective when emotions are getting in the way of resolution. An effective mediator can listen to the parties and help them communicate in an effective and non-confrontational manner.

### ♦ Private Arbitration

In arbitration, a neutral person called an "arbitrator" hears arguments and evidence from each side and then decides the outcome of the dispute. Arbitration is typically less formal than a trial, and the rules of evidence may be relaxed.

Arbitration may be either "binding" or "non-binding." Binding arbitration means that the parties waive their right to a trial and agree to accept the arbitrator's decision as final.  Non-binding arbitration means that the parties are free to request a trial if they reject the arbitrator's decision.  Arbitrations may be structured to set maximum and minimum awards, known as "High-Low Arbitrations".  This allows the plaintiff to have a guaranteed minimum recovery and the defendant to rely on a guaranteed absolute maximum exposure, regardless of how the arbitration unfolds.

Cases for Which Arbitration May Be Appropriate: Arbitration is best for cases where the parties want another person to decide the outcome of their dispute for them but would like to avoid the formality, time, and expense of a trial. It may also be appropriate for complex matters where the parties want a decision-maker who has training or experience in the subject matter of the dispute.

### ♦ Neutral Case Evaluation

In Neutral Case Evaluation, each party gets a chance to present the case to a neutral person called an "evaluator." The evaluator then gives an opinion on the strengths and weaknesses of each party's evidence and arguments and about how the dispute could be resolved.  Although the evaluator's opinion is not binding, the

parties typically use it as a basis for trying to negotiate a resolution of the dispute. Even if not successful in resolving the case, Neutral Case Evaluation can lead to use of other ADR procedures, such as arbitration or mediation, especially when undertaken early in the litigation.

<u>Cases for Which Neutral Case Evaluation May Be Appropriate</u>:
Neutral Case Evaluation is appropriate for most cases, and may be most useful in cases that involve technical issues that require special expertise to resolve or in cases that the only significant issue is the amount of damages.

### ♦ Settlement Conferences

In Settlement Conferences, the parties and their attorneys meet with the judge or a neutral person called a "settlement officer" to discuss possible settlement of their dispute. The judge or settlement officer does not make a decision in the case but assists the parties in evaluating the strengths and weaknesses of the case and in negotiating a settlement. Settlement Conferences are appropriate in any case where settlement is an option. Mandatory Settlement Conferences, ordered by the Court, are often held near the date a case is set for trial.

## ADR Programs Offered by Merced Superior Court

Merced Superior Court provides two forms of ADR programs through its Early Mediation Program (EMP) and its Judicial Arbitration Program, described below.

### ♦ Merced Superior Court's *Early Mediation Program* (EMP)

**Civil unlimited cases are generally assigned to the Early Mediation Program.** Merced Superior Court provides parties with an opportunity to mediate cases before extensive fees and costs are spent (see "Private Mediation" below, for a description of how Mediation works).  The EMP allows parties the opportunity to obtain the services of a mediator for only a $300 fee, to be shared by the parties. Because the parties have not generally committed extensive resources and time to a case at this early stage, resolution can be achieved at a lower cost and possibly with more satisfying results.  Early Mediation Program Forms are available at: <u>www.merced.courts.ca.gov</u>.  Here's how the EMP works:

- Civil Unlimited Cases are generally assigned to the Early Mediation Program, unless an opt-out form is <u>filed by any party</u> within 120 days from the filing of the Complaint.  **<u>Timely service of the Complaint (within 60 days of filing) is essential to comply with the Early Mediation Program requirements.</u>**

- The $300 EMP fee must be paid to the Civil Clerk's Office within 120 days of filing the lawsuit, and the Parties are to schedule Early Mediation <u>before the first CMC</u> (set approximately 150 days from the filing of the Complaint).

Plaintiff is to collect the EMP fee, to be shared equally by the Parties or as the Parties agree, and timely submit the entire amount to the Civil Clerk's Office.

- Parties then select a Mediator from Merced Superior Court's ADR Neutral List available on the Court's website.  Parties must notify the ADR Office immediately if a mediator cannot be agreed upon.  The ADR Office will then provide the parties with a mediator short list where each party may de-select a mediator and report back to the ADR Coordinator within 5 days.

- In preparation for the Early Mediation, Parties are to draft a Mediation Statement of <u>no more than 5 pages</u> outlining the Party's position including agreed to and disputed facts.  The Mediation Statement is to be sent to the mediator one (1) week before the Early Mediation (<u>do not file</u> with the Court).

- After the Early Mediation, Parties are to fill out a confidential Mediation Survey and send it to the ADR Office of the Court.

♦ **Merced Superior Court's *Judicial Arbitration Program***

Merced Superior Court provides parties with an opportunity to arbitrate their cases for a $300 fee before extensive fees and costs are spent.  This program is generally ordered in cases where the amount in controversy is equal or less than $50,000.  The Parties may agree to waive this cap and allow the possibility of a larger award.  The Parties may also agree to make the Arbitration Award binding, thereby eliminating the need of further litigation.  Otherwise, after Judicial Arbitration, the Parties receive an Award that they may accept or reject.

## Serving the ADR Information Packet

The ADR Information Packet, which is provided to all Plaintiffs initiating a lawsuit, consists of:

►The ADR Information Guide
►The ADR Stipulation Form

The Plaintiff must serve a copy of the ADR Packet on each Defendant with the Complaint.  Cross-Complainants must serve a copy of the ADR Packet on all new Cross-Defendants with the Cross-Complaint.  The ADR Information Packet is available in the Civil Clerk's Office or online at www.merced.courts.ca.org.

## Who You Can Call

For additional information, please contact the following:

►State Bar of California (415) 538-2000
►Calif. Dept. of Consumer Affairs, Consumer Info. Center, (800) 952-5210
►Merced Superior Court, ADR Office, (209) 725-4249
►Merced County Bar Association, (209) 722-8129
►Self Help Information on line: http://www.courtinfo.ca.gov/selfhelp

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, state bar number, and address) | FOR COURT USE ONLY |
|---|---|
| TELEPHONE NO.:                    FAX NO. (*Optional*):<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name):<br>**SUPERIOR COURT OF CALIFORNIA, COUNTY OF MERCED**<br>627 W. 21st Street<br>Merced, CA 95340<br>(209) 725-4111 | |
| PLAINTIFF/PETITIONER:<br><br>DEFENDANT/RESPONDENT: | |

| STIPULATION AND ORDER REFERRING MATTER TO ALTERNATIVE DISPUTE RESOLUTION | CASE NUMBER: |
|---|---|
| (Check one):   ☐ **UNLIMITED CASE**<br>(Amount demanded exceeds $25,000)   ☐ **LIMITED CASE**<br>(Amount demanded is $25,000 or less) | Assigned Judge:<br><br>Case Category (please circle):<br>I    II    III |

**THIS ADR STIPULATION IS TO BE FILED WITH THE COURT <u>WITHIN</u> <u>FIFTEEN</u> (15) <u>CALENDAR</u> <u>DAYS</u>**
**OF THE PARTIES' AGREEMENT TO PARTICIPATE IN ADR**

Pursuant to Cal. Rules of Court, Rule 3.221 and having met and conferred pursuant to Rules of Court, Rule 3.724, the parties hereby stipulate to refer the case to the following Alternate Dispute Resolution Process:

☐  Mediation                                    ☐  Neutral Case Evaluation

☐  Binding Private Arbitration           ☐  Private Settlement Conference

☐  Non-binding Private Arbitration    ☐  Early Mediation (fee: $300)*

The ADR process will be conducted by (name of individual):_____

Provider's Address: _____

Provider's Telephone: _____ Fax: _____ E-Mail:_____

The ADR process will be completed on, or before, (date):_____

The next Case Management Conference is scheduled for (date/time):_____

* Parties not already assigned to **<u>Early Mediation</u>** may execute and file this Stipulation as soon as the case is at issue.  Upon filing this Stipulation, an early Case Management Conference will be scheduled by the Court and the parties will have the opportunity to attempt settlement before extensive costs and fees are undertaken.  The fee for Early Mediation is $300, to be shared by the Parties and paid to the Court in full with the filing of this Stipulation.  The $300 fee is <u>not</u> waived for successful Fee Waiver Applicants.

---

[M-ADR2]  [Rev. 02/13]        STIPULATION AND ORDER REFERRING MATTER TO ADR        Pages 1 of 2

**EXHIBIT A**
**PAGE 119**

The Parties further stipulate and agree that:

1. All parties have reached agreement as to the payment of fees of the ADR provider;

2. All Parties have been served and submit to the jurisdiction of the Court;

3. All Parties have agreed to a specific discovery plan to make the ADR process meaningful;

4. Copies of this Stipulation and self-addressed stamped envelopes are provided to the Court for returning file-stamped copies to counsel and the parties **along with the $20.00 fee for filing a Stipulation with Order per *Govt. Code* §70617(c) (2)**;

5. Early Mediation fee of $300 total is submitted with this Stipulation (if applicable); and

6. All Parties are aware that a request for continuance of the ADR completion date established by this Stipulation and Order is discouraged, and the request may be denied by the Court.

..........................................................................
Type or print name of ☐ Party without attorney ☐ Attorney for ☐ Plaintiff/Petitioner ☐ Defendant/Respondent/Contestant

_____
**(Date and Sign)** Attorney or Party without attorney (Sign in blue ink)

..........................................................................
Type or print name of ☐ Party without attorney ☐ Attorney for ☐ Plaintiff/Petitioner ☐ Defendant/Respondent/Contestant

_____
**(Date and Sign)** Attorney or Party without attorney (Sign in blue ink)

..........................................................................
Type or print name of ☐ Party without attorney ☐ Attorney for ☐ Plaintiff/Petitioner ☐ Defendant/Respondent/Contestant

_____
**(Date and Sign)** Attorney or Party without attorney (Sign in blue ink)

..........................................................................
Type or print name of ☐ Party without attorney ☐ Attorney for ☐ Plaintiff/Petitioner ☐ Defendant/Respondent/Contestant

_____
**(Date and Sign)** Attorney or Party without attorney (Sign in blue ink)

☐ Additional signatures are attached

---

Pursuant to the Stipulation of the parties, the above case is ordered to ADR as described and agreed to above.  If applicable, an early Case Management Conference is set for _____.

Dated:_____

_____ ___
☐ **DONALD J. PROIETTI, JUDGE**
☐ **BRIAN L. McCABE, JUDGE**
☐ **JEANNE SCHECHTER, COMMISSIONER**
☐ **DAVID FOSTER, TEMPORARY JUDGE**
☐

---